# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States; WILLIAM LOTHROP, in his official capacity as Acting Director of the Federal Bureau of Prisons,<br><br>                Defendants. | Case No.: 1:25-cv-00286 |

**MEMORANDUM IN SUPPORT OF MOTION TO PARTIALLY SEAL COMPLAINT**

      Plaintiffs are incarcerated transgender women. They bring this action to challenge their imminent transfer from the women's correctional facilities where they are currently housed to men's correctional facilities, and the denial of the medical care necessary to treat their gender dysphoria. Both actions will result from the Federal Bureau of Prisons ("BOP")'s implementation of Executive Order 14166, issued by President Donald Trump on January 20, 2025 (the "Order" or "EO"). Plaintiffs bring this action against Acting Attorney General James R. McHenry III and Acting Director of the Bureau of Prisons William Lothrop (collectively, "Defendants") for violations of the Fifth Amendment to the United States Constitution; the Eighth Amendment to the United States Constitution; the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; and the Administrative Procedure Act, 5 U.S.C. §§ 701–06.

      This motion to partially seal documents relates to the Complaint, including Plaintiffs' addresses. Plaintiffs also move for a related protective order, as explained herein.

Plaintiffs seek to protect their privacy to avoid the grievous harassment, retaliation, and violence—including sexual violence—they would be likely to face from other incarcerated people and corrections officers if their identities were disclosed. There is tremendous social stigmatization associated with being transgender women in prison, especially as individuals standing up for their constitutional rights in the face of such stigma. Plaintiffs also seek to retain the privacy of their medical histories, diagnostic information, and medical treatment plans—as private information entitled to protection in its own right, and as personally identifying information that would expose them to risks of harm. Plaintiffs thus seek to seal information that would identify them and/or reveal private and sensitive information about them.

In addition, because it is possible to derive Plaintiffs' identities through other facts alleged or discussed in the papers filed herewith even if Plaintiffs use pseudonyms, Plaintiffs move for an order permitting them to make redactions to those facts so that their identities remain confidential.

For these reasons and the reasons set forth below, Plaintiffs seek leave to make necessary redactions in their filings of the Complaint; and for a protective order that will ensure that other parties exercise care in protecting Plaintiffs' identities.

## BACKGROUND

Plaintiffs rely upon and incorporate by reference their Complaint, which sets forth all relevant facts demonstrating their need to partially seal documents and redact certain identifying information. In brief summary, Plaintiffs have been diagnosed with gender dysphoria, a serious medical condition and disability which is characterized by significant distress and impairment that occurs when a transgender individual is made to live in their birth sex. Left untreated, gender dysphoria can cause debilitating and serious physical, psychological, and emotional

harms. To avoid these harms, transgender individuals such as Plaintiffs must be able to live in a different sex than their birth sex. That is the only medically accepted treatment for gender dysphoria. Plaintiffs have undergone this treatment for many years, have lived as women for many years, exhibit female secondary sex characteristics, and some have had surgery to change primary sex characteristics as well.

Despite the well-established treatment protocols for gender dysphoria, Defendants now seek to implement the EO to force Plaintiffs' transfers to men's correctional facilities and to terminate their long-established hormone therapy treatments in direct contravention of those treatment protocols. Adherence to the EO's requirements would subject Plaintiffs to humiliating and dangerous circumstances such as being exposed while bathing in view of male incarcerated persons, being prevented from wearing female garments and hairstyles, being addressed by and forced to use their former male names and pronouns that Plaintiffs have not used for a significant period of time, and potentially even being strip searched by male correctional officers.

If this conduct is permitted to occur, and Plaintiffs' medically necessary treatment for gender dysphoria is terminated, Plaintiffs will suffer potentially permanent physical and mental harm, including rapid hormonal changes, physical discomfort, loss of breast tissue, a return of male secondary sex characteristics, and an increased risk of suicidal ideation and attempts.

## LEGAL STANDARD

Judicial proceedings are presumptively open to the public, *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020). To determine whether the facts of a given case overcome that presumption, this Circuit uses the six factor test from *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). See *EEOC v. Nat'l Children's Ctr., Inc*., 98 F.3d 1406, 1409 (D.C. Cir. 1996). "[T]he '*Hubbard* test' has consistently served as [the] lodestar for evaluating motions to

seal or unseal judicial records 'because it ensures that we fully account for the various public and private interests at stake.'" *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (citing *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017)).  The factors are the following: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

## ARGUMENT

While a presumption exists that the public should have access to judicial records, a court may seal records when "[t]he district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *Metlife, Inc.*, 865 F.3d at 665–66 (citing *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)).  Plaintiffs' compelling privacy interests in their personal medical information, central to the claims in this case, justify partially sealing records and allowing redactions in the interest of justice.  The *Hubbard* factors direct this outcome.

First, there is no need for public access to documents regarding Plaintiffs' sensitive medical information.  The information Plaintiffs seek to have sealed and redacted does not involve any of the types of information that *Hubbard* noted might favor public access.  *See Hubbard*, 650 F.2d at 317 (noting that in an appeal arising out of a criminal trial, information central to suppression motions and the verdict would enjoy a presumption in favor of public

access). To the contrary, Plaintiffs' medical records and related documents are entitled to constitutional privacy protections. *See id.* at 304-06 & n.38 (citing cases regarding private medical information); *U.S. v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) ("There can be no question that . . . medical records, which may contain intimate facts of a personal nature, are well within the ambit of material entitled to privacy protection."). Second, the public has never previously had access to Plaintiffs' medical records and other sensitive private information. So, while "[p]revious access is a factor which may weigh in favor of subsequent access," *Hubbard*, 650 F.2d at 318, the factor is not relevant where, as here, there was no previous public access. The third factor looks to whether anyone objects to the disclosure of information and the identity of those objectors. Plaintiffs lodge strong objections to disclosure of their highly sensitive medical information. They have not waived any objections as they make them preemptively in the first instance, alongside filing of the Complaint. *See id. Cf. U.S. Testing Co. v. N.L.R.B.*, 160 F.3d 14, 21 (D.C. Cir. 1998).

The fourth factor considers the strength of the property and privacy interests asserted by Plaintiffs. Plaintiffs have extremely strong privacy interests in their medical information. *See Hubbard*, 650 F.2d at 304-06 & n.38. Sealing also would protect Plaintiffs' interests in their safety and well-being, which are already precarious as transgender women in prison. Federal regulations recognize transgender status as a risk factor for sexual assault. *See* 28 C.F.R. §§ 115.41(d)(7), 115.42. That regulation is in line with statistics showing that incarcerated transgender people experience disproportionately high rates of harassment and violence. *See* U.S. Dep't of Just. Off. of Just. Programs, *Sexual Victimization in Prisons and Jails Reported by Inmates, 2011–12* (2014), https://www.ojp.gov/library/publications/sexual-victimization-prisons-and-jails-reported-inmates-2011-12 (estimating that 35% of transgender inmates in state and

federal prisons were sexually assaulted between 2007 and 2012). Plaintiffs' interest in the privacy of their information and in their own safety and security is stronger still in the current climate of heightened animosity toward transgender individuals in the public sphere. In order to protect Plaintiffs from potential harassment and violence, and to protect the privacy of their medical history, diagnostic information, and medical treatment plans, information contained in the Complaint must be sealed.

When considering the fifth factor, "the possibility of prejudice to the [the party seeking to seal] by sensational disclosure is a factor which may weigh in favor of denying immediate public access." *Hubbard*, 650 F.2d at 320-321. As explained, Plaintiffs face extreme prejudice and risks of physical harm if identifying information through these filings were disclosed. Finally, the sixth factor looks to the purpose for which the documents were introduced. *Hubbard* considered information introduced by a criminal defendant to support an assertion that a search and seizure was overbroad. The court noted, "[I]t would be ironic indeed if one who contests the lawfulness of a search and seizure were always required to acquiesce in a substantial invasion of those interests simply to vindicate them." *Id.* at 321. Similarly here, Plaintiffs are filing suit to preserve the status quo and prevent the risk of grievous harm they would be subject to endure if forced to live in a men's facility where they would likely face harassment and violence because they would be known to be transgender. Justice would not be served by forcing their transgender status, the very feature of their identity that subjects them to potential harm, to be publicly disclosed to all the world.

The *Hubbard* factors, as a whole, weigh in favor of sealing information contained in the Complaint. Because the facilities Plaintiffs have been held in house a limited number of incarcerated transgender women, their identities could be easily ascertained if those facilities

were made public. Biographical details such as Plaintiffs' age, place of residence, current and former names, dates of birth, and school experiences would provide an easy means of identifying them with minimal research or by people within their communities. And of course, all details of Plaintiffs' medical records, treatments, and specific physical and mental health diagnoses, including those outside of their diagnoses of gender dysphoria, could easily identify Plaintiffs to anyone aware of their composite medical diagnoses. These categories of information must be redacted and sealed in order to protect Plaintiffs from the harms of publicizing their identities.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court (1) grant their motion to partially seal the Complaint, including their addresses; and (2) enter a protective order that: (a) prohibits Defendants from disclosing Plaintiffs' identities to any third party unless such disclosure is necessary to defend against this action; and (b) requires all parties, including any third parties, that file a document identifying Plaintiff to redact all personally identifying information, including but not limited to the following: (i) all information listed in Federal Rule of Civil Procedure 5.2, (ii) Plaintiffs' biographical details, including but not limited to their ages, places of residence, current and former names, dates of birth, and school experiences, (iii) Plaintiffs' criminal histories, including the crimes they were convicted of, quotes from their sentencing judges, their terms of incarceration, disciplinary records, and rehabilitation activities, (iii) all details of Plaintiff's medical history, records, treatments, and specific physical and mental health diagnoses, including those outside of their gender dysphoria, and (iv) any other information that could identify Plaintiffs to the public.

Dated:  January 30, 2025

Respectfully submitted,

*[signature: Eve L. Hill]*

Eve L. Hill (Bar No. 424896)
ehill@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

Christopher Stoll (*pro hac vice* to be submitted)
Amy Whelan (*pro hac vice* to be submitted)
CStoll@nclrights.org
AWhelan@nclrights.org
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel: (415) 365-1338
Fax: (415) 392-8442

Ernest Galvan (*pro hac vice* to be submitted)
Kara J. Janssen (*pro hac vice* to be submitted)
Adrienne Spiegel (*pro hac vice* to be submitted)
Ben Hattem (*pro hac vice* to be submitted)
EGalvan@rbgg.com
KJanssen@rbgg.com
ASpiegel@rbgg.com
BHattem@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830

Jennifer L. Levi
Sarah Austin
**GLBTQ Legal Advocates & Defenders**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

*Attorneys for Plaintiffs*

8