UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>JAMES R. MCHENRY III, *in his official capacity as* Acting Attorney General of the United States; WILLIAM LOTHROP, *in his official capacity as* Acting Director of the Federal Bureau of Prisons,<br><br>             Defendants. | Case No.: 1:25-cv-00286 |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM**

**INTRODUCTION**

Plaintiffs are incarcerated transgender women. They bring this action to challenge their imminent transfer from the women's correctional facilities where they are currently housed to men's correctional facilities, and the denial of the medical care necessary to treat their gender dysphoria. Both actions will result from the Federal Bureau of Prisons ("BOP")'s implementation of Executive Order 14166, issued by President Donald Trump on January 20, 2025 (the "Order" or "EO"). Plaintiffs bring this action against Acting Attorney General James R. McHenry III and Acting Director of the Bureau of Prisons William Lothrop (collectively, "Defendants") for violations of the Fifth Amendment to the United States Constitution; the Eighth Amendment to the United States Constitution; the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; and the Administrative Procedure Act, 5 U.S.C. §§ 701–06.

Contemporaneous with the filing of the Complaint, Plaintiffs filed an emergency motion asking the Court to issue a temporary restraining order (TRO) and/or a preliminary injunction prohibiting Defendants and their officers, employees, servants, agents, appointees, and successors from enforcing Sections 4(a) and 4(c) of Executive Order 14166.  This motion to proceed under pseudonym relates to the Complaint and the documents filed in support of the emergency motion for a TRO and preliminary injunction.

Plaintiffs seek to protect their privacy to avoid the grievous harassment, retaliation, and violence—including sexual violence—they would be likely to face from other incarcerated people and corrections officers if their identities were disclosed.  There is tremendous social stigmatization associated with being transgender women in prison, especially as individuals standing up for their constitutional rights in the face of such stigma.  Plaintiffs thus seek to proceed under pseudonyms to avoid potential harassment and violence that could flow from disclosure of their identities.

**LEGAL STANDARD**

Judicial proceedings are presumptively open to the public, *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020); however, district courts regularly exercise their discretion to permit parties to litigate matters pseudonymously, *see Chang v. Republic of S. Sudan*, 548 F. Supp. 3d 34, 37 (D.D.C. 2021).  The individuals seeking to proceed under a pseudonym must show a concrete need for doing so, at which point the D.C. Circuit balances "the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 971 F.3d at 326.  To make its determination, the court must weigh the following factors: 1) whether the asserted justification is to avoid the annoyance associated with litigation or to preserve privacy in a sensitive and highly personal matter, 2) whether identification poses a risk of retaliatory

physical or mental harm to the requesting party or to third parties, 3) the ages of the persons seeking anonymity, 4) whether the action is against a governmental or private party, and 5) the risk of unfairness to the opposing party.  *Id.*  The party seeking to proceed under a pseudonym bears the burden of proof.  *Id*.

**ARGUMENT**

Plaintiffs should be permitted to proceed under pseudonyms.  Theirs is precisely the type of case that warrants an exception to the general rule favoring public disclosure.  The D.C. Circuit has emphasized that the first factor—whether the litigation concerns a sensitive or highly personal matter—"commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." *In re Sealed Case*, 971 F.3d at 327.  Plaintiffs' medical diagnoses of gender dysphoria, bodily autonomy, medical treatment, and medical and mental health histories are central to this case.  Plaintiffs' dysphoria diagnoses and the looming withdrawal of vital medical treatments for them are the very reasons they have initiated this suit.  Prosecuting their rights through this case will require delving into their privacy in matters of a sensitive and highly personal nature.

District courts considering similar facts regularly allow plaintiffs to proceed pseudonymously in recognition of the sensitive and highly personal nature of a person's status as transgender. *See, e.g.*, *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing pseudonym in recognition of privacy concerns related to exposure of plaintiff's sexual orientation); *Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981) (recognizing social stigma and threat of physical harm warrants pseudonymity especially in cases concerning "abortion, mental illness, personal safety, homosexuality, transsexuality . . . "); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) ("As a transsexual, plaintiff's privacy interest is

both precious and fragile, and this Court will not cavalierly permit its invasion."). In *Blue Cross & Blue Shield*, the plaintiff sought to proceed anonymously in his action to recoup medical expenses incurred from his "sex change" procedure. 794 F. Supp. at 72. The plaintiff argued that he needed to litigate under a fictitious name in order to avoid stigmatization, protect his privacy, and "insulate himself from harassment that could result from his public identification" as a transgender person. *Id.* The court granted the motion, noting the "highly sensitive and personal nature" of the facts relating to the claim. *Id.* at 73. Similarly, a transgender student's suit against the federal Department of Education was permitted to proceed anonymously because the plaintiff otherwise "would be required to disclose information of the utmost intimacy throughout the course of litigation." *Bd. of Educ. of the Highland Local Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016). In making its decision, the court noted that other courts allowed transgender plaintiffs, including transgender adults, to proceed anonymously due to the social stigma associated with being transgender. *Id.* As in those cases, so here Plaintiffs are entitled to proceed anonymously given that the litigation will likely concern intimate details about their bodies, their medical and mental health diagnoses, and past and current medical treatments.

  For similar reasons, the second factor also weighs heavily in favor of allowing Plaintiffs to proceed under a pseudonym. Identifying plaintiffs publicly would subject them to immediate and serious risks of retaliatory physical and psychological harm. As transgender women in federal prisons, Plaintiffs are already at a heightened risk of experiencing violence and assault. Federal regulations recognize transgender status as a risk factor for sexual assault. *See* 28 C.F.R. §§ 115.41(d)(7), 115.42. These regulations are consistent with statistics showing that incarcerated transgender people experience disproportionately high rates of harassment and

violence.  *See* U.S. Dep't of Just. Off. of Just. Programs, *Sexual Victimization in Prisons and Jails Reported by Inmates, 2011–12* (2014), https://www.ojp.gov/library/publications/sexual-victimization-prisons-and-jails-reported-inmates-2011-12.  If the public, both within the correctional facility and outside it, were to learn the identities of Plaintiffs, as transgender women who filed a suit alleging discrimination, Plaintiffs would face a heightened risk of harassment, potential retaliation, and physical and sexual violence.

In addition, given the politically and socially disfavored status of transgender people in American society, especially in the current challenging political climate, a lack of anonymity in this case would be likely to chill other transgender litigants, incarcerated or not, from filing similar suits challenging violations of their constitutional and statutory rights.  The First Circuit has explained that "deterrence concerns typically arise[] in cases involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors.'" *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022) (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)).  To prosecute their claims in cases such as this, transgender litigants are required to disclose numerous private details regarding their bodily autonomy, as well as sensitive medical histories and treatments. If those litigants are forced to associate their names with such sensitive personal information, many potential litigants will be discouraged from vindicating their rights.  Denial of permission to proceed under a pseudonym in this case would deter countless transgender individuals from seeking redress via litigation.

The third factor of age "is not relevant because the privacy interests of minors are not implicated." *Doe v. Garland*, No. 1:21-MC-00044, 2021 WL 3622425, at *3 (D.D.C. Apr. 28, 2021).  The fourth factor asks who the defendant is.  Suits against the government rather than a private entity, the fourth factor, raise a "heightened public interest," *In re Sealed Case*, 971 F.3d

5

at 329, but that interest is diminished when "plaintiffs seek to vindicate only their own rights, and anonymity appears to be necessary to provide them the opportunity to vindicate those rights." *Chang*, 548 F. Supp. 3d at 38.  Just so here, where anonymity is necessary, given the serious risks of harm Plaintiffs face, for them to prosecute their case and vindicate their rights.  As in *Chang*, then, "the fact that this suit is against a government is neutral." *Id.*  When the third and fourth factors are neutral, if the remaining factors are in the plaintiff's favor, then a plaintiff meets "'the weighty burden' of 'demonstrating a concrete need'" for pseudonymity.  *Doe v. Fed. Republic of Germ*any, 680 F. Supp. 3d 1, 6 (D.D.C. 2023), *reconsideration denied*, No. CV 23-1782 (JEB), 2023 WL 4744175 (D.D.C. July 21, 2023).  The fifth factor weighs in Plaintiffs' favor because allowing the suit to proceed anonymously would not prejudice Defendants, as Defendants are aware of Plaintiffs' identities.  *See id.*; *Free Speech v. Reno*, NO. 98-cv-2680, 1999 WL 47310, at *2 (S.D.N.Y. Feb. 1, 1999) (stating that governmental entities are generally not prejudiced when plaintiffs proceed anonymously).

Ultimately, the court's "balancing test is necessarily flexible and fact driven." *In re Sealed Case*, 971 F.3d at 326.  The third factor is not relevant here and the fourth factor is neutral.  The remaining factors all weigh heavily in favor of allowing Plaintiffs to proceed under pseudonyms.  Any interests Defendants have in proceeding publicly are undoubtedly outweighed by Plaintiffs' interests in protecting their health and safety.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to proceed under pseudonyms.

Dated:  January 30, 2025

Eve L. Hill (Bar No. 424896)
ehill@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

Christopher Stoll (*pro hac vice* to be submitted)
Amy Whelan (*pro hac vice* to be submitted)
CStoll@nclrights.org
AWhelan@nclrights.org
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel: (415) 365-1338
Fax: (415) 392-8442

Ernest Galvan (*pro hac vice* to be submitted)
Kara J. Janssen (*pro hac vice* to be submitted)
Adrienne Spiegel (*pro hac vice* to be submitted)
Ben Hattem (*pro hac vice* to be submitted)
EGalvan@rbgg.com
KJanssen@rbgg.com
ASpiegel@rbgg.com
BHattem@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830

Jennifer L. Levi
Sarah Austin
**GLBTQ Legal Advocates & Defenders**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

*Attorneys for Plaintiffs*