UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES R. MCHENRY III, *et al.*, <br><br> Defendants. | Civil Action No. 25-286 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Hours after his inauguration, President Donald J. Trump signed an Executive Order entitled, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." That order, as relevant here, mandates the transfer of transgender women incarcerated in federal prison to men's facilities and prohibits the expenditure of federal funds "for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." Exec. Order No. 14,166, § 4(c) (Jan. 20, 2025); see id., § 4(a). Plaintiffs are three transgender women currently incarcerated in women's facilities run by the federal Bureau of Prisons. See ECF No. 1 (Compl.), ¶¶ 2–12. They have brought suit to enjoin operation of the order, arguing that it violates the Fifth and Eighth Amendments to the Constitution, the Rehabilitation Act of 1973, and the Administrative Procedure Act. Id. at p. 21 & ¶ 14. They have also filed separate Motions to Proceed under Pseudonyms and to Proceed Partially Under Seal, citing various safety and privacy concerns. See ECF Nos. 2-1 (Sealing Mot.); 3-1 (Pseudo. Mot.). The Court will largely grant the Motions, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See

1

LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a plaintiff filing a civil complaint must file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

Complaints must also generally identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need

for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.   Analysis**

The Court separately addresses sealing and pseudonymity.

**A.   Sealing**

Plaintiffs here do not seek to seal the entire suit; instead, they ask to seal only limited information that could help identify them. The Court holds that they have met their burden to overcome the presumption in favor of public access to court records. It will address each Hubbard factor in turn.

The first, "the need for public access to the documents at issue," weighs slightly in favor of sealing. To start, the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All Assets Held at Bank Julius Baer &

Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409), even though this civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest. See Hubbard, 650 F.2d at 317; Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation. Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (citation omitted). The Complaint also implicates a policy adopted by the new presidential administration touching on a topic of intense public controversy, which argues in favor of disclosure. The redacted portions of the Complaint, however, are not critical in aiding the public's understanding of the allegations made; indeed, Plaintiffs propose only very limited redactions, which serve merely to obscure information that could be used to identify them. See Sealing Mot. at 2 ("Plaintiffs thus seek to seal information that would identify them and/or reveal private and sensitive information about them"); e.g., Compl., ¶¶ 18–20, 28–29. Assuming that similar redactions are made to their Motion for a Temporary Restraining Order, this more "targeted" request tips this factor in favor of sealing. Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

      The second factor similarly counsels in favor of sealing. In assessing this factor, the court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). There is no doubt that the public has access to the overall subject of this suit — namely, constitutional and statutory challenges brought by federal prison inmates to President Trump's recent executive order on "gender ideology." Plaintiffs, after all, have filed a redacted Complaint on the public docket. To the Court's knowledge, by contrast, the public has never had

access to the information hiding beneath current redactions. See Sealing Mot. at 4 ("[T]he public has never previously had access to Plaintiffs' medical records and other sensitive private information."). This factor thus weighs in favor of sealing, too.

The third factor follows suit. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been lodged.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," weighs strongly in favor of sealing. Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Hubbard itself contemplated that "[v]alid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives, sexual or otherwise." Hubbard, 650 F.2d at 324. Plaintiffs seek to seal information that personally identifies them, thus revealing details of their medical diagnoses and gender identities. See Sealing Mot. at 5–6. District courts here regularly permit parties to proceed under a pseudonym in such circumstances, see, e.g., V.C. v. Dist. of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 3 (D.D.C. Apr. 27, 2023); Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023), and those reasons weigh heavily in favor of sealing here, too.

The fifth factor, which considers whether disclosure will prejudice the party seeking the seal, is neutral here. Plaintiffs mistakenly suggest that "prejudice" here is a synonym for a general measure of "harm." See Sealing Mot. at 6 ("As explained, Plaintiffs face extreme prejudice and risks of physical harm if identifying information through these filings were disclosed.") But the appropriate analysis is whether they would be legally prejudiced by disclosure. See All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 85 ("The possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in

future litigation to the party seeking the seal.'") (quoting United States *ex rel*. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)). As Plaintiffs have identified no such prejudice, this factor does not support sealing.

The sixth and final factor concerns "the purposes for which the documents were introduced." Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Disclosure is the norm where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (alteration in original) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Where a party seeks to seal only limited portions of the pleadings that are not at issue in the case, however, this factor can favor sealing. See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records] if they are not relevant to the claims.'") (quoting Durham, 818 F. Supp. 2d at 69). Here, the sixth factor thus weighs in favor of sealing.

At the end of the day, the Hubbard factors favor sealing. The Court will thus grant Plaintiffs' request to seal limited portions of the Motion for a Temporary Restraining Order and associated documents. Although they have not moved to seal their Complaint, they have already filed a redacted Complaint on the public docket, and the Court will grant them leave to retain it there. To the extent that Plaintiffs wish to seal the entire TRO application, that request is denied.

B.    Pseudonymity

Plaintiffs have also met their burden to show that their privacy and safety interests outweigh the public's presumptive and substantial interest in learning their identities.

First, as the Complaint makes clear, Plaintiffs do not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve

privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Our Circuit has held that a sensitive or highly personal matter "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." In re Sealed Case, 971 F.3d at 327 (medical information is considered sensitive and highly personal information); see also Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The . . . medical histories of plaintiffs . . . are paradigmatically sensitive and highly personal.") (quotation marks omitted).  Plaintiffs state that their "medical diagnoses of gender dysphoria, bodily autonomy, medical treatment, and medical and mental health histories" are integral to this case.  See Pseudo. Mot. at 3; see also Compl. at ¶¶ 2, 6, 9 ("Jane is diagnosed with gender dysphoria, a rare but serious medical condition and disability . . . . Plaintiff Mary Doe is a transgender woman who is . . . diagnosed with gender dysphoria. . . . Plaintiff Sara Doe is a transgender woman who is . . . diagnosed with gender dysphoria.").  This factor thus weighs in favor of granting the Motion.

      The second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiffs also favors proceeding under a pseudonym.  See In re Sealed Case, 971 F.3d at 326 (citation omitted).  Plaintiffs assert that transgender status is recognized as being a risk factor for sexual assault, regardless of whether a person is incarcerated.  See Pseudo. Mot. at 4–5 (citing 20 C.F.R. §§ 115.41(d)(7), 115.42).  They continue that in federal prison, they are at an even higher risk of experiencing sexual violence and harassment if their status becomes public knowledge. See id.  To be sure, they do not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [these] concerns unsupported and unwarranted."

Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023).  At this stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Plaintiffs' names in connection with this litigation would subject them to a "heightened risk of experiencing violence and assault."  See Pseudo. Mot. at 4.  This factor therefore supports granting the Motion.

The third factor cuts the other way, as Plaintiffs concede.  See id.  Plaintiffs are not minors and do not allege that disclosure of their identities would affect the safety or welfare of any minor.  See In re Sealed Case, 971 F.3d at 326.

The fourth factor is neutral.  Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'"  J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same).  Analysis of this factor, however, also involves evaluating whether Plaintiffs are requesting individual relief.  See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").  In this case, Plaintiffs request a preliminary and permanent injunction prohibiting Defendants from implementing parts of Executive Order 14,166, which would provide more than individualized relief.  See Compl. at 21.  This factor is thus neutral.

The fifth and final factor lends further support to Plaintiff's Motion. The Government would suffer no unfairness if the Motion were granted because it is already aware of Plaintiffs' identities. See Pseudo. Mot. at 6; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity). Upon the filing of the pseudonymous Complaint, Defendants will remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiffs will remain free to object.

In sum, although the third factor weighs against granting the Motion and the fourth factor is neutral, the remaining factors favor permitting Plaintiff to proceed under a pseudonym at this stage.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Seal and [3] Motion to Proceed Under Pseudonyms are GRANTED IN PART and DENIED IN PART;
2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;
3. Plaintiffs' [1] redacted Complaint shall remain on the public docket;
4. Their [5] unredacted TRO Motion shall remain under seal for now; and
5. Within five days of this Order, Plaintiffs shall file on the public docket:
    a. A redacted version of their [5] Motion for a Temporary Restraining Order and Preliminary Injunction and associated documents;
    b. An unredacted version of their Complaint, filed under seal; and
    c. A declaration containing their real names and residential addresses, filed under seal.

<u>/s/ *James E. Boasberg*</u>  
JAMES E. BOASBERG  
Chief Judge

Date: <u>January 31, 2025</u>