UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE; MARY DOE; SARA DOE,<br><br>           Plaintiffs,<br><br>v.<br><br>JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States; and WILLIAM LOTHROP, in his official capacity as Acting Director of the Federal Bureau of Prisons,<br><br>           Defendants. | Case No.: 1:25-cv-00286-RCL |

## COMPLAINT

1. This Action is a federal statutory and constitutional challenge to Sections 4(a) and 4(c) of Executive Order 14168, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," (the "Order") which President Donald Trump issued just hours after his inauguration on January 20, 2025. The Order directly targets transgender individuals by attempting to strip them of established legal protections. Under Sections 4(a) and 4(c) of the Order, all transgender women who are incarcerated in federal prisons will be transferred to men's facilities, regardless of safety concerns, and all transgender people who are incarcerated in federal prisons will be denied medically necessary healthcare for gender dysphoria.

2. Plaintiff Jane Doe is a transgender woman incarcerated in a federal ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for women located in ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ Jane is diagnosed with gender dysphoria, a rare but serious medical condition and disability. The medical standard of care for treatment of gender dysphoria is to allow a

13. In addition to facing immediate transfers to men's facilities, Plaintiffs are at imminent risk of losing access to the medical care they each need to treat their gender dysphoria. Executive Order 14168 singles out transgender people to deny them essential healthcare, including medications that BOP may continue to provide to non-transgender people. The Order categorically bans transgender healthcare regardless of medical necessity. It prohibits prison medical providers from treating transgender patients' gender dysphoria on an individual basis according to independent medical judgment. This blanket ban will deprive Plaintiffs of essential treatment, putting them at high risk of serious harm.

14. Plaintiffs bring claims for violations of the Fifth Amendment to the United States Constitution; the Eighth Amendment to the United States Constitution; the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; and the Administrative Procedure Act, 5 U.S.C. §§ 701–06. Plaintiffs seek declaratory and injunctive relief to enjoin enforcement of Sections 4(a) and 4(c) of Executive Order 14168. Without the injunctive relief sought, Plaintiffs will experience irreparable injury.

## JURISDICTION AND VENUE

15. This action arises under the Constitution and statutes of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

16. This Court has authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 57 and 65, and this Court's inherent equitable powers.

17. Venue is proper in this district under 28 U.S.C. § 1391(e)(1) because the Defendants are domiciled in this district.

## PARTIES

18. Plaintiff Jane Doe is a transgender adult woman. She is incarcerated in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Jane Doe is a pseudonym.

19. Plaintiff Mary Doe is a transgender adult woman. She is incarcerated in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mary Doe is a pseudonym.

20. Plaintiff Sara Doe is a transgender woman. She is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Sara Doe is a pseudonym.

21. Defendant James R. McHenry III is sued in his official capacity as Acting Attorney General of the United States. The Acting Attorney General oversees the Department of Justice, including the Federal Bureau of Prisons (BOP), and has responsibility for overseeing the enforcement and implementation of Sections 4(a) and 4(c) of Executive Order 14168 with respect to the Bureau of Prisons.

22. Defendant William Lothrop is sued in his official capacity as Acting Director of the Federal Bureau of Prisons. The Acting Director of BOP has responsibility for overseeing enforcement and implementation of Executive Order 14168 by all BOP staff.

## FACTS

### Plaintiffs' Sudden and Unjustified Removal from General Population and Risk of Transfer to a Men's Facility

23. BOP maintains separate housing facilities for men and women. Before January 20, 2025, BOP applied an individualized assessment process to determine appropriate housing for transgender women, consistent with the safety and security of all individuals and pursuant to the federal Prison Rape Elimination Act (PREA) and its implementing regulations. Based on

37. The only current, medically accepted treatment for gender dysphoria is to enable a transgender person to live in the sex different than their birth sex.

38. The medical and scientific community recognize well-established protocols for supporting a person to go through gender transition, the treatment that allows a transgender person to live in their target sex. These protocols are endorsed by the major medical and mental health associations in the United States, including but not limited to the American Medical Association, the American Psychiatric Association, the American Psychological Association, and the Endocrine Society.

39. Under these accepted protocols, treatment for gender dysphoria can involve any combination of social transition, medications, including hormones, and a range of surgeries. The treatment prescribed for a particular patient depends on an individualized assessment of the patient's health and needs. Gender transition care, including hormone therapy, is a highly effective treatment for gender dysphoria.

## Executive Order 14168 Will Cause Plaintiffs Irreparable Injury

40. Executive Order 14168 began causing harm to Plaintiffs almost immediately. As a result of the Order, they have already suffered significant distress. The Order also raises serious concerns for their safety and well-being going forward.

41. Section 2 of the Order includes a definition of "sex" that is intentionally designed to discriminate against transgender people. Specifically, Section 2 of the Order defines "sex" as "an individual's immutable biological classification as either male or female." In turn, it defines "male" as "a person belonging, at conception, to the sex that produces the small reproductive cell," and "female" as "a person belonging, at conception to the sex that produces the large reproductive cell." It includes these definitions to preclude transgender people from being able to live in a sex different than their birth sex and to deny them equal treatment.

### Executive Order 14168 Facially Classifies Based on Sex and Transgender Status and Was Motivated By Discriminatory Animus

48. Executive Order 14168 classifies individuals on the basis of sex and transgender status. It was motivated by a sex-based discriminatory purpose and animus against transgender people.

49. President Trump has been transparent about his hostility toward transgender people and openly stated his intentions to create legal obstacles to eliminate legal protections for transgender people and to deter them from obtaining medical care or being able to live in a sex other than their birth sex. On November 15, 2022, when he announced his candidacy for President, he explicitly promised to target transgender Americans through executive action.[6] He pledged a "day one" executive order to "cease all programs that promote the concept of sex and gender transition at any age."[7]

50. Throughout his campaign, President Trump repeatedly characterized transgender Americans in dehumanizing terms, referring to them as "deranged,"[8] and victims of "madness"[9]

---

[6] ABC Action News, *(Full Speech) Former President Trump announces 2024 presidential bid* at 48:40-49:13, YouTube (Nov. 15, 2022), https://www.youtube.com/watch?v=8tSYwJ1_htE; *id.* at 50:39-53 (suggesting he would attempt to ban transgender people from military service).

[7] *President Trump's Plan to Protect Children from Left-Wing Gender Insanity*, Trump Vance: Make America Great Again! 2025 (Feb. 1, 2023), https://www.donaldjtrump.com/agenda47/president-trumps-plan-to-protect-children-from-left-wing-gender-insanity.

[8] Gabriel Bertrand, *Trump's Shocking Admission Exposes GOP's Bigoted Agenda*, Medium (June 17, 2023), https://medium.com/illumination/trumps-shocking-admission-exposes-gop-s-bigoted-agenda-e981becb2c5f.

[9] *President Trump's Plan to Protect Children from Left-Wing Gender Insanity*, *supra* note 7.

[his] pen on day one," he would "stop the transgender lunacy" and "get transgender out of the military and out of our elementary schools and middle schools and high schools."[15]

54. Executive Order 14168, issued on President's Trump's first day in office, implements these campaign promises, demonstrating that the discriminatory animus expressed throughout his campaign was the driving force behind the Order's restrictions on incarcerated transgender people for medical care and housing.

55. The timing, content, and context of Executive Order 14168 demonstrate it was motivated by and implements the same discriminatory animus President Trump repeatedly expressed during his campaign, rather than any legitimate government purpose.

## CLAIMS FOR RELIEF

## COUNT I

**Challenge to Sections 4(a) and 4(c)**
**Fifth Amendment to the United States Constitution**
**Due Process Clause - Deprivation of Equal Protection of the Laws**
**Against All Defendants in Their Official Capacities**

56. Plaintiffs incorporate all preceding paragraphs of the Complaint as though fully set forth herein.

57. Like the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment prohibits unwarranted discrimination by the federal government.

58. Sections 4(a) and 4(c) unjustifiably discriminate based on sex. They are facial sex classifications and use individuals' birth sex to determine their housing placements and available medical care. Section 4(a) compels the BOP to exclude "males" from "women's prisons."

---

[15] Azcentral.com and The Arizona Republic, *Turning Point USA Donald Trump full speech: The 'golden age of America' begins now, says Trump*, YouTube (Dec. 23, 2024), https://www.youtube.com/watch?v=XuIeXJw6BA8, at 57:02-24.

13

63. There is no legitimate penological purpose or other legitimate basis for Section 4(a)'s dangerous transfer requirement or Section 4(c)'s categorical healthcare ban.

64. Neither Section 4(a) nor Section 4(c) is narrowly tailored to further a compelling government interest or substantially related to an important government interest. Sections 4(a) and 4(c) are not even rationally related to a government interest. Accordingly, these aspects of Executive Order 14168 violate the Fifth Amendment.

65. Finally, Sections 4(a) and 4(c) are motivated by discriminatory animus and are unconstitutional under any level of scrutiny.

66. If Section 4(a) and 4(c) are implemented, Plaintiffs will suffer irreparable injury, including serious physical, psychological and emotional harm, mental anguish, distress, humiliation, and indignity.

## COUNT II

**Challenge to Section 4(a)**
**Eighth Amendment to the United States Constitution**
**Failure to Protect**
**Against All Defendants in Their Official Capacities**

67. Plaintiff incorporates all preceding paragraphs of the Complaint as though fully set forth herein.

68. Under the Eighth Amendment, Plaintiffs are entitled to be free from a known and substantial risk of serious harm while in BOP custody.

69. Transferring Plaintiffs to men's prisons will pose a substantial risk of serious harm, including an extremely high risk of violence and sexual assault from other incarcerated people and BOP staff. In a men's prison, Plaintiffs will also be at high risk of worsening gender dysphoria exacerbated by a lack of medical care, which can lead to serious physical and mental

15

amendment to 28 C.F.R. §§ 115.41–42 was made without observance of procedure required by law.

97. Defendant Lothrop's decision to transfer Plaintiffs without conducting an individualized assessment of all relevant circumstances, including their safety, was made without observance of procedure required by law.

98. If Sections 4(a) and 4(c) are implemented, Plaintiffs will suffer irreparable injury, including serious physical, psychological and emotional harm, mental anguish, distress, humiliation, and indignity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(1) Issue a judgment under 28 U.S.C. §§ 2201–02 declaring that Sections 4(a) and 4(c) of Executive Order 14168 violate Plaintiffs' rights under the Fifth and Eighth Amendments to the United States Constitution, the Rehabilitation Act of 1973, and the Administrative Procedure Act for the reasons and on the Counts set forth above;

(2) Enter a preliminary and permanent injunction prohibiting Defendants and their officers, employees, servants, agents, appointees, and successors from implementing Sections 4(a) and 4(c) of Executive Order 14168, and requiring Defendants to maintain Plaintiffs' housing and medical treatment consistent with the status quo before January 20, 2025;

(3) Award Plaintiffs damages, as well as their costs, expenses, and reasonable attorneys' fees pursuant to 28 U.S.C. § 2412, 42 U.S.C. § 12205, and other applicable laws; and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: January 30, 2025

/s/ Eve L. Hill

Eve L. Hill (Bar No. 424896)
ehill@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

Christopher Stoll (*pro hac vice* to be submitted)
Amy Whelan (*pro hac vice* to be submitted)
CStoll@nclrights.org
AWhelan@nclrights.org
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel: (415) 365-1338
Fax: (415) 392-8442

Ernest Galvan (*pro hac vice* to be submitted)
Kara J. Janssen (*pro hac vice* to be submitted)
Adrienne Spiegel (*pro hac vice* to be submitted)
Ben Hattem (*pro hac vice* to be submitted)
EGalvan@rbgg.com
KJanssen@rbgg.com
ASpiegel@rbgg.com
BHattem@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830

Jennifer L. Levi
Sarah Austin
**GLBTQ Legal Advocates & Defenders**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

*Attorneys for Plaintiffs*

22