UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States; WILLIAM LOTHROP, in his official capacity as Acting Director of the Federal Bureau of Prisons,<br><br>          Defendants. | Case No.: 1:25-cv-00286- RCL |

**DECLARATION OF EVE HILL IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR A TEMPORARY RESTRAINING
ORDER/PRELIMINARY INJUNCTION AND TO
PROCEED UNDER PSEUDONYM, AND TO PARTIALLY SEAL THE RECORD,**

I, Eve Hill, of full age, do hereby declare as follows:

1. I am an attorney in good standing with the District of Columbia Bar and licensed to practice law in the District of Washington, D.C.

2. I make the following declaration based on personal knowledge and pursuant to F.R.C.P. 65(b).

3. Plaintiffs Emily Doe, Zoe Doe, Tori Doe, Olivia Doe, Susan Doe, Lois Doe, Sophia Doe, Sally Doe, and Wendy Doe are all transgender women incarcerated in women's Bureau of Prison's facilities.

4. In the days after President Trump issued Executive Order 14168 on January 20, 2025, and again in February, 2025, Plaintiffs were removed from the general population of their

women's facilities and placed into separate housing with other transgender women, pending transfer to men's prisons.

5.   Plaintiffs had all been housed in women's units for months or years before this abrupt removal from their housing. Even though BOP has recognized Plaintiffs as women during their incarceration, they face imminent transfer to men's prisons.

6.   Plaintiffs are transgender women who have been diagnosed with gender dysphoria and have maintained medically necessary hormone treatment for their gender dysphoria for years.

7.   Plaintiffs file this Emergency Motion for a Temporary Restraining Order, which seeks to preserve the status quo prior to January 20, 2025, when Executive Order 14168 was issued, while the parties litigate the lawfulness of certain provisions of the Executive Order. Plaintiffs, through counsel, notified Defendants' counsel of their intent to file an amended complaint and motion for temporary restraining order and preliminary injunction on February 20, 2025. Plaintiffs' counsel will send the Amended Complaint and Motion for Temporary Restraining Order and Preliminary Injunction to counsel for Defendants by email.

8.   In conjunction with the Amended Complaint and Motion, Plaintiffs' counsel also filed a Motion To Proceed Under a Pseudonym, and a Motion To Partially Seal Documents. These motions are based on the specific potential harms that would follow from revealing Plaintiffs' identities, including the potential risk to them of violence in the corrections system and the violation of their interests in maintaining privacy of their medical status, history, and records.

9.   All redactions proposed for the partially sealed documents stem from the necessity to protect their identities, as set forth below.

10. The locations and dates of the Plaintiffs' current and former correctional facilities are redacted because of the limited number of incarcerated transgender women at those facilities. If the facilities and time periods when Plaintiffs were there were identified, Plaintiffs' identities could be easily surmised from among a small number of transgender women at those facilities.

11. Specific biographical details concerning Plaintiffs are redacted, including their current and former names and dates of birth. Any one of these details would also provide an easy means of identification with minimal internet or public records research.

12. Details of Plaintiffs' medical records, medical treatment, and mental health issues outside of their gender dysphoria treatment are redacted because the confluence of these records would serve to easily identify Plaintiffs to those that are aware of their other medical diagnosis/diagnoses.

13. Certain details about Plaintiffs' time in federal correctional facilities are redacted, including the period of their incarceration, any disciplinary record, harms they experienced, rehabilitation activities, and medical care they have received. Individuals within the correctional facility or those with whom they might communicate are likely aware of these details of Plaintiffs' time in federal custody and would be able to guess their identities if they were left unredacted.

Pursuant to 28 U.S.C. § 1746, I affirm under penalty of perjury that the above statements are true and correct.

Dated: February 21, 2025

_____
Eve L. Hill