UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, *in her official capacity* as Attorney General of the United States; WILLIAM LOTHROP, *in his official capacity* as Acting Director of the Federal Bureau of Prisons,<br><br>    Defendants. | Case No.: 1:25-cv-00286 |

## [PROPOSED] TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

THIS MATTER having been opened to the Court by Rosen Bien Galvan & Grunfeld, LLP, National Center for Lesbian Rights, GLBTQ Legal Advocates & Defenders, and Brown Goldstein & Levy, LLP, by way of motion for a temporary restraining order and expanded preliminary injunction ("Motion"), as well as the memorandum of law filed with that Motion, and the Court, having reviewed the submissions of the parties in support thereof and in opposition thereto, and having considered the arguments of counsel, if any, in connection with the Motion; and for good cause shown:

    IT IS on this ___ day of _____, 2025, ORDERED that:

 1. Plaintiffs' Motion for Temporary Restraining Order and Expanded Preliminary Injunction is GRANTED;

    2.    Defendants are enjoined and restrained from implementing sections 4(a) and 4(c) of Executive Order 14168 with regard to Plaintiffs, pending further Order of this Court; and

    3.    Pending further Order of this Court, Defendants shall maintain and continue Plaintiffs' housing status and medical care as they existed immediately prior to January 20, 2025.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the violation of Plaintiffs' federal rights, and is the least intrusive means necessary to correct the violation of Plaintiffs' federal rights. 18 U.S.C. § 3626(a)(2). Plaintiffs have shown a substantial likelihood of success on their claims that implementation of sections 4(a) and 4(c) would be unlawful and would cause them immediate, irreparable harm. Because any application of sections 4(a) and 4(c) to Plaintiffs would cause this serious and irreparable harm, a preliminary injunction preventing the implementation of those sections is necessary to correct the violation of Plaintiffs' rights and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the implementation of only those sections of the Order for which Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if preliminary relief is not entered, this order extends no further than necessary to correct the violation.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by the preliminary relief and has given

substantial weight to such impacts. *Id.* After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiffs' medical care and housing status while this litigation proceeds.

IT IS SO ORDERED

Dated: _____, 2025      _____
                                   United States District Judge

4

## ATTORNEYS TO BE NOTIFIED OF ENTRY OF ORDER

Pursuant to Local Rule 7(k), the names and addresses of all attorneys entitled to be notified of entry of this Order, in addition to the attorneys identified above, are as follows:

Edward R. Martin, Jr.
U.S. Attorney for the District of Columbia
USADC.ServiceCivil@usdoj.gov

Jean Lin
U.S. Department of Justice
Email: Jean.Lin@usdoj.gov