UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE, et al.,

        Plaintiffs,

v.

PAMELA BONDI, *in her official capacity as* Attorney General of the United States; WILLIAM LOTHROP, *in his official capacity as* Acting Director of the Federal Bureau of Prisons,

        Defendants.

Case No.: 1:25-cv-00286

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FURTHER TEMPORARY RESTRAINING ORDER

Ernest Galvan *
Kara J. Janssen *
Adrienne Spiegel *
Ben Hattem *
**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738

Christopher Stoll *
Amy Whelan *
**NATIONAL CENTER FOR LESBIAN RIGHTS**
870 Market Street, Suite 370
San Francisco, California 94102

Eve L. Hill (Bar No. 424896)
**BROWN GOLDSTEIN & LEVY, LLP**
120 East Baltimore Street, Suite 2500
Baltimore, Maryland 21202

Jennifer L. Levi *
Sarah Austin *
**GLBTQ LEGAL ADVOCATES & DEFENDERS**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350

*Counsel for Plaintiffs*
*\* Admitted Pro Hac Vice*

## INTRODUCTION

Plaintiffs Ellen Doe and Rachel Doe are transgender women who were incarcerated in women's facilities until President Trump issued Executive Order 14168. Because of Executive Order 14168 and BOP's implementing policies, Plaintiffs Ellen and Rachel Doe have been transferred to men's BOP facilities.

[4668861.5]

Ellen and Rachel Doe are already experiencing irreparable harm and are at immediate risk of further irreparable harm. ███████████████████████████████ ██████████████████████████████████████████████████[1] Before BOP's recent transfer of Rachel Doe to a men's facility, she ████████████████████ █ was receiving her hormone medication to treat her gender dysphoria. Ellen Doe was also previously housed in a women's facility and has been prescribed hormone medication ████ █████████████████████████████████████████. Because neither woman was yet a named Plaintiff in this matter, however, the BOP transferred both women to men's facilities. Both Ellen and Rachel Doe have been repeatedly propositioned for sex by men at their facilities in the short time since they were transferred. Both Ellen and Rachel Doe have also been subjected to strip searches by male officers and without female officers present.

BOP has cut off or threatened to cut off both Ellen and Rachel Doe's necessary medical care to treat their gender dysphoria due to Executive Order 14168 and BOP's implementing policies. Both Ellen and Rachel Doe were consistently receiving hormone treatment before President Trump issued the Executive Order. Ellen Doe is still receiving hormone treatment for now, but she is at imminent risk of having her hormone treatment terminated. Rachel Doe is no longer receiving hormone treatment ████████████████████████████████ ███████████████████████████. Both Ellen and Rachel Doe are also unable to access bras and women's underwear.

---

[1] Pursuant to the Court's protective order, Plaintiffs are redacting from the publicly filed version of this memorandum information that could identify Plaintiffs, including biographical, criminal, and medical details. Order, ECF 57, at 2.

This Court has found that transferring the other Plaintiffs in this case to men's facilities would likely violate the Eighth Amendment. For Ellen and Rachel Doe, BOP is already violating the Eighth Amendment. BOP has placed and is continuing to place Ellen and Rachel Doe at imminent risk of sexual assault, other violence, and medical harm. Plaintiffs seek immediate relief requiring BOP to restore Ellen and Rachel Doe to female housing and to resume or continue their medical care to treat their gender dysphoria.

## STATEMENT OF FACTS

Plaintiffs have previously detailed the facts giving rise to their claims in this case. *See* Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 13-1, at 3–5; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 50-1, at 3–5. Plaintiffs incorporate their previous statements of facts and present additional information here regarding certain new actions taken by BOP to implement Executive Order 14168 and regarding the medical care and housing status of Plaintiffs Ellen and Rachel Doe.

To implement Executive Order 14168, BOP took the following actions in late February 2025. On February 25, BOP announced that "[p]ursuant to President Trump's Executive Order *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government,* the Program Statement **Transgender Offender Manual** is being canceled effective immediately" (emphasis in original). Before it was "canceled," the Transgender Offender Manual required BOP to make case-by-case decisions about whether to house transgender individuals in men's or women's facilities and to provide hormone medication to transgender individuals based on medical necessity.

On February 28, BOP issued a policy entitled "Executive Order 14168 Compliance." It reads, in full: "Consistent with Executive Order (EO) 14168, Defending Women from Gender

Ideology Extremism and Restoring Biological Truth to the Federal Government, no Bureau of Prisons funds are to be expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex.  This policy is to be implemented in a manner consistent with applicable law including the Eighth Amendment."

Ellen and Rachel Doe both were housed in women's facilities before President Trump issued Executive Order 14168.  Rachel Doe was housed ███████████████████ ███████████████████████████████████. Decl. of Rachel Doe, ¶ 7.  Ellen Doe was housed ███████████████ Decl. of Ellen Doe, ¶ 4.

Rachel Doe was first diagnosed with gender dysphoria ███████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████ She received these hormones consistently until President Trump issued Executive Order 14168.

Ellen Doe was diagnosed with gender dysphoria ███████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████.

In ███████████, because of Executive Order 14168 and BOP's implementing policies, BOP transferred Rachel and Ellen Doe to ███████████, a men's BOP facility.[2]  *Id.*, ¶

---

[2] Defendants have identified ███████████ as the facility to which they would transfer ██ ███████████ if this Court did not enjoin their implementation of Executive Order 14168. Defs.' Response to Pls.' Motion for Temporary Restraining order, ECF 53-1, at 10.  Defendants have argued that housing Plaintiffs at ███████████ and similar facilities would "greatly reduce[] the chance of them being victimized by other inmates," and their declarant Rick Stover

6–7; Decl. of Rachel Doe, ¶ 10–11. Their time at FMC Rochester has been "terrifying." Decl. of Rachel Doe, ¶ 11. Male inmates at ▮▮▮▮▮ have repeatedly harassed and propositioned them in the short time they have been at the facility. Decl. of Ellen Doe, ¶ 8; Decl. of Rachel Doe, ¶ 11–12. A male inmate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Decl. of Rachel Doe, ¶ 12. Ellen Doe has been constantly approached and propositioned for sex since arriving at the facility. Decl. of Ellen Doe, ¶ 8.

Male inmates stare, whistle, clap, ogle, and knock on the windows of their cells when Rachel goes to the dining area to eat. Decl. of Rachel Doe, ¶ 11. The unit in which they are housed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Decl. of Ellen Doe, ¶ 8. Both women have been subjected to degrading strip searches by male officers since they were transferred to men's housing. *Id.*, ¶ 7; Decl. of Rachel Doe, ¶ 10. They have nightmares. Decl. of Ellen Doe, ¶ 7. They are afraid all the time. *Id.*; Decl. of Rachel Doe, ¶ 11, 16.

Pursuant to Executive Order 14168 and BOP's implementing policies, BOP stopped Rachel Doe's hormone medication during her transfer to a men's facility. Decl. of Rachel Doe, ¶ 14. The BOP continues to deny Rachel Doe effective hormone treatment. *Id.* As a result, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*; Decl. of Frederic M. Ettner, ECF 5-6, ¶ 7–8, 10–15. Ellen Doe is currently receiving hormone



---

has claimed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*; Decl. of Rick Stover, ECF 52-1, ¶ ▮. Ellen and Rachel Doe's terrifying experiences at ▮▮▮▮▮▮▮ seriously undermine these assertions.

[3] Plaintiffs' counsel has attempted to address these medical care issues directly with defense counsel. As of the time this motion had to be filed, however, the parties were unable to resolve them.

medications but may have her treatments terminated at any time. Decl. of Ellen Doe, ¶ 5. As Plaintiffs have previously asserted, "the abrupt termination and ongoing denial of hormone therapy can have disastrous consequences, including serious risk of permanent physical and emotional harm, severe danger of self-mutilation, and suicidal ideation and attempts." First Amended Compl., ECF 47, at ¶ 89; *see also* Ettner Decl, ECF 5-6, ¶ 7–17.

## LEGAL STANDARD

In order to obtain a temporary restraining order, a moving party must "make a 'clear showing' that (1) it has a likelihood of success on the merits, (2) the balance of equities favors preliminary relief, (3) an injunction is in the public interest, and (4) it will likely suffer irreparable harm before the district court can resolve the merits of the case." *Singh v. Berger*, 56 F.4th 88, 95 (D.C. Cir. 2022); *Chef Time 1520 LLC v. Small Bus. Admin.*, 646 F. Supp. 3d 101, 109 (D.D.C. 2022) ("The decision of whether to award a TRO is 'analyzed using the same factors applicable to preliminary injunctive relief'" (quoting *Banks v. Booth*, 459 F. Supp. 3d 143, 149 (D.D.C. 2020)). All four factors support granting a temporary restraining order.

The purpose of preliminary relief is to preserve the status quo pending resolution of the underlying litigation. *Dist. 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of Am.*, 412 F.2d 165, 168 (D.C. Cir. 1969). The same is true of temporary restraining orders. *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). The relevant status quo is the "last uncontested status which preceded the pending controversy." *Dist. 50, United Mine Workers of Am.*, 412 F.2d at 168; *see also Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 733 (D.C. Cir. 2022). Here, the last uncontested status is that which existed prior to January 20, 2025, when both Ellen and Rachel Doe were incarcerated in female facilities and receiving medically necessary treatment for their gender dysphoria.

# ARGUMENT

## I.  PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

### A.  Plaintiffs Are Likely to Succeed on the Merits of Their Eighth Amendment Claims

This Court has already concluded that all Plaintiffs except Ellen and Rachel Doe are likely to succeed on the merits of their Eighth Amendment claims. Order, ECF 23, at 8–10; Order, ECF 44, at 1–2; Dkt. 55 at 2–3. Plaintiffs incorporate by reference the arguments made in their prior motions. Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 13-1, at 14–18; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 50-1, at 6–10. For the reasons stated in Plaintiffs' prior motions, Defendants' implementation of Executive Order 14168 violates the Eighth Amendment.

The fact that Ellen and Rachel Doe have already been transferred to male facilities only increases their risk of harm and makes more urgent the need for this Court's intervention. The terrifying and degrading experiences that Ellen and Rachel Doe have endured since they were transferred to ███████ are precisely the harms that this Court identified in its prior orders. *See* Memorandum Order, ECF 23, at 8–9; Order, ECF 55, at 2–3 & n.2. They are living the nightmare that the Court issued its previous injunctions to prevent.

For these reasons, Plaintiffs request that the Court issue a temporary restraining order requiring BOP to transfer Ellen and Rachel Doe to women's facilities and to resume or continue their necessary medical care, including but not limited to hormone medication.

### B.  Plaintiffs Are Likely to Succeed on the Merits of Their Equal Protection Claim

As the Court has recognized, Plaintiffs' Eighth Amendment claims are sufficient to sustain a temporary restraining order preventing Defendants' implementation of the Executive

Order with regard to Plaintiffs. Order, ECF 23, at 8. Defendants' actions also violate Plaintiffs' Equal Protection rights. To preserve their Equal Protection claim, Plaintiffs incorporate by reference the arguments in favor of that claim from their prior motions. Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 13-1, at 7–14; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 50-1, at 10–17. The fact that Ellen and Rachel Doe have already been transferred to men's facilities does not change the application of heightened scrutiny to Executive Order 14168, and the grave security risks posed by their transfers undermine any argument that the Executive Order and implementing policies are substantially related to important government interests. Further, as set forth in Plaintiffs' prior briefings, the Executive Order is based on animus and would fail even rational basis review. Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 13-1, at 14; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 50-1, at 16–17.

### C. Plaintiffs Are Likely to Succeed on the Merits of Their Separation of Powers Claim

As Plaintiffs have previously argued, Executive Order 14168 also violates the separation of powers, encroaches on Congress's Spending and Appropriations powers, and violates the Bicameralism and Presentment requirements for repealing statutes. Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 50-1, at 17–19. To preserve this claim, Plaintiffs incorporate by reference the arguments on this issue from their prior motion.

### D. Plaintiffs Are Likely to Succeed on the Merits of Their Administrative Procedure Act Claim

Defendants' implementation of Sections 4(a) and 4(c) of the Executive Order also violates the Administrative Procedure Act ("APA") for the reasons set forth in Plaintiffs' prior

motions.  Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 13-1, at 18–21; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF 50-1, at 19-23.  To preserve this claim, Plaintiffs incorporate these arguments by reference.

## II. PLAINTIFFS ARE SUFFERING AND WILL CONTINUE TO SUFFER IRREPARABLE HARM ABSENT THIS COURT'S IMMEDIATE INTERVENTION

This Court has previously found that all Plaintiffs aside from Ellen and Rachel Doe would suffer irreparable harm without an order preventing Defendants from enforcing the Sections 4(a) and 4(c).  Order, ECF 23, at 10; Order, ECF 55, at 2–3.  Ellen and Rachel Doe are not just at risk of irreparable harm without the Court's intervention—they are experiencing irreparable harm right now.  They are in constant fear of sexual assault and other violence, the necessary care for their gender dysphoria has been terminated or is at risk of imminent termination, and they have both already been subjected to degrading strip searches by male officers because of Executive Order 14168 and BOP's implementing policies.  In addition, "placement in a male penitentiary by itself … exacerbate[s] the symptoms of their gender dysphoria, even if they are not subject to physical or sexual violence in their new facility— whether because they [are] subject to searches by male correctional officers, made to shower in the company of men, referred to as men, forced to dress as men, or simply because the mere homogenous presence of men … cause[s] uncomfortable dissonance."  Order, ECF 55, at 3 n.2. It is critical that Ellen and Rachel Doe receive immediate relief to prevent further irreparable harm.

### III. THE BALANCE OF HARMS AND PUBLIC INTEREST WEIGH HEAVILY IN FAVOR OF EMERGENCY RELIEF

The balance of equities strongly favors granting a temporary restraining order. As this Court has found, "the public interest in seeing the plaintiffs relocated *immediately* to male facilities is slight at best," even crediting the Executive Order's false and discriminatory claims. Order, ECF 23, at 11. Moreover, "it is hard to cognize of *any* public interest in the immediate cessation of [Plaintiffs'] hormone therapy." *Id.* These findings are no less true now that Ellen and Rachel Doe have been moved to men's facilities. The minor administrative burden of returning them to women's facilities does not outweigh the extreme risk of harm they are facing in men's prisons both with respect to their medical care and their personal safety.

### IV. PLAINTIFFS' PROPOSED ORDER COMPLIES WITH THE PLRA

Under the PLRA, prospective relief regarding prison conditions must be "narrowly drawn," extend "no further than necessary to correct the harm the court finds requires preliminary relief," and be "the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(1). Applying sections 4(a) and 4(c) of the Executive Order to Ellen and Rachel Doe is causing them the immediate, irreparable harm detailed above. For that reason, a temporary restraining order preventing Defendants from applying those sections to Ellen and Rachel Doe is the narrowest relief that will stop this ongoing harm. It is also the least intrusive means necessary to correct the harm Ellen and Rachel Doe are facing since these provisions have removed all discretion from BOP staff to provide safer housing and medically necessary care to these women. And because the temporary restraining order sought by Plaintiffs would only bar the application of those sections to Ellen and Rachel Doe, it extends no further than necessary to correct the harm those sections of the Executive Order are causing them.

The PLRA also requires district courts to give "substantial weight to any adverse impact

on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.* Returning Ellen and Rachel Doe to women's facilities and resuming or continuing their medical care would cause no adverse impact to the operation of the criminal justice system. Entering this temporary restraining order would also have no adverse effect on public safety. To the contrary, this order would benefit public safety by preventing the violence that Ellen and Rachel Doe currently face in men's prisons. For all of those reasons, Plaintiffs' requested temporary restraining order complies with the PLRA.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue a temporary restraining order requiring BOP to transfer Ellen and Rachel Doe immediately to women's facilities and to resume or continue their gender dysphoria treatment, including but not limited to hormone medications.

| | |
|---|---|
| Dated: March 14, 2025 | */s/ Kara J. Janssen* |

Ernest Galvan (admitted *pro hac vice*)
Kara J. Janssen (admitted *pro hac vice*)
Adrienne Spiegel (admitted *pro hac vice*)
Ben Hattem (admitted *pro hac vice*)
EGalvan@rbgg.com
KJanssen@rbgg.com
ASpiegel@rbgg.com
BHattem@rbgg.com
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830

Eve L. Hill (Bar No. 424896)
ehill@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

Christopher Stoll (admitted *pro hac vice*)
Amy Whelan (admitted *pro hac vice*)
CStoll@nclrights.org
AWhelan@nclrights.org
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel: (415) 365-1338
Fax: (415) 392-8442

Jennifer L. Levi (admitted *pro hac vice*)
Sarah Austin (admitted *pro hac vice*)
GLBTQ Legal Advocates & Defenders
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

*Attorneys for Plaintiffs*