UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, et al.,<br>             Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, *in her official capacity as* Attorney General of the United States; WILLIAM LOTHROP, *in his official capacity as* Acting Director of the Federal Bureau of Prisons,<br><br>             Defendants. | Case No.: 1:25-cv-00286-RCL |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

THIS MATTER having been opened to the Court by Rosen Bien Galvan & Grunfeld, LLP, National Center for Lesbian Rights, GLBTQ Legal Advocates & Defenders, and Brown Goldstein & Levy, LLP, by way of motion for a temporary restraining order ("Motion"), as well as the memorandum of law filed with that Motion, and the Court, having reviewed the submissions of the parties in support thereof and in opposition thereto, and having considered the arguments of counsel, if any, in connection with the Motion; and for good cause shown:

IT IS on this ___ day of _____, 2025, ORDERED that:

1. Plaintiffs' Motion for Temporary Restraining Order is GRANTED;

2. Defendants are enjoined and restrained from implementing sections 4(a) and 4(c) of Executive Order 14168 with regard to Plaintiffs Rachel and Ellen Doe, pending further Order of this Court; and

3. Pending further Order of this Court, Defendants shall immediately transfer Plaintiffs Rachel Doe and Ellen Doe back to women's facilities and reinstate or continue their medically necessary care to treat their gender dysphoria.

In accordance with the Prison Litigation Reform Act, the Court finds that this temporary restraining order is narrowly drawn, extends no further than necessary to correct the violation of Plaintiffs' federal rights, and is the least intrusive means necessary to correct the violation of Plaintiffs' federal rights.  18 U.S.C. § 3626(a)(1).  Plaintiffs have shown a substantial likelihood of success on their claims that implementation of sections 4(a) and 4(c) is or would be unlawful and is causing or would cause them immediate, irreparable harm.  Because any application of sections 4(a) and 4(c) to Plaintiffs would cause this serious and irreparable harm, a temporary restraining order preventing the implementation of those sections is necessary to correct the violation of Plaintiffs' rights and is the least intrusive means necessary to do so.  Furthermore, because this temporary restraining order prevents the implementation of only those sections of the Order for which Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if a temporary restraining order is not entered, this order extends no further than necessary to correct the violation.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts.  *Id.*  After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiffs' medical care and housing status while this litigation proceeds.

IT IS SO ORDERED

Dated: _____, 2025        _____
                                                             United States District Judge

3

## ATTORNEYS TO BE NOTIFIED OF ENTRY OF ORDER

Pursuant to Local Rule 7(k), the names and addresses of all attorneys entitled to be notified of entry of this Order, in addition to the attorneys identified above, are as follows:

    Edward R. Martin, Jr.
    U.S. Attorney for the District of Columbia
    USADC.ServiceCivil@usdoj.gov

    Jean Lin
    U.S. Department of Justice
    Email: Jean.Lin@usdoj.gov