UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, *in her official capacity as* Attorney General of the United States; WILLIAM LOTHROP, *in his official capacity as* Acting Director of the Federal Bureau of Prisons,<br><br>              Defendants. | Case No.: 1:25-cv-00286-RCL |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FURTHER TEMPORARY RESTRAINING ORDER**

This Court has found three times that transferring Plaintiffs to men's prisons and denying them necessary medical care would likely violate the Eighth Amendment. Order, ECF 23, at 8–9; Order, ECF 44, at 1–2; Order, ECF 55, at 2–3. This Court reasoned that housing Plaintiffs in men's facilities, where they would live as women in all-male populations, would put them at "a significantly elevated risk of physical and sexual violence" and would likely "exacerbate the symptoms of their gender dysphoria." Order, ECF 23, at 8–9. This Court also concluded that cutting off medical care for Plaintiffs' gender dysphoria would likely show deliberate indifference to "the numerous and severe symptoms that may arise from failure to treat gender dysphoria," a condition that courts across the country have recognized as a serious medical disorder. *Id.* at 9; *see also, e.g.*, *Edmo v. Corizon, Inc.*, 935 F.3d 757, 769 (9th Cir. 2019); *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003); *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000).

The "terrifying" experiences of Rachel and Ellen Doe in the short time since they were

moved to a men's prison under Executive Order 14168 show that this Court was right. Decl. of Rachel Doe, ¶ 11. Since their transfer, they have been constantly harassed and propositioned for sex by men at their new facility. Decl. of Ellen Doe, ¶ 8; Decl. of Rachel Doe, ¶ 11–12. Every hour they spend as women in an all-male prison places them at serious risk of sexual assault and other violence. *See, e.g.*, *Tay v. Dennison*, 457 F. Supp. 3d 657, 685 (S.D. Ill. 2020) (concluding that housing a transgender woman in a men's prison "may be tantamount to confining her in a cell with a cobra").

It is no answer to claim, as Defendants do, that this risk of harm can be addressed by *post hoc* investigations once Rachel and Ellen have been assaulted. Defs.' Resp. to Pls.' Mot. for TRO, ECF 63, at 2–3. Both under the standard for preliminary relief and the substantive Eighth Amendment standard, "a prisoner seeking 'a remedy for unsafe conditions'" is not required to "await a tragic event such as an actual assault before obtaining relief." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (internal brackets omitted) (quoting *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993)); *see also Helling*, 509 U.S. at 33 ("It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."); *Singh v. Berger*, 56 F.4th 88, 95 (D.C. Cir. 2022) (explaining that preliminary relief is warranted when moving party "will likely suffer irreparable harm before the district court can resolve the merits of the case").

For similar reasons, Defendants' argument that they have not yet cut off Ellen and Rachel Doe's critical hormone medication does not change the risk of irreparable harm that Ellen and Rachel Doe face. *See* Defs.' Resp. to Pls.' Mot. for TRO, ECF 63, at 2–3. As this Court has concluded, "[t]he plain text of the Executive Order affords the BOP no discretion … to continue providing hormonal therapy" to Plaintiffs. Order, ECF 23, at 9. In the Court's March 3, 2025

Order in the related case *Jones v. Bondi*, the Court rejected similar arguments from Defendants and found that BOP communications "suggest that termination of hormonal therapy is imminent" and therefore that "Plaintiffs' challenges to the Medication Provision are ripe and likely to succeed on Eighth Amendment grounds." *Jones v. Bondi*, No. 1:25-cv-00401-RCL, Order, ECF 46, at 4. Additionally, with regard to Rachel Doe, Defendants' claim is factually false. Since her transfer to a men's prison, BOP has denied Rachel Doe effective hormone treatment, pursuant to the Executive Order, and has offered her hormone medication only in a format that her body cannot process. Decl. of Rachel Doe, ¶ 14.

Defendants' response to Plaintiffs' motion otherwise relies on misconstruing and improperly narrowing Plaintiffs' claims to certain specific harms that have resulted from their transfer to a men's prison, such as being forced to undergo strip searches by male officers and being denied women's undergarments. Defs.' Resp. to Pls.' Mot. for TRO, ECF 63, at 3. Defendants are wrong to characterize Plaintiffs' discussion of these harms as allegations of independent Eighth Amendment violations at this stage of the proceedings. Instead, as this Court has found, harms like these are likely to "exacerbate the symptoms of [Plaintiffs'] gender dysphoria" and are components of Defendants' deliberate indifference to Rachel and Ellen Doe's serious medical needs. Order, ECF 23, at 9. These actions also expose Rachel and Ellen to a heightened threat of sexual violence. For instance, the denial of appropriate undergarments has increased the harassment of Rachel Doe by men in her facility. Decl. of Rachel Doe, ¶ 15. Moreover, the extraordinary risk of sexual assault and other violence that Ellen and Rachel Doe will continue to face as long as they are housed in a men's prison, as well as the ongoing denial of Rachel Doe's necessary medical care and the likelihood that Ellen Doe's medical care will be

3

similarly terminated, more than justify the preliminary relief Plaintiffs seek.[1]

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' temporary restraining order requiring BOP to return Ellen and Rachel Doe to women's facilities, maintain that housing pending further order of this Court, and resume or continue their necessary medical care.

Dated: March 18, 2025

Respectfully submitted,

*/s/ Kara Janssen*
Kara J. Janssen (admitted *pro hac vice*)
Ernest Galvan (admitted *pro hac vice*)
Adrienne Spiegel (admitted *pro hac vice*)
Ben Hattem (admitted *pro hac vice*)
EGalvan@rbgg.com
KJanssen@rbgg.com
ASpiegel@rbgg.com
BHattem@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830

Eve L. Hill (Bar No. 424896)
ehill@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

Christopher Stoll (admitted *pro hac vice*)
Amy Whelan (admitted *pro hac vice*)
CStoll@nclrights.org
AWhelan@nclrights.org
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel: (415) 365-1338

---

[1] Plaintiffs do not object to Defendants' request that the Court enter a preliminary injunction if it grants Plaintiffs' request for relief. *See* Defs.' Resp. to Pls.' Mot. for TRO, ECF 63, at 3–4.

4

Fax: (415) 392-8442

Jennifer L. Levi (admitted *pro hac vice*)
Sarah Austin (admitted *pro hac vice*)
GLBTQ Legal Advocates & Defenders
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

*Attorneys for Plaintiffs*