UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**PAMELA BONDI**, in her official capacity as Attorney General of the United States, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-286-RCL |

## ORDER

On February 18, 2025, this Court entered a preliminary injunction enjoining the enforcement of Sections 4(a) and 4(c) of Executive Order 14168 against a group of transgender women on Eighth Amendment grounds. *See* Preliminary Injunction, ECF No. 44; *see also Doe v. McHenry*, No. 25-cv-286-RCL, 2025 WL 388218 (D.D.C. Feb. 4, 2025) (discussing the Eighth Amendment implications of the Executive Order and granting a temporary restraining order). On February 21, the plaintiffs filed a Motion to extend that preliminary injunction to a group of additional plaintiffs, *see* ECF No. 50, which the Court granted on February 24. *See Doe v. Bondi*, No. 25-cv-286-RCL, 2025 WL 596653 (D.D.C. Feb. 24, 2025).

On March 14, 2025, the plaintiffs moved with the consent of the defendants to file a Second Amended Complaint in this dispute. *See* Consent Mot. for Leave to File, ECF No. 58. The Second Amended Complaint is substantially identical to the First Amended Complaint, except that it adds two additional plaintiffs, Rachel Doe and Ellen Doe. The new plaintiffs are in most respects similarly situated to the other plaintiffs in this suit, with one exception: while the other plaintiffs were pending transfer to a male penitentiary when the Court ruled on their motions for a

1

preliminary injunction, these new plaintiffs have already been transferred to male facilities. *See* Second Amended Compl. ¶¶ 45, 50, ECF No. 58-2.

The plaintiffs have now moved for a preliminary injunction to enjoin enforcement of the Executive Order against them and to have them returned to female prison facilities. Mot. for PI, ECF No. 66.[1] The Motion repeats the plaintiffs' previous arguments against the Executive Order, but adds new factual grounds for their claims which arise from the new plaintiffs' different circumstances. First, the plaintiffs allege that BOP has already halted new plaintiff Rachel Doe's hormone therapy, unlike the earlier plaintiffs who were only threatened with discontinuation of their therapy. Mot. for PI at 2. Second, the new plaintiffs allege that they have actually been subjected to sexual harassment at their new facilities. *Id.*; *see also* Decl. of Ellen Doe ¶ 8, Mot. for TRO[2] Attach. 1, ECF No. 61-3; Decl. of Rachel Doe ¶ 11–12, Mot. for TRO Attach. 2, ECF No. 61-4. Third, the new plaintiffs allege that since their transfer to a male facility they have been unable to access bras and women's underwear. Mot. for PI at 2. Fourth and finally, the new plaintiffs allege that they have been subject to strip searches by male prison officials without female officials present. *Id.* at 2. In a sealed Response, the defendants contest each of these new claims on either factual or legal grounds. ECF No. 64.

The Court need not dwell on these arguments at this time because, even supposing that the defendant is correct that each of the plaintiffs' new arguments is either factually or legally defunct, the new plaintiffs are at least as strongly situated, in terms of the merits of their Eighth Amendment claims, as the existing plaintiffs. Moreover, the fact that they have already been transferred and,

---

[1] The plaintiffs originally styled this as a motion for a temporary restraining order. *See* Mot. for TRO, ECF No. 61. Then, per the Government's suggestion and after discussion with the Court, the plaintiffs filed a motion to convert the original TRO motion into a Motion for a Preliminary Injunction. *See* Mot. to Convert, ECF No. 66. The Court therefore addresses this motion in the posture of a preliminary injunction request, rather than a TRO.

[2] The declarations are attached to Plaintiffs original motion for a TRO, rather than the converted PI Motion.

allegedly, have been abused at their new facilities can only strengthen their claims of irreparable harm. The final two prongs of the preliminary injunction analysis—the balance of the equities and the public interest in the injunction—are at least unchanged from the Court's previous temporary restraining order and preliminary injunction analyses, or at most have tilted further in the plaintiffs' favor. Therefore, the Court is satisfied that preliminary injunctive relief is appropriate for the two new plaintiffs, for the same reasons that it was appropriate for the existing ones.

The Court determines that it is appropriate in this case to enter a preliminary injunction, rather than a temporary restraining order. The Government has communicated its view that, should the Court decide that some form of preliminary injunctive relief is necessary, the Court should enter a preliminary injunction rather than TRO. A preliminary injunction is the better form of relief here because the factual circumstances underlying this dispute are unlikely to significantly change before a TRO would expire, and because judicial economy counsels in favor of situating the new plaintiffs similarly to their existing counterparts, rather than revisiting their specific circumstances alone in two weeks' time.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the violation of plaintiffs' federal rights, and is the least intrusive means necessary to correct the violation of the plaintiffs' federal rights. 18 U.S.C. § 3626(a)(1). Plaintiffs have shown a substantial likelihood of success on their claims that implementation of sections 4(a) and 4(c) of the Executive Order is or will be unlawful as to them and has caused or will cause them immediate and irreparable harm. A preliminary injunction reversing and preventing the implementation of those sections as to these plaintiffs is necessary to correct the violation of their rights and is the least intrusive means to do so. Furthermore, because this preliminary injunction prevents the implementation of only those

3

sections of the Executive Order for which the plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm, this order extends no further than necessary to correct the violation.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief, given substantial weight to such impacts, and has concluded and finds that no adverse impacts on public safety or the operation of the criminal justice system will result from reinstating and maintaining the previous status of the plaintiffs' medical care and housing while the litigation proceeds.

Therefore, upon consideration of the plaintiffs' Consent Motion for Leave to File, their Motion for a Preliminary Injunction, the opposition thereto, and the entire record herein, and for the reasons contained in this Order and in the Court's prior Orders granting TROs and preliminary injunctions in this dispute, it is hereby

**ORDERED** that the Motion for Leave to File is **GRANTED**; and it is further

**ORDERED** that the Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the defendants are enjoined and restrained from implementing sections 4(a) and 4(c) of Executive Order 14168 with regard to plaintiffs Rachel Doe and Ellen Doe, pending further Order of this Court; and it is further

**ORDERED** that the Defendants shall immediately transfer plaintiffs Rachel Doe and Ellen Doe back to women's penitentiaries and reinstate or continue their gender dysphoria treatment, pending further Order of this Court.

Date: March 19, 2025
12:30 p.m.

Royce C. Lamberth
United States District Judge