## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States, *et al.*,<br><br>Defendants. | Civil Docket No. 1:25-cv-286 |

## PROTECTIVE ORDER

With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

### A. DEFINITIONS

1. "Action" shall mean the case captioned *Doe v. Bondi*, No. 1:25-cv-00286.

2. "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information:

   a. is not in the public domain, or if in the public domain, is improperly in the public domain; and

      i. is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure

26(c)(1)(G);

ii.  is personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2 or the prior Protective Order in this Matter (ECF No. 57), including:

1.  Biographical details, including but not limited to ages, places of residence, current and former names, dates of birth, and school experiences;

2.  Criminal histories, including crimes an individual was convicted of, quotes from sentencing judges, terms of incarceration, disciplinary records, and rehabilitation activities;

3.  Medical histories, records, treatments, and specific physical and mental health diagnoses, including those outside of gender dysphoria;

4.  Other information that could identify an individual to the public;

iii.  is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

iv.  is designated or treated as Law Enforcement Sensitive ("LES"); or

v.  is protected or restricted from disclosure under the terms of any other statute or regulation, but which the court may order be produced.

Confidential Information shall also include all other protected documents, information, or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

3.  "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4.  "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

5.  "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6.  "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

7.  "Producing Party" shall mean the person or party producing in discovery in the Action.

8.  "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

## B.  PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER

9.  This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

10. This Protective Order supersedes the prior Protective Order entered in this matter (ECF No. 57).

11. Nothing in this Protective Order supersedes existing independent statutory, law

enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

12. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

13. The protections conferred by this Protective Order do not cover any information

    a.  that is properly in the public domain;

    b.  that properly becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or

    c.  that is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

14. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

15. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or Document under seal, pursuant to the sealing procedures articulated in the Local Rules.

16. This Protective Order governs all documents and information exchanged or disclosed by the parties in this action, whether before or after the entry of this Protective Order.

17. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

## C.  METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION

18. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

19. The Designation of Confidential Information should be limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Paragraph 2 of this Protective Order. Each Party agrees that designation of Confidential Information shall be made in good faith and not: (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation.

20. Documents produced in discovery in this Action shall be designated as containing "Confidential Information." For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential – Subject to Protective Order" on at least the first page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential – Subject to Protective Order." The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "Confidential – Subject to Protective Order" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are

designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

21. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "Confidential – Subject to Protective Order."

22. For depositions, designation of Confidential Information shall be made during the deposition on the record or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). All such designations of Confidential Information in a deposition shall include the reason(s) for the assertion and shall list the specific pages and lines of the transcript and/or any exhibits that constitute Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to the terms of this Protective Order. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Confidential – Subject to Protective Order." If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled "Confidential – Subject to Protective Order."

23. For any other Document or item produced in discovery in this Action not falling within

Paragraphs 20, 21, or 22 above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential – Subject to Protective Order." If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

24. After producing a document without the legend described in Paragraphs 20, 21, 22, or 23 a Producing Party may claim a document contains and must be treated as Confidential Information by notifying a Receiving Party in writing that the document is to be treated as containing Confidential Information.

25. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D.  **CHALLENGING CONFIDENTIAL DESIGNATIONS**

26. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

27. Each Party agrees that any challenge to a Confidential Information designation must be made in good faith and not: (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation.

28. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order within thirty (30) days of receipt of a Document that has been designated as Confidential Information, by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

29. The Challenging Party and the Designating Party shall attempt to resolve each challenge

in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either maintain, withdraw, or modify the designation. The Designating Party must communicate its decision(s) to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

30. If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

31. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 28 above, or as otherwise agreed, the Challenging Party may file a motion seeking a determination from the Court. The documents or information at issue shall be treated as Confidential Information until the Court has ruled on the objection or the matter has otherwise been resolved.

32. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

33. After a designation as Confidential Information is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that are free from any markings or designations as Confidential Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The presumptive time

for providing the replacement information shall be ten (10) days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

## E.  DISCLOSURE, USE AND HANDLING OF CONFIDENTIAL INFORMATION

34. A Receiving Party may use Confidential Information only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

35. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

36. Defendants may not disclose Confidential Information regarding Plaintiffs, including Plaintiffs' identities, to any third party unless such disclosure is necessary to defend against this action and subject to the Court's Order allowing Plaintiffs to proceed using pseudonyms (ECF No. 7).

37. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as legal assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Current employees of the Parties who are assisting with respect to this Action;

   c. Any person with prior authorized access to the Confidential Information including individual Plaintiffs who otherwise would have access to their own medical records

and other information in their own BOP files (except information designated as Attorney's Eyes Only);

d.  Current employees of the Producing Party;

e.  Witnesses, potential witnesses, and deponents, including their counsel;

f.  Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

g.  Photocopying, data processing, and other support services that are reasonably necessary in this Action;

h.  Retained expert witnesses and consultants;

i.  Mediators or arbitrators; and

j.  This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

38. Disclosure to the persons referenced in subsections (E)(3)(a)–(j) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

39. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it except in conformance with this Protective Order.

40. Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available.

41. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person that either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party or subpoenaed person to disobey a lawful directive from this or another court.

42. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the producing party who, after a good faith effort to meet and confer, may seek additional relief from the Court.

## F. ATTORNEY'S EYES ONLY INFORMATION

43. A Producing Party may designate as "Attorney's Eyes Only Information" any Confidential Information the disclosure of which to another Party or Non-Party would create a risk of harm that could not be avoided by less restrictive means. To do so, a Producing Party shall add the marking "Attorney's Eyes Only" to the markings described in Paragraphs 20, 21, and 22 where the designation applies.

44. Consistent with Paragraph 28, the Challenging Party shall initiate a challenge to the designation of Attorney's Eyes Only designations within thirty (30) days of receipt of a Document

11

that has been designated as Attorney's Eyes Only, by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

45. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferral process, the Challenging Party must convey its basis for the challenge and the Designating Party must communicate its decision(s) to the Receiving Party within seven (7) calendar days after the meet and confer or within a reasonable time agreed to by the Parties.

46. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 45 above, or as otherwise agreed, the Challenging Party may file a motion seeking a determination from the Court. The documents or information at issue shall be subject to the additional restrictions imposed for Attorney's Eyes Only information until the Court has ruled on the objection or the matter has otherwise been resolved.

47. Material marked Attorney's Eyes Only may not be disclosed to Named Parties, but may be disclosed to: (1) the Parties' counsel of record and agency counsel, including their associates, clerks, paralegals, litigation support personnel, and such other regular and temporary employees who assist counsel in connection with the action; (2) any court adjudicating part of this matter, including judges, law clerks, assistants, interpreters, and stenographic personnel; and (3) any expert witnesses or consultants retained by the parties for this litigation, once such person or persons have read this Order and agrees in writing to be bound by its terms in the form attached hereto as Exhibit A.

## G. INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

48. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right

of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

49. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, including instances of suspected or confirmed data breaches or cybersecurity incidents, the Receiving Party shall, upon learning of the unauthorized disclosure:

    a.  promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

    b.  promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

    c.  promptly after discovery of the unauthorized disclosure, notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the unauthorized disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

## H.  DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

50. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to back-up tapes, systems, or similar storage to the persons necessary to conduct routine IT and cybersecurity functions. The Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

51. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

52. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the

Court; work product, including consultant and expert work product; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

53. In particular, attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, consistent with 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

## I.  AMENDMENT OR TERMINATION

54. This Order is without prejudice to the right of any Party to apply at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order. The Party must provide written notice to counsel of record for all parties in this action specifying the portion(s) of this Order it seeks to amend, modify, or rescind and any additional provisions it may seek to add to the Order at least seven (7) business days in advance of filing any such motion. The Parties expressly reserve the right to seek modification, amendment, or rescission of this Order by mutual agreement in writing.

## J.  ALL OBJECTIONS, REDACTIONS, WITHHOLDINGS, RIGHTS PRESERVED

55. This Order is intended to provide a mechanism for handling the disclosure or production of Confidential Information to which there is no objection other than confidentiality. The protection afforded by this Order shall in no way affect a Party's right to withhold, redact documents, or seek to designate information as: (a) privileged under the Attorney-Client or other privilege, (b) protected by the Attorney Work Product Doctrine, (c) protected by the Law

Enforcement Privilege, Deliberative Process Privilege, or other similar privilege; or (d) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Order would be insufficient, (b) object to the designation of any document or information as Protected Information, or (c) seek any modification of or relief from any provision of this Order, either generally or as to any particular Confidential Information, by properly noticed motion with notice to all Parties and their respective counsel.

56. This Order does not constitute any ruling on the question of whether any particular document or category of information is subject to the Privacy Act or is otherwise properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

57. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

58. Nothing in this Order shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.


DATED: 5/6/25

By: Royce C. Lamberth
Royce C. Lamberth
United States District Judge


16