UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE**, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**PAMELA BONDI**, in her official capacity as Attorney General of the United States, *et al.*,<br><br>　　　　　Defendants. | Case No.: **1:25-cv-00286-RCL** |

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

THIS MATTER having been opened to the Court by Rosen Bien Galvan & Grunfeld, LLP, National Center for Lesbian Rights, GLBTQ Legal Advocates & Defenders, and Brown Goldstein & Levy, LLP, by way of Plaintiffs' unopposed motion for a renewed preliminary injunction, as well as the memorandum of law filed with that Motion, and the Court, having reviewed the submissions of the parties, and having considered the arguments of counsel, if any, in connection with the Motion; and for good cause shown:

IT IS on this ___ day of _____, 2025:

1.　ORDERED that Plaintiffs' Unopposed Motion for a renewed Preliminary Injunction is GRANTED;

2.　ORDERED that Defendants are enjoined and restrained from implementing Sections 4(a) and 4(c) of Executive Order 14168 against any Plaintiff, for the period of May 25, 2025 to August 23, 2025; and

3.　ORDERED that, for the period of May 25, 2025 to August 23, 2025, Defendants shall maintain and continue Plaintiffs Jane Doe, Mary Doe, Sara Doe, Emily Doe, Zoe Doe, Tori Doe, Olivia Doe, Susan Doe, Lois Doe, Sally Doe, Wendy Doe, Rachel Doe, and Ellen Doe's

[4693939.3]

housing status in women's facilities and shall continue to provide medical care to treat Plaintiffs' gender dysphoria.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm.  18 U.S.C. § 3626(a)(2).  Plaintiffs have shown a substantial likelihood of success on their claims that implementation of sections 4(a) and 4(c) is or would be unlawful and is causing or would cause them immediate, irreparable harm.  Because any application of Sections 4(a) and 4(c) to Plaintiffs would cause this serious and irreparable harm, a preliminary injunction preventing the implementation of those sections is necessary to correct the harm and is the least intrusive means necessary to do so.  Furthermore, because this preliminary injunction prevents the implementation of only those sections of the Order for which Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if a preliminary injunction is not entered, this order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts.  *Id.*  After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiffs' medical care and housing status while this litigation proceeds.

IT IS SO ORDERED

Dated: _____ 2025        _____
                                          United States District Judge

## ATTORNEYS TO BE NOTIFIED OF ENTRY OF ORDER

Pursuant to Local Rule 7(k), the names and addresses of all attorneys entitled to be notified of entry of this Order, in addition to the attorneys identified above, are as follows:

Edward R. Martin, Jr.
U.S. Attorney for the District of Columbia
USADC.ServiceCivil@usdoj.gov

Jean Lin
U.S. Department of Justice
Email: Jean.Lin@usdoj.gov

Elizabeth B. Layendecker
U.S. Department of Justice
Email: Elizabeth.B.Layendecker@usdoj.gov

Alexander J. Yun
U.S. Department of Justice
Email: Alex.Yun@usdoj.gov