UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE, *et al.*,

    *Plaintiffs,*

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States, *et al.*,

    *Defendants.*

Case No. 1:25-cv-286-RCL

## ORDER

This Court entered two preliminary injunctions in this dispute on February 24, 2025 [ECF No. 55] and March 19, 2025 [ECF No. 68]. These injunctions will expire on May 25, 2025 and June 17, 2025, respectively.

On May 12, 2025, the plaintiffs moved for the Court to enter a new preliminary injunction, providing the same relief as the prior injunctions, to begin on May 25, 2025 and end on August 23, 2025. *See* Mot. for Renewed Preliminary Injunction, ECF No. 81. The defendants indicated, in consultation with the plaintiffs and in their own Motion to Stay Proceedings, that they do not oppose extending these preliminary injunctions. *See* Mot. to Stay Proceedings 2 n.1, ECF No. 76 ("If Plaintiffs move to renew these two preliminary injunctions for 90 days, Defendants would not oppose it."). Neither is the Court aware of any newly discovered factual circumstances that would necessitate a reassessment of the Court's prior holdings that the plaintiffs have met their burden for preliminary injunctive relief or a reevaluation of the terms of that relief.

Therefore, upon consideration of the unopposed Motion for a Renewed Preliminary Injunction and the entire record herein, it is hereby

**ORDERED** that the plaintiffs' Motion is **GRANTED**; and it is further

**ORDERED** that the defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against any plaintiff in this action for the period from May 25, 2025 to August 23, 2025; and it is further

**ORDERED** that, for that period, the defendants shall maintain and continue plaintiffs Jane Doe, Mary Doe, Sara Doe, Emily Doe, Zoe Doe, Tori Doe, Olivia Doe, Susan Doe, Sally Doe, Wendy Doe, Rachel Doe, and Ellen Doe's housing status in women's facilities and shall continue to provide their gender dysphoria treatment as it existed immediately prior to January 20, 2025.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). The plaintiffs have shown a substantial likelihood of success on their claims that implementation of sections 4(a) and 4(c) as to them is or would be unlawful and is causing or would cause them immediate, irreparable harm. Because applying Sections 4(a) and 4(c) to the plaintiffs would cause this serious and irreparable harm, a preliminary injunction preventing the implementation of those sections as to the plaintiffs is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the implementation of only those sections of the Order for which Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if a preliminary injunction is not entered, this Order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. *Id.* After this consideration, the Court has concluded and so finds that no adverse impacts

on public safety or the operation of the criminal justice system will result from maintaining the status quo of the plaintiffs' medical care and housing status while this litigation proceeds.

Date: May 15, 2025

Royce C. Lamberth
United States District Judge