UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE**, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>**PAMELA BONDI**, in her official capacity as Attorney General of the United States, *et al.*,<br><br>       Defendants. | Case No.: **1:25-cv-00286-RCL** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR A RENEWED PRELIMINARY INJUNCTION**

**INTRODUCTION**

This Court issued a preliminary injunction on May 15, 2025. ECF No. 83. The injunctions then in place were soon to expire, Defendants did not oppose extending injunctive relief for another ninety days, and the Court was not "aware of any newly discovered factual circumstances that would necessitate a reassessment of the Court's prior holdings that the plaintiffs have met their burden for preliminary injunctive relief or a reevaluation of the terms of that relief." ECF No. 83 at 1. The parties are at the same juncture again. The Court's May 15, 2025, Preliminary Injunction will expire on August 23, 2025. ECF No. 83 at 2; *see also* 18 U.S.C. § 3626(a)(2). Defendants do not oppose Plaintiffs' request to renew the preliminary injunction. Declaration of Adrienne Spiegel, Ex. A. And the facts that have supported preliminary injunctive relief since this case was first filed remain unchanged. Absent an injunction, Plaintiffs remain at a substantial risk of serious harm because the Executive Order requires the Bureau of Prisons ("BOP") to transfer them to men's facilities. A renewed injunction is also necessary to ensure Plaintiffs' continued access to medically necessary care for gender dysphoria. Plaintiffs respectfully make this unopposed request that the Court enter a new

[4739020.6]

preliminary injunction for a ninety-day period from August 23, 2025 through November 21, 2025.

I.     **STATEMENT OF FACTS**

Plaintiffs have previously detailed the facts giving rise to their claims.[1] Plaintiffs incorporate those prior statements of facts in addition to the summary here. Every Plaintiff resides in a women's facility and has resided there for months or years pursuant to an individualized determination made by the BOP. Every Plaintiff has a diagnosis of gender dysphoria, and every Plaintiff receives hormone medication to treat this serious but treatable medical condition. Plaintiffs all face a substantial risk of serious harm from Executive Order 14168's mandate that BOP transfer them to men's prisons and terminate their medical treatment for gender dysphoria. *See* Executive Order 14168, 90 Fed. Reg. 8615 (Jan. 20, 2025); ECF No. 13-4 ¶¶ 3–6; ECF No. 13–5 ¶¶ 5-17; ECF No. 61-4 ¶¶ 4–16; ECF No. 61-3 ¶¶ 4–8; ECF No. 81-2 ¶¶ 3–11; ECF No. 81-3 ¶¶ 2–11; ECF No. 81-4 ¶¶ 3–10; ECF No. 81-5 ¶¶ 5–12; ECF No. 81-6 ¶¶ 2–12; ECF No. 81-7 ¶¶ 3–12; ECF No. 81-8 ¶¶ 4–12; ECF No. 81-9 ¶¶ 4–18; ECF No. 81-10 ¶¶ 3–10.

Since Plaintiffs initiated this lawsuit, Defendants continue to defend the discriminatory and dangerous housing and medical policies laid out in Executive Order 14168 and in BOP's implementing memoranda, and they have appealed this Court's Orders enjoining application of the housing policy to Plaintiffs. Notices of Appeal, ECF Nos. 72, 84. A renewed preliminary

---

[1] *See* Memorandum of Points and Authorities in Support of Motion for Emergency Temporary Restraining Order and Preliminary Injunction, ECF No. 13-1, at 3–5; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order and Expanded Preliminary Injunction, ECF No. 50-1, at 3–5; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF No. 66-1 at 3–6; Memorandum of Points and Authorities in Support of Unopposed Motion for Renewed Preliminary Injunction, ECF No. 81-1 at 2–3.

injunction is necessary to ensure that Defendants do not transfer all Plaintiffs to men's facilities—where they face a substantial risk of sexual assault, physical violence, exacerbated gender dysphoria, and mental health decompensation—and to ensure Plaintiffs' continued access to medically necessary treatment for gender dysphoria.

On June 3, 2025, the Court issued a preliminary injunction in the related case *Kingdom v. Trump*, a certified class action challenging the Executive Order's ban on medical treatment for gender dysphoria and BOP's policies implementing the ban. *See* Order, *Kingdom v. Trump*, 1:25-cv-00691-RCL, ECF No. 68 (June 3, 2025). That injunction does not obviate Plaintiffs' need for relief here. The *Kingdom* injunction deals exclusively with medical care. *Id.* at 2 (requiring BOP to provide class members "gender affirming hormone therapy and social accommodations in accordance with BOP policy and practice in effect immediately prior to Defendant Trump's issuance of Executive Order 14168 on January 20, 2025"). It does not address the housing and transfer policies at issue in this litigation. As to medical care, while Plaintiffs are members of the class covered by that injunction, record evidence in that case indicates a pattern of noncompliance at BOP facilities, Declaration of Corene E. Kendrick In Support of Plaintiffs' Motion for Renewed Preliminary Injunction, *Kingdom v. Trump*, 1:25-cv-00691-RCL, ECF No. 78-2 at 8–9 (August 8, 2025), and Plaintiffs have no independent ability to enforce the *Kingdom* injunction. Further, because the basis for the relief ordered in *Kingdom* is the Administrative Procedure Act, it does not address Plaintiffs' constitutional entitlement to medically necessary care. Plaintiffs thus have an ongoing need for preliminary injunctive relief.

## II.    PROCEDURAL HISTORY

On January 30, 2025, Plaintiffs Jane Doe, Mary Doe, and Sara Doe initiated this action seeking injunctive relief to prohibit Defendants from implementing Sections 4(a) and 4(c) of Executive Order 14168, which mandates Plaintiffs' transfers and the termination of all medical

care related to their gender dysphoria. On February 4, 2025, this Court entered a temporary restraining order prohibiting Defendants from implementing Sections 4(a) and 4(c) of the Executive Order, ECF No. 23, and on February 18, 2025, the Court granted Plaintiffs' request for a preliminary injunction, ECF No. 44.

Following the Court's February 18 preliminary injunction, Defendants took steps to prepare to transfer other transgender women in women's facilities not covered by the Order. Plaintiffs filed their First Amended Complaint to add Emily Doe, Zoe Doe, Tori Doe, Olivia Doe, Susan Doe, Lois Doe, Sophia Doe,[2] Sally Doe, and Wendy Doe as additional plaintiffs seeking injunctive relief. ECF No. 47. On February 24, 2025, this Court entered a preliminary injunction prohibiting Defendants from implementing Sections 4(a) and 4(c) of the Executive Order with regard to the three original Plaintiffs and the nine additional Plaintiffs. ECF No. 55.

Shortly thereafter, Defendants transferred two transgender women, Rachel Doe and Ellen Doe, from women's housing to men's facilities. Plaintiffs filed their Second Amended Complaint to add these two individuals as plaintiffs seeking injunctive relief. ECF No. 58-2. On March 19, 2025, this Court entered a preliminary injunction prohibiting Defendants from implementing Sections 4(a) and 4(c) of the Executive Order with regard to Rachel and Ellen Doe and requiring BOP to transfer them back to a women's facility immediately and to reinstate or continue their gender dysphoria treatment. ECF No. 68.

On April 2, 2025, Defendants noticed an appeal of the Court's preliminary injunctions, focusing their appeal "only on whether transferring these inmates to men's facilities is illegal." ECF No. 76 at 2; ECF No. 72. On April 24, 2025, Defendants moved to stay further proceedings

---

[2] Plaintiff Sophia Doe has voluntarily dismissed her claims (ECF No. 80) and does not seek relief through this motion.

in the District Court until August 23, 2025, except with regard "to any motions to extend or renew the preliminary injunctions, any issue that may arise from compliance with those preliminary injunctions, the entry of any protective order, any motions to amend the complaint to add new plaintiffs and for preliminary injunctive relief regarding those plaintiffs, and other case management issues. Moreover, either Plaintiffs or Defendants may move to lift the stay at any time." ECF No. 76 at 4. The Court granted the motion. ECF No. 77 at 1.

Plaintiffs filed an unopposed motion for a renewed preliminary injunction on May 12, 2025, because, under the PLRA, the injunctions then in place would expire before the end of May. ECF No. 81. On May 15, 2025, the Court granted Plaintiffs' motion and ordered that from May 25, 2025 through August 23, 2025, Defendants were "enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against any plaintiff in this action." ECF No. 83 at 2. The Court further ordered Defendants to "maintain and continue" all plaintiffs' "housing status in women's facilities" and to "continue to provide their gender dysphoria treatment as it existed immediately prior to January 20, 2025." *Id.*

### III.  LEGAL STANDARD

An injunction issued in a lawsuit covered by the Prison Litigation Reform Act ("PLRA") automatically expires after 90 days unless the court "render[s] it permanent" by "ma[king] specific findings that the restraint is narrowly drawn, extends no further than necessary to correct the violation of [the] federal right, and is the least intrusive means necessary to correct that violation." *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021); *see also* 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). Alternatively, upon a showing by Plaintiffs that preliminary relief remains necessary, the Court can impose a new preliminary injunction. "Nothing in the statute limits the number of times a court may enter preliminary relief." *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001); *see also Monroe v. Bowman*, 122 F.4th 688, 697 (7th Cir. 2024);

*Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023); *Alloway v. Hodge*, 72 F. App'x 812, 817 (10th Cir. 2003).  The new injunction can be identical to the prior one, so long as the court makes the "needs-narrowness-intrusiveness" findings anew.  *See Mayweathers*, 258 F.3d at 935–36.  This Court can thus renew the relief currently in place—and thereby continue to preserve the status quo—by issuing a new injunction and finding that the relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

*Winter* provides the familiar substantive standard.  To obtain a preliminary injunction, plaintiffs must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Because the government is the defendant, the harm to the opposing party and public interest merge.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## IV.  ARGUMENT

This Court has already concluded that Plaintiffs have met their burden for preliminary injunctive relief.  ECF No. 23 at 8–11; ECF No. 55 at 2–3; ECF No. 68 at 2–3; ECF No. 83 at 1.  Plaintiffs incorporate by reference the arguments made in their prior motions.[3]

Aside from the preliminary injunction entered in *Kingdom*, which does not address the constitutional injuries Plaintiffs face as discussed above, there have been no factual

---

[3] *See* Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order, ECF No. 13-1 at 7–26; Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order and Expanded Preliminary Injunction, ECF No. 50-1 at 6–24; Memorandum of Points and Authorities in Support of Motion for Further Preliminary Injunction or Temporary Restraining Order, ECF No. 66-1 at 7–11; Memorandum of Points and Authorities in Support of Plaintiffs' Unopposed Motion for a Renewed Preliminary Injunction, ECF No. 81-1 at 6–10.

developments that would disrupt the Court's prior conclusions. Plaintiffs have shown that they are likely to succeed on the merits of their claims; they will face irreparable harm in the absence of continued injunctive relief; and the public interest and balance of equities weigh in favor of granting preliminary injunctive relief. For the reasons stated here and in Plaintiffs' prior motions, Sections 4(a) and 4(c) of Executive Order 14168 and Defendants' implementation of it violate the Eighth Amendment, the Fifth Amendment's Due Process Guarantee, and the Administrative Procedure Act ("APA").[4]

### A. Plaintiffs continue to show a likelihood of success on the merits of their claims.

#### 1. Eighth Amendment Claim

Plaintiffs have previously shown that they are likely to succeed on the merits of their Eighth Amendment claim. *See* ECF No. 13-1 at 14–18; ECF No. 50-1 at 6–10; ECF No. 66-1 at 7; ECF No. 81-1 at 6–7. The Executive Order's categorical requirement that Plaintiffs be transferred to men's prisons—despite preexisting individualized determinations that they should be housed in a women's prison—constitutes a failure to protect Plaintiffs from a substantial risk of serious harm and deliberate indifference to those risks if transferred to men's facilities. *See Farmer v. Brennan*, 511 U.S. 825, 839–40, 846 (1994). As this Court observed, Defendants have "[s]ummarily remov[ed] the possibility of housing the plaintiffs in a women's facility, when that was determined to be the appropriate facility under the existing constitutional and statutory regime." ECF No. 55 at 3. That policy violates the Eighth Amendment. *Id.*

Similarly, the Executive Order's categorical requirement that Plaintiffs cease to receive medical treatment for their gender dysphoria—which BOP has diagnosed in all Plaintiffs and for

---

[4] Plaintiffs maintain additional claims as well, but do not restate them here for purposes of seeking preliminary injunctive relief.

which BOP has provided treatment to all Plaintiffs for months or years—amounts to a failure to protect and deliberate indifference. The Court has made this determination four times. ECF No. 23 at 8–10; ECF No. 55 at 2–3; ECF No. 68 at 2–3; ECF No. 83 at 1–2. Because no facts supporting Plaintiffs' need for preliminary injunctive relief have changed, and Defendants do not oppose Plaintiffs' request for a renewed preliminary injunction, the Court should reach the same conclusion again.

2. **APA Claim**

As the Court has recognized, Plaintiffs' Eighth Amendment claims are sufficient to sustain a preliminary injunction preventing Defendants' implementation of Sections 4(a) and 4(c) of the Executive Order with regard to Plaintiffs. ECF No. 23 at 8. For the reasons set forth in Plaintiffs' prior motions, Defendants' implementation of the Executive Order also violates the APA. *See* ECF No. 13-1 at 18–21; ECF No. 50-1 at 19-23; ECF No. 66-1 at 9; ECF No. 81-1 at 8. As Plaintiffs have argued, BOP's blanket policy, mandated by the Executive Order, of transferring transgender women to men's facilities runs contrary to PREA regulations, effectively rescinds those regulations without following necessary procedures, and is arbitrary and capricious, unconstitutional, and not in accordance with law. *Id.* Similarly, BOP's blanket policy, mandated by the Executive Order, of denying medically necessary healthcare to transgender people, is arbitrary and capricious, unconstitutional, and not in accordance with law. Plaintiffs incorporate these arguments from prior motions by reference.

3. **Equal Protection Claim**

Defendants' actions also violate Plaintiffs' rights under the Equal Protection clause. Plaintiffs incorporate by reference the arguments in favor of their Equal Protection claim from their prior motions explaining that Defendants' implementation of the Executive Order is subject to heightened scrutiny, and, so scrutinized, fails to pass constitutional muster. *See* ECF No. 13-1

at 7–14; ECF No. 50-1 at 10–17.  As set forth in Plaintiffs' prior briefings, the Executive Order is based on animus and would fail even rational basis review.  *See* ECF No. 13-1 at 14; ECF No. 50-1 at 16–17.

### B.    Plaintiffs continue to face irreparable harm without an injunction.

This Court has previously found that all Plaintiffs would suffer irreparable harm without an order preventing Defendants from enforcing Sections 4(a) and 4(c).  *See* ECF No. 23 at 10; ECF No. 55 at 2–3; ECF No. 68 at 2–3.  Without a renewed injunction, Plaintiffs will be transferred imminently to male prisons, where they will face an extremely high risk of sexual assault, physical violence, exacerbated gender dysphoria, and mental health decompensation. *See*, *e.g.*, *Greene v. Bowles*, 361 F.3d 290, 292 (6th Cir. 2004) (describing severe physical attack against a transgender woman by another prisoner); *Tay v. Dennison*, 457 F. Supp. 3d 657, 664–68 (S.D. Ill. 2020) (describing severe sexual misconduct against a transgender woman by prison staff and physical attack by a male prisoner).

Injunctive relief is also necessary to ensure BOP's provision of constitutionally required and medically necessary hormone treatment and other care for gender dysphoria.  The denial of critical treatment for gender dysphoria would result in serious medical complications and physical changes, would worsen Plaintiffs' symptoms of gender dysphoria, and would likely lead to serious and potentially life-threatening consequences, such as heightened risk of suicidality. *See* Ettner Decl., ECF No. 13-6 ¶ 10.  Moreover, as the Court has recognized, "placement in a male penitentiary *by itself* will exacerbate the symptoms of [Plaintiffs'] gender dysphoria, *even if* they are not subject to physical or sexual violence in their new facility—whether because they will be subject to searches by male correctional officers, made to shower in the company of men, referred to as men, forced to dress as men, or simply because the mere homogenous presence of men will cause uncomfortable dissonance."  ECF No. 55 at 3 n.2.

    **C.    The balance of equities and the public interest weigh in favor of renewing injunctive relief.**

The balance of equities and public interest factors strongly favor a renewed injunction. As this Court has found, "the public interest in seeing the plaintiffs relocated immediately to male facilities is slight at best." ECF No. 23 at 11.  And continuing to provide medically necessary care to Plaintiffs would not unduly burden the government or harm the public.  On the other side of the scale are Plaintiffs' weighty interests in protection from bodily harm, interests that are "not abstract at all."  *Id.*  The Court's prior determinations are equally true today.

    **D.    The renewed injunction meets the PLRA's requirements.**

The requested injunction is narrowly drawn and extends no further than necessary to correct and prevent the harm to plaintiffs that would result from implementation of the Executive Order.  18 U.S.C. § 3626(a)(2).  It prohibits Defendants from applying only the challenged sections of the Executive Order and BOP's implementing memoranda, and it prohibits Defendants from doing so only as to Plaintiffs.  It is also the least intrusive means necessary to correct this harm.  BOP has no discretion under the Executive Order to maintain Plaintiffs' housing in women's facilities, nor to continue Plaintiffs' necessary medical care.  Thus, enjoining Defendants is the least intrusive action the Court could take that will ensure Plaintiffs are not deprived of their rights.  Finally, renewing the preliminary injunctions for 90 days will have no adverse impact on public safety or the operation of the criminal justice system because the order will simply maintain the status of Plaintiffs' medical care and housing while the litigation proceeds.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a new preliminary injunction renewing the relief in the current injunctions for an additional ninety (90)

days, from August 23, 2025 to November 21, 2025.

Respectfully submitted,

Dated: August 15, 2025

/s/ *Adrienne Spiegel*

Adrienne Spiegel (admitted *pro hac vice*)
Ernest Galvan (admitted *pro hac vice*)
Kara J. Janssen (admitted *pro hac vice*)
Ben Hattem (admitted *pro hac vice*)
EGalvan@rbgg.com
KJanssen@rbgg.com
ASpiegel@rbgg.com
BHattem@rbgg.com
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830

Eve L. Hill (Bar No. 424896)
ehill@browngold.com
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

Christopher Stoll (admitted *pro hac vice*)
Amy Whelan (admitted *pro hac vice*)
CStoll@nclrights.org
AWhelan@nclrights.org
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel: (415) 365-1338
Fax: (415) 392-8442

Jennifer L. Levi (admitted *pro hac vice*)
Sarah Austin (admitted *pro hac vice*)
GLBTQ Legal Advocates & Defenders
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

*Attorneys for Plaintiffs-Appellees*