**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr>
<td>

JANE DOE, *et al.*,

Plaintiffs,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, *et al.*,

Defendants.

</td>
<td>

Civ. A. No. 25-286 (RCL)

*Jones v. Blanche*, Civ. A. No. 25-401 (RCL) (consolidated)

*Moe v. Trump*, Civ. A. No. 25-653 (RCL) (consolidated)

</td>
</tr>
</table>

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

Pursuant to the Court's Order of May 14, 2026 (ECF No. 120), Plaintiffs and Defendants respond as follows.

1.      The Order directs the Parties to address "whether they will consent to the Court extending the existing preliminary injunction through the time that the Circuit's mandate shall issue [on June 8, 2026]."

2.      Defendants cannot consent because the Court does not have jurisdiction to extend the existing preliminary injunction that was the subject matter of the Government's appeal.  "The relationship between district court jurisdiction and the issuance of the appeals court mandate is clear and well-known: The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also* Wright & Miller, *Interlocutory Injunction Appeals—Trial Court Action Pending Appeal*, 16 Fed. Prac. & Proc. Juris. § 3921.2 (3d ed.) (discussing that the district court maintains jurisdiction to adjudicate the merits but cannot alter the preliminary injunction under review).  Although the Court of Appeals has

rendered a decision on the Government's appeal from the preliminary injunction, jurisdiction over that preliminary injunction does not return to this Court until the mandate issues on June 8, 2026. *See Johnson v. Bechtel Assocs. Pro. Corp., D.C.*, 801 F.2d 412, 415 (D.C. Cir. 1986). Tellingly, Plaintiffs provide no response to the Court's inquiry.

3.      Defendants also contend Plaintiffs answer a different question in ¶ 4; whether the Court should issue a TRO or preliminary injunction "to preserve the status quo." Plaintiffs' motion for preliminary injunction should only be decided after completion of the briefing schedule below and the hearing scheduled for June 8, 2026. As to their request for a TRO, "to preserve the status quo" is not a justification that would alone satisfy the PLRA, which requires the injunction be narrowly tailored and no more intrusive than necessary, while also giving due weight to public safety and operation of the prison system. These are in addition to the traditional requirements for entitlement to an emergency injunction. To the extent that the Court is inclined to consider the emergency TRO, Defendants respectfully refer the Court to their upcoming preliminary injunction opposition, which will be filed on or before May 29, 2026, per the proposed schedule below.

4.      Plaintiffs believe that the issue before the Court is not whether it should extend the operative preliminary injunction, which expires on May 20, 2026, but whether it should issue a new TRO or preliminary injunction, consistent with the PLRA, to preserve the status quo with respect to housing and medical care for the Plaintiffs. After the appellate court issued its decision remanding this case, Plaintiffs asked Defendants to agree in writing that they would not transfer Plaintiffs to men's facilities and that they would preserve the status quo of their healthcare until this Court could rule on a new motion for relief. Defense counsel refused. Accordingly, the Court now has before it Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, a memorandum in support of same, and supporting declarations from Plaintiffs and four experts. Dkt. 116-1 through 116-29; Dkt. 117-1 through 117-28. Plaintiffs contend that the Court should therefore grant the TRO

in accordance with Fed. R. Civ. P. 65(b) pending its ruling on the preliminary injunction, or should grant the preliminary injunction, both of which are supported by new facts.

5.     The Court also ordered the parties "to submit a joint briefing schedule for the Motion for Preliminary Injunction." The parties propose the following schedule ahead of the June 8, 2026, hearing on the preliminary injunction:

- 5/29/26 at 12:00pm EST: Defendants' opposition to Plaintiffs' motion (up to 65 pages)

- 6/5/26: Plaintiffs' Reply (up to 20 pages)

6.     Plaintiffs' counsel also informed Defense counsel, however, that because Defendants have not yet produced Plaintiffs' full medical and correctional files, among other documents, and does not anticipate doing so until May 22, 2026 (two days after the current preliminary injunction expires), Plaintiffs wish to preserve our ability to file supplemental briefing and/or evidence should that become necessary. In the alternative, Plaintiffs suggested that if Defendants prefer to negotiate a full schedule that will take discovery and supplemental briefing into account, while maintaining the status quo for the Plaintiffs, Plaintiffs would be amenable to that process. Defendants refused. Plaintiffs therefore respectfully request that any scheduling order issued by this Court preserve Plaintiffs' ability to file supplemental briefing and/or evidence at an appropriate time.

7.     The parties have also been working to resolve issues surrounding informal discovery. Plaintiffs do not yet know whether any such issues will require the Court's attention, but any such future issues could also impact the adjudication of the pending motion for preliminary injunction.

8.   A proposed scheduling order is attached.

Dated: May 18, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov


/s/ Amy Whelan
AMY WHELAN, admitted *pro hac vice*
National Center for LGBTQ Rights
1401 21st Street #11548
Sacramento, CA 95811
awhelan@nclrights.org

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, *et al.*,<br><br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, *et al.*,<br><br><br>Defendants. | Civ. A. No. 25-286 (RCL)<br><br>*Jones v. Blanche*, Civ. A. No. 25-401 (RCL)<br>(consolidated)<br><br>*Moe v. Trump*, Civ. A. No. 25-653 (RCL)<br>(consolidated) |

**[PROPOSED] ORDER**

It is hereby **ORDERED** that Defendants' opposition to Plaintiffs' motion for preliminary injunction is due May 29, 2026, 12:00pm EST (up to 65 pages), and Plaintiffs' reply is due June 5, 2026 (up to 20 pages). If the parties believe they need supplemental filings in addition to a response and reply, the parties will attempt to resolve any issues regarding such supplemental filings through a meet and confer process before bringing that issue to the Court.

DATED:_____                          _____

Royce C. Lamberth
United States District Judge