**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JANE DOE**, *et al.*, | |
| *Plaintiffs,* | **Case No. 1:25-cv-286-RCL** |
| **v.** | **Case No. 1:25-cv-401-RCL (consolidated)** |
| | **Case No. 1:25-cv-653-RCL (consolidated)** |
| **TODD BLANCHE**, in his official capacity as Acting Attorney General of the United States, *et al.*, | |
| *Defendants.* | |

## ORDER FOR PRELIMINARY INJUNCTION

This Court entered a preliminary injunction in this dispute on February 12, 2026.  ECF No. 101.  The injunction began on February 19, 2026, and is set to automatically expire on May 20, 2026, under the PLRA.  *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.").

On four prior occasions, Plaintiffs moved for (and Defendants did not oppose) this Court's renewal of the original preliminary injunction that was entered on February 24, 2025, ECF No. 55.  *See* ECF No. 81 ("Unopposed Motion for Renewed Preliminary Injunction"); ECF No. 87 (same); ECF No. 93 (same); ECF No. 100 (same).  The Court granted each request.  ECF Nos. 83, 89, 94, 101.  Each of those four renewals occurred while a portion of the injunction was on interlocutory appeal at the D.C. Circuit.  At no point during the appeal did the government argue that this Court lacked jurisdiction to renew the preliminary injunction.

1

On April 17, 2026, the D.C. Circuit issued an opinion vacating the portion of the preliminary injunction that reached the issue of Plaintiffs' transfers and remanded the matter to this Court to make the individual factual determinations necessary for a likelihood of success on Plaintiffs' Eighth Amendment claims. *Doe v. Blanche*, 172 F.4th 901, 915–19 (D.C. Cir. 2026). The D.C. Circuit's mandate will not, however, issue until June 8, 2026. That means that the operative preliminary injunction will expire on its own terms (on May 20) before it is formally vacated by the Circuit (on June 8).

On May 13, 2026, Plaintiffs filed a motion for a new temporary restraining order and preliminary injunction—one that complies with the Circuit's opinion—requesting relief for the period that runs from May 21, 2026, to August 19, 2026. ECF No. 117. Defendants say they cannot respond to that motion until May 29, 2026, at 12:00 PM, ECF No. 121, and will not agree in writing to refrain from transferring Plaintiffs to men's facilities until this Court can rule on a new motion for relief. *Id.* The Court therefore asked the parties if they would consent to this Court renewing the existing preliminary injunction for the limited period from May 21, 2026, to June 8, 2026, when the mandate issues and the injunction is formally vacated by the Circuit's decision. ECF No. 120.

In response, Defendants contend for the first time that this Court lacks jurisdiction to renew the preliminary injunction while it is still technically on appeal. ECF No. 121 at 1 ("Defendants cannot consent because the Court does not have jurisdiction to extend the existing preliminary injunction that was the subject matter of the Government's appeal . . . Although the Court of Appeals has rendered a decision on the Government's appeal from the preliminary injunction, jurisdiction over the preliminary injunction does not return to this Court until the mandate issues on June 8, 2026."). This Court then set an Emergency Status Hearing for May 20, 2026, to discuss

this Court's jurisdiction to either renew the existing preliminary injunction through June 8, 2026, or to enter a new TRO and preliminary injunction before the Circuit's mandate issues. ECF No. 122.

Since that time, the Court has assured itself of its own jurisdiction and finds that it is no longer necessary to have a hearing. In *Mayweathers v. Newland*, the Ninth Circuit held that a district court retains jurisdiction under Federal Rule of Civil Procedure 62(c) to renew a preliminary injunction that is expiring under § 3626(a)(2), even when that injunction is the subject of an interlocutory appeal. 258 F.3d 930, 935–36 (9th Cir. 2001) ("The district court's entry of the second injunction fell within Rule 62(c)."). In its *Doe* decision, the D.C. Circuit did not actually resolve whether § 3626(a)(2) "limits a district court's ability to issue a new preliminary injunction at the end of the ninety-day period," but concluded that "any implicit restriction to that effect can be and has been waived by the defendants." *Doe*, 172 F.4th at 912. Nor did the Circuit consider whether "any implicit limitation section 3626(a)(2) imposes on a district court's ability to issue a successive preliminary injunction is jurisdictional" because "no one contend[ed]" that it was. *Id.* Following the Ninth Circuit's approach, the Court retains jurisdiction to renew the existing preliminary injunction through the time that it is formally vacated by the Circuit's mandate issuing on June 8, 2026. Therefore, it is hereby

**ORDERED** that the defendants are enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against any plaintiff in this action for the period from May 21, 2026, to June 8, 2026; and it is further

**ORDERED** that, for the period from May 21, 2026, to June 8, 2026, the defendants shall maintain and continue Plaintiffs housing status in women's facilities and shall continue to provide their gender dysphoria treatment as it existed immediately prior to January 20, 2025.

In accordance with the Prison Litigation Reform Act, this Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Plaintiffs have shown a substantial likelihood of success on their claims that implementation of sections 4(a) and 4(c) is or would be unlawful and is causing or would cause them immediate, irreparable harm. Because any application of sections 4(a) and 4(c) to the plaintiffs would cause this serious and irreparable harm, a preliminary injunction preventing the implementation of those sections is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the implementation of only those sections of the Order for which Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if a preliminary injunction is not entered, this order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court had considered any adverse impact on public safety or the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. *Id.* Having done so, the Court finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiffs' medical care and housing status while litigation proceeds; and it is further

**ORDERED** that the Emergency Status Hearing set for May 20, 2026, is **VACATED** and Defendant's Emergency Motion to Continue the Status Hearing, ECF No. 123, is **DENIED** as moot.

Date: _____May 19, 2026_____
      5:00 p.m.

_____Royce C. Lamberth_____
Royce C. Lamberth
United States District Judge

4