**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE**, *et al.*, | |
| *Plaintiffs,* | **Case No. 1:25-cv-286-RCL** |
| **v.** | **Case No. 1:25-cv-401-RCL (consolidated)** |
| **TODD BLANCHE**, *in his official capacity* as Acting Attorney General of the United States, *et al.*, | **Case No. 1:25-cv-653-RCL (consolidated)** |
| *Defendants.* | |

**ORDER**

This matter having been opened to the Court by Lowenstein Sandler LLP, GLBTQ Legal Advocates & Defenders, National Center for LGBTQ Rights, and Brown Goldstein & Levy, counsel for Plaintiffs, by way of an emergency motion for preliminary injunctive relief ("Plaintiffs' Motion"), and the Court having considered the accompanying papers and the record in the above-captioned matters; and

**WHEREAS**, Plaintiffs seek to preserve the status quo and prevent Defendants from implementing Section 4(a) of Executive Order 14168 against any Plaintiff; and

**WHEREAS**, based on the individualized findings set forth on the record and in the Court's accompanying memorandum opinion, Plaintiffs Emily Doe, Lois Doe, Mary Doe, Olivia Doe, Rachel Doe, Sally Doe, Sara Doe, Wendy Doe, Zoe Doe, Amy Jones, Barbara Jones, Carla Jones, Jane Jones, and Maria Moe have established that (1) they are likely to succeed on the merits of their claims; (2) they are likely to suffer imminent and irreparable harm absent injunctive relief; (3) the balance of equities favors Plaintiffs; and (4) injunctive relief is in the public interest;

**IT IS ORDERED** that:

1

1. Plaintiffs' Motion for Preliminary Injunction is **GRANTED**;

2. Defendants and their officers, employees, servants, agents, appointees, and successors are enjoined from implementing Section 4(a) of Executive Order 14168 against Emily Doe, Lois Doe, Mary Doe, Olivia Doe, Rachel Doe, Sally Doe, Sara Doe, Wendy Doe, Zoe Doe, Amy Jones, Barbara Jones, Carla Jones, Jane Jones, or Maria Moe for the period from June 8, 2026 to September 6, 2026;

3. Defendants shall maintain and continue the housing status in women's facilities, including women's prisons and women's halfway houses, where applicable, of Plaintiffs Emily Doe, Lois Doe, Mary Doe, Olivia Doe, Rachel Doe, Sally Doe, Sara Doe, Wendy Doe, Zoe Doe, Amy Jones, Barbara Jones, Carla Jones, Jane Jones, and Maria Moe, unless or until such time as such Plaintiff is released from the custody of the BOP; and

As required by the Prison Litigation Reform Act, the Court finds that this preliminary relief is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Plaintiffs have shown a substantial likelihood of success on their claims that implementation of Section 4(a) of Executive Order 14168 would be unlawful as applied to them and would cause them immediate, irreparable harm. Preliminary relief preventing the implementation of that section as to Plaintiffs is necessary to correct this immediate, irreparable harm.

This Order is narrowly drawn and extends no further than necessary to correct the harm that the Court finds requires preliminary relief. It restrains Defendants from applying only the

challenged section of the Executive Order and BOP's policies implementing that section, and it restrains Defendants from doing so only as to Plaintiffs.  Further, this Order is the least intrusive action the Court could take that will ensure Plaintiffs are not deprived of their rights or subjected to irreparable harm.  The Order does not contemplate ongoing judicial supervision over Defendants' day-to-day management and operations of BOP facilities; it simply preserves Defendants' own prior determinations regarding Plaintiff's housing while this litigation proceeds, and pauses implementation of the section of an Executive Order that eliminates Defendants' discretion to determine housing on an individualized basis.  The Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by the preliminary relief and has given substantial weight to such impacts.  *Id.*  The Court finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiffs' housing status in women's facilities for 90 days while this litigation proceeds.

Finally, on June 2, 2026, a court in the Northern District of Texas issued a preliminary injunction in *Fleming v. Rule*, No. 4:25-cv-0157-D (N.D. Tex.), a case brought by several cisgender female inmates at FMC Carswell against the United States, the Attorney General, and the Bureau of Prisons, challenging the Bureau's practice of housing transgender female inmates in women's prisons.  The June 2 preliminary injunction was granted at the request of plaintiff-intervenors in that case—a group of cisgender female inmates at FMC Carswell—and ordered the defendants to house transgender female inmates at that facility "in a secure, segregated area," and to use "separate movement, routing, scheduling, or other measures as necessary to prevent overlap between male inmates and female inmates in housing and shared spaces." *Fleming*, June 2, 2026 Prelim. Inj., ECF No. 133, at 3.  Defendants in this case have since filed notice of the *Fleming*

court's preliminary injunction, noting that four of the transgender female inmates housed at FMC Carswell that are subject to the *Fleming* preliminary injunction are also plaintiffs in this matter (Carla Jones, Zoe Doe, Emily Doe, and Mary Doe).

Nothing in the preliminary injunction this Court issues today conflicts with the *Fleming* court's June 2 injunction.   Today's injunction merely enjoins Defendants from transferring Plaintiffs to men's prisons.  It does not, at this juncture, require that Plaintiffs be housed alongside cisgender female inmates or share common spaces.

**IT IS SO ORDERED.**

Date: _____4/7/26_____

_____
Royce C. Lamberth
United States District Judge