## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, et al., | |
| Plaintiffs, | |
| v. | No. 1:25-cv-00286-RCL |
| TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al., | |
| Defendants | |
| and | |
| Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams, | |
| Proposed Intervenor-Defendants. | |
| JANE JONES, et al., | |
| Plaintiffs, | |
| v. | No. 1:25-cv-00401-RCL |
| TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al., | |
| Defendants | |
| and | |
| Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams, | |
| Proposed Intervenor-Defendants. | |
| MARIA MOE, et al., | |
| Plaintiffs, | |
| v. | No. 1:25-cv-00653-RCL |
| DONALD TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants | |
| and | |
| Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams, | |
| Proposed Intervenor-Defendants. | |

**MEMORANDUM OF PROPOSED INTERVENOR-DEFENDANTS
BRENDA LEIGH KIRK, JASMINE MEABON, JESSICA CLEMENCIO MORAIS,
AND KEISHA WILLIAMS IN SUPPORT OF MOTION FOR PARTIAL
RECONSIDERATION OF JUNE 18, 2026 SEALING ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

LEGAL STANDARD ........................................................................................................... 3

ARGUMENT ....................................................................................................................... 4

    I.      Reconsideration Is Necessary Because the June 18 Order Deprived Movants
           of an Opportunity to Address a Motion that Affected Movants' Rights. ...................... 5

    II.     The *Hubbard* Factors Do Not Justify the June 18 Order's Broad Redactions.............. 7

    III.    The Protective Order Does Not Require the Order's Broad Redactions. ..................... 9

CONCLUSION.................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ali v. Carnegie Inst. of Wash.*,
  309 F.R.D. 77 (D.D.C. 2015)........................................................................................ 7

*Berliner Corcoran & Rowe LLP v. Orian*,
  662 F. Supp. 2d 130 (D.D.C. 2009) ............................................................................. 9

*Cable News Network, Inc. v. FBI*,
  984 F.3d 114 (D.C. Cir. 2021) ..................................................................................... 9

*Cobell v. Jewell*,
  802 F.3d 12 (D.C. Cir. 2015) ....................................................................................... 3

*EEOC v. Nat'l Children's Ctr., Inc.*,
  98 F.3d 1406 (D.C. Cir. 1996)................................................................................... 4, 7

*FTC v. Standard Fin. Mgmt. Corp.*,
  830 F.2d 404 (1st Cir. 1987)........................................................................................ 7

*In re Appl. of N.Y. Times Co. for Access to Certain Sealed Ct. Recs.*,
  585 F. Supp. 2d 83 (D.D.C. 2008)............................................................................... 8

*In re Knight Publ'g Co.*,
  743 F.2d 231 (4th Cir. 1984) ....................................................................................... 6

*In re Leopold to Unseal Certain Elec. Surveillance Appls. & Orders*,
  964 F.3d 1121 (D.C. Cir. 2020).................................................................................... 4

*In re Nat'l Broad. Co.*,
  653 F.2d 609 (D.C. Cir. 1981) ..................................................................................... 4

*In re North*,
  16 F.3d 1234 (D.C. Cir. 1994)...................................................................................... 8

*In re Sealed Case*,
  971 F.3d 324 (D.C. Cir. 2020)...................................................................................... 3

*MetLife, Inc. v. Fin. Stability Oversight Council*,
  865 F.3d 661 (D.C. Cir. 2017)............................................................................... 1, 3, 4

*Rock v. McHugh*,
  819 F. Supp. 2d 456 (D. Md. 2011).............................................................................. 6

*SEC v. Am. Int'l Grp.*,
  712 F.3d 1 (D.C. Cir. 2013).......................................................................................... 4

*Stewart v. Panetta*,
  826 F. Supp. 2d 176 (D.D.C. 2011).............................................................................. 7

*United States v. Hubbard,*
   650 F.2d 293 (D.C. Cir. 1980)...................................................................................... 4, 7, 9

*Va. Dep't of State Police v. Wash. Post,*
   386 F.3d 567 (4th Cir. 2004) ............................................................................................ 5

*Vanda Pharms., Inc. v. Food & Drug Admin.,*
   539 F. Supp. 3d 44 (D.D.C. 2021)..................................................................................... 4

*Washington Post v. Robinson,*
   935 F.2d 282 (D.C. Cir. 1991)........................................................................................ 5, 6

**Rules**

Fed. R. Civ. P. 54...................................................................................................................... 3, 7

Local Civ. R. 7 ..................................................................................................................... 1, 2, 6

**INTRODUCTION**

The Court's June 18, 2026 Order granting Plaintiffs' motion to seal Movants' motion to intervene (ECF No. 159) deprived Movants of their right to oppose Plaintiffs' motion, does not adhere to the governing *Hubbard* factors, and exceeds the scope of the governing Protective Order. Reconsideration is thus necessary to correct these errors.

To be sure, Plaintiffs do not want to be publicly identified in this litigation, and Movants do not challenge that desire here. Movants thus do not seek reconsideration of the Court's June 18 Order with respect to redactions of inmate names and prison locations. Movants instead request reconsideration of those portions of the Court's Order that require sealing of extensive factual statements that are not connected to any individual inmate.

Reconsideration of those portions of the Court's Order is necessary for three independent reasons. First, the Order is procedurally deficient because it was sought without Movants' knowledge, *see* Local Civ. R. 7(m); Movants were never provided a copy of Plaintiffs' motion; and Movants were not given an opportunity to respond before the Court ruled. Second, the June 18 Order does not satisfy the *Hubbard* factors. Third, the Order redacts more information than the common-law right of public access to judicial records allows or that the Protective Order demands. The Court's sealing order thus ignored that the "common-law right of public access to judicial records … is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017).

The Court should therefore partially reconsider its June 18 Order and require redactions of only inmate names, prison locations, and specific identifying information.[1]

---

[1] For clarity, Movants are filing sealed versions of their memorandum in support of motion to intervene, supporting declarations, and opposition to Plaintiffs' motion for temporary restraining

**BACKGROUND**

On June 5, 2026, Movants filed a motion to intervene and related materials, including their proposed opposition to Plaintiffs' motion for preliminary injunctive relief and copies of declarations that were publicly filed in a separate case. *See* ECF Nos. 141, 141-1 through 141-5. Those filings presented sworn evidence from incarcerated women concerning prison conditions, bodily privacy, institutional responses to reports of misconduct, and the effect of Plaintiffs' requested relief on women incarcerated at one federal prison. Movants' intervention motion and supporting materials were filed on this Court's public docket.

At some point thereafter, Plaintiffs' counsel contacted the Clerk of Court and requested that the Clerk immediately seal Movants' filing. *See* Order (ECF No. 159). Plaintiffs' counsel did not contact Movants' counsel to inform them of this request, and Plaintiffs' counsel did not contact Movants' counsel to inform them that Plaintiffs objected to any material being placed on the Court's public docket. Plaintiffs instead filed a sealed motion to seal Movants' filing. *See* Pls.' Sealed Mot. to Seal (ECF No. 152). Once again, Movants were not notified of this filing. Plaintiffs did not request Movants' position. *See* Local Civ. R. 7(m). Plaintiffs did not serve Movants with a copy of their sealed motion. And the text of the docket entry did not include any language notifying Movants that Plaintiffs' sealed motion to seal related to Movants' motion to intervene. In fact, to this day, neither Movants nor the public have seen the basis for Plaintiffs' request to seal Movants' intervention filing.

---

order and preliminary injunction with their proposed redactions. *See* Exs. 1–3. In those documents, Movants have highlighted certain text in yellow. That is the currently redacted text for which Movants do not seek reconsideration. Movants have highlighted other text in pink. That is the currently redacted material for which Movants seek reconsideration and which Movants believe should not be redacted.

The Court nonetheless granted Plaintiffs' sealed motion to seal. *See* Order (ECF No. 159). In that Order, the Court permanently sealed Movants' intervention filing and directed Movants to file public versions "with redactions consistent with those proposed in Exhibit 1." *Id.* ¶¶ 3–4. Movants complied with that Order. *See* ECF No. 167.

The Court's Order relies on a Protective Order this Court previously issued. *See* Protective Order (ECF No. 57). That Protective Order applies when a filing "identif[ies] Plaintiffs" and requires redaction of Plaintiffs' identifiers, biographical information, criminal histories, medical information, and other information capable of identifying Plaintiffs to the public. *See id.* ¶ 2. The Protective Order does not, however, extend to protect against publicly identifying facilities where biological males are housed, nor does it extend to require sealing of information about male inmates who are not parties to this case, about prison officials' conduct, or about factual events that are described without identifying a Plaintiff's name.

**LEGAL STANDARD**

The Court's June 18 Order does not resolve the underlying claims, and reconsideration is thus governed by Rule 54(b) of the Federal Rules of Civil Procedure. Under that rule, an interlocutory ruling may be revised when "justice requires." *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015) (collecting cases).

Judicial records carry a strong presumption of public access. That right is "a fundamental element of the rule of law" and protects the integrity and legitimacy of the Judicial Branch. *MetLife*, 865 F.3d at 663; *accord In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) ("[t]he presumption of openness in judicial proceedings is a bedrock principle of our judicial system.").

A court considering sealing must apply the six *Hubbard* factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests

3

asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).

Whether something is a "judicial record depends on the role it plays in the adjudicatory process," *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013) (cleaned up), and the D.C. Circuit regularly treats legal briefs and supporting declarations as judicial records, *see MetLife*, 865 F.3d at 666–67. Once the common-law right of access to judicial records attaches, the burden of proof shifts to the party seeking to maintain confidentiality to justify sealing. *See In re Leopold to Unseal Certain Elec. Surveillance Appls. & Orders*, 964 F.3d 1121, 1129 (D.C. Cir. 2020). Under *Hubbard*, the district court must then "consider[] the relevant facts and circumstances," "weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts," and determine whether "justice so requires" sealing. *MetLife*, 865 F.3d at 665–66 (quoting *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)).

## ARGUMENT

The June 18 Order redacts significant information central to Movants' basis for intervention. That information is already in the public record in another case, and it is not directly connected to any individuals.[2] That information is also of significant public interest, because it is relevant to the Court's resolution of Movants' motion to intervene. *See Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 53 (D.D.C. 2021) (recognizing the public's "transparency interest in knowing what record evidence the Court saw fit to exclude [as well as include] from its explanation of the reasons underlying its ultimate decision." (citing *MetLife*, 865 F.3d at 668)).

---

[2] As noted, Movants do not oppose redacting the names of individual inmates.

Reconsideration is thus necessary for three independent reasons. The June 18 Order granted a motion that affected Movants' rights without allowing Movants an opportunity to respond. The June 18 Order also fails to satisfy the *Hubbard* factors, particularly given the significant public interest in the sealed information. And the Protective Order does not support sealing.

**I.     Reconsideration Is Necessary Because the June 18 Order Deprived Movants of an Opportunity to Address a Motion that Affected Movants' Rights.**

The June 18 Order granted a motion to seal that was itself filed under seal. *See* Order (ECF No. 159) (granting Plaintiffs' sealed motion to seal (ECF No. 152)). Plaintiffs apparently objected to Movants' motion to intervene being placed on the public docket. Yet Plaintiffs never contacted Movants' counsel to identify this objection, and Plaintiffs did not inform Movants' counsel that Plaintiffs would seek partial sealing of Movants' filing. Nor did Plaintiffs include any text in the docket entry of their sealed motion to seal that would have alerted Movants to the fact that Plaintiffs were seeking sealing of Movants' intervention motion. Thus, Movants were deprived of an opportunity to respond to Plaintiffs' arguments about why Movants' filing should be sealed.

The D.C. Circuit has explained that this is not how motions to seal are to be handled. In *Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991), the court addressed the procedures for sealing documents—plea agreements, in that case. One key requirement is filing a notice on the public docket of the request to seal. *Id.* at 289–90; *accord id.* at 290 ("advance notice of a motion to seal is generally necessary to afford interested parties an opportunity to intervene *before* the court hears and rules on the motion"). The *Robinson* court held that the lack of notice was "compounded by the failure of the Magistrate Judge to allow interested parties an opportunity to intervene before ruling on the motion." *Id.* at 289. Other courts have reached the same conclusion outside the context of sealing plea agreements. *See, e.g.*, *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (when considering a motion to seal, the district court "must give

5

the public notice of the request to seal and a reasonable opportunity to challenge the request");

*Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011) (holding in civil rights case that, "[p]rior

to sealing any documents, the court must provide the non-moving party with notice of the request

to seal and an opportunity to object." (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir.

1984))).

In this Court, the notice requirement is underscored by Local Civil Rule 7(m): "Before

filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with

opposing counsel in a good-faith effort to determine whether there is any opposition to the relief

sought and, if there is, to narrow the areas of disagreement." Of course, had Plaintiffs informed

Movants, Movants would have explained why sealing is unsupported by *Hubbard* and not required

by the Protective Order.[3]

At a practical level, the procedures leading to the June 18 Order were particularly

prejudicial. Plaintiffs know which individual inmates correspond to which pseudonyms; Movants

do not. Movants therefore cannot determine whether an inmate publicly identified in the *Fleming*

docket is one of the current pseudonymous Plaintiffs. It is thus unclear whether Plaintiffs

demanded redactions because the named inmates from the *Fleming* docket are Plaintiffs here, or

for some other reason. The Plaintiffs failed to provide any explanation on the public docket, and

the Court failed to "articulate any findings in support of the" sealing Order. *See Robinson*, 935

F.2d at 289.

---

[3] In fact, neither Movants nor the public know whether Plaintiffs even attempted to satisfy the *Hubbard* factors in their sealed motion to seal, further underscoring how far short the process fell leading to the June 18 Order. It is thus also in the Court's interest to unseal this information, to allow the public to have confidence that the Court required Plaintiffs to satisfy the governing legal standards.

6

Because the June 18 Order conflicts with the requirement to provide notice before information is sealed, reconsideration is necessary. Indeed, under Rule 54(b), reconsideration is appropriate "as justice requires," which includes correcting a court's "clear error." *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177–78 (D.D.C. 2011). To be sure, Rule 54(b) does not afford an opportunity "to reargue" issues already raised. *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015), *aff'd,* 684 F. App'x 985 (Fed. Cir. 2017) (per curiam). But Movants are not "reargu[ing]" anything—they are seeking an opportunity to argue in the first instance.

## II.    The *Hubbard* Factors Do Not Justify the June 18 Order's Broad Redactions.

Even if the notice issue were not sufficient to reconsider the June 18 Order, the common-law right of access creates a strong presumption that judicial records will remain public and requires reconsideration. *Nat'l Children's Ctr.*, 98 F.3d at 1409–10. In this Circuit, a court considering sealing must apply the six *Hubbard* factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.,* 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22). Applying the *Hubbard* factors to the information Plaintiffs seek to redact confirms that narrow, name-only redactions are sufficient.

First, the need for public access is substantial. The disputed passages describe alleged sexualized conduct, threats, staff inaction, and resulting harms to incarcerated women—facts bearing directly on intervention, the balance of equities factor in the preliminary injunction analysis, and the proper judicial remedy. And these facts call into question the Government's actions, which increases the public interest in the records. *See FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible is

accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch."). The June 18 Order—and the procedural missteps along the way— deprive the public of the ability to monitor the merits of the legal proceeding without those key facts.

Second, the disputed information has already been publicly accessible. The June 18 Order requires sealing the very same information that is currently available on the public docket in *Fleming v. Rule*, No. 4:25-cv-00157-D (N.D. Tex.). That prior disclosure weighs strongly against concealing the same information here, particularly where Plaintiffs seek to redact entire descriptive sentences and paragraphs rather than just names and identifiers. *See In re North*, 16 F.3d 1234, 1240–41 (D.C. Cir. 1994) (per curiam) (public disclosure weighs in favor of unsealing); *accord In re Appl. of N.Y. Times Co. for Access to Certain Sealed Ct. Recs.*, 585 F. Supp. 2d 83, 93 (D.D.C. 2008) (holding that when "critical information is already in the public forum ... this factor weighs in favor of unsealing the ... materials").

Third, Plaintiffs have objected to disclosure to avoid identification of the pseudonymous Plaintiffs in this case. Putting aside whether Plaintiffs' objections are proper, given the presumption of public access, this objection is addressed by redacting only that information which identifies a Plaintiff. Plaintiffs' objection cannot extend to general evidence about staff responses, threats, or harms experienced by women at a particular federal prison involved in this case.

Fourth, Plaintiffs' asserted privacy interest is limited and substantially diminished. The location of any federal inmate is publicly searchable, and there are news articles describing multiple male inmates currently housed in women's prisons. To the extent a pseudonymous Plaintiff has engaged in misconduct toward incarcerated women, shielding that conduct from

public scrutiny is not a legitimate interest. Nevertheless, by redacting names and specific identifying biographical and criminal details that could identify an individual, Movants' proposed redactions fully protect any privacy interests of Plaintiffs.

Fifth, disclosure presents little possibility of cognizable prejudice. Passages discussing Ms. Meabon's trauma and staff response, Ms. Morais's preservation request, an unnamed wheelchair user's comment, and Ms. Kirk's account of threatening conduct do not identify any individual. Any possible prejudice from the passages naming individuals is eliminated by Movants' narrowed redactions.

Sixth, Movants introduced the disputed material to influence the Court's decisions on intervention and emergency injunctive relief that affects the prison in which they are currently housed. This factor favors disclosure when "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009). As the D.C. Circuit has explained, "[w]hen a sealed document is considered as part of judicial decisionmaking, the sixth factor will oftentimes carry great weight." *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021); *accord Hubbard*, 650 F.2d at 321 (calling the sixth factor the "single most important" on the facts before it).

Accordingly, the *Hubbard* factors counsel against the current broad redactions, and in favor of Movants' proposed narrowed redactions.

## III.   The Protective Order Does Not Require the Order's Broad Redactions.

The Protective Order does not authorize blanket redaction of information concerning conditions in federal prisons or the experiences of women incarcerated there. It requires the limited redaction of certain information, all of which is focused on not identifying Plaintiffs publicly:

9

all personal identifiers in accordance with Federal Rule of Civil Procedure 5.2 and must also redact:

a. Plaintiffs' biographical details, including but not limited to their ages, places of residence, current and former names, dates of birth, and school experiences;

b. Plaintiffs' criminal histories, including the crimes they were convicted of, quotes from their sentencing judges, their terms of incarceration, disciplinary records, and rehabilitation activities;

c. All details of Plaintiffs' medical histories, records, treatments, and specific physical and mental health diagnoses, including those outside of their gender dysphoria; and

d. Any other information that could identify Plaintiffs to the public.

Protective Order ¶ 2 (ECF No. 57).

Putting aside the validity of the Protective Order,[4] its terms do not support the redactions required by the June 18 Order. The same is true for the other Protective Orders the Court has issued. *See, e.g.*, ECF No. 79. To qualify for redaction, the information must "identif[y] Plaintiffs," and the information must divulge certain information belonging to Plaintiffs—their biographies, criminal histories, medical information, or other identifying details. The Protective Order does not protect every fact concerning another inmate merely because the inmate is housed at the same institution as a Plaintiff.[5]

Far beyond any such identifying information about Plaintiffs, the June 18 Order required redactions of information supporting Ms. Meabon's belief that staff failed to take her report seriously and the incident's effect on her, Ms. Morais's request that footage be preserved and her communications with prison officials, Ms. Herrera's account of an unnamed inmate's comment,

---

[4] This order itself is likely overbroad. A particular individual's criminal history, such as a male inmate who has been convicted of sexually assaulting a woman, is central to the legal issues involved in a case requesting that male inmates reside in women's prisons.

[5] Despite this, Movants do not seek reconsideration of the redactions of facility locations.

and Ms. Kirk's account of threatening conduct in shared spaces. With names of male inmates redacted, these accounts comply with the Protective Order: they disclose information about the declarants, prison personnel, or unnamed inmates. These passages neither identify a Plaintiff nor disclose any Plaintiff's biography, criminal history, medical information, or other identifying details.

The passages concerning named male inmates warrant, at most, narrower treatment. Because Movants do not know whether any specific individual is a pseudonymous Plaintiff in this case, Movants propose redacting the individual's name while leaving the alleged conduct and institutional response public. That approach complies fully with the Protective Order without suppressing substantive evidence relevant to the Court's adjudication.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court partially reconsider its June 18 Order by significantly reducing the portions of Movants' intervention filing that must be redacted. The Court should require continued redaction of inmate names (other than Movants) and inmate locations. Requiring the information to remain under seal fails to abide by the presumption of public access, which has not been overcome here.

July 16, 2026                                         Respectfully submitted,

                                                     */s/ Brian J. Field*
                                                     BRIAN J. FIELD
                                                     D.C. Bar No. 985577
                                                     JOHN GREIL*
                                                     Texas Bar No. 24110856
                                                     SCHAERR | JAFFE LLP
                                                     1717 K Street NW, Suite 900
                                                     Washington, DC 20006
                                                     Tel.: (202) 787-1060
                                                     bfield@schaerr-jaffe.com
                                                     jgreil@schaerr-jaffe.com

                                                     *Admitted *pro hac vice*

                                                     *Counsel for Proposed Defendant-
                                                     Intervenors Brenda Leigh Kirk,
                                                     Jasmine Meabon, Jessica Clemencio
                                                     Morais, and Keisha Williams*

12