# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANE DOE, *et al.*, <br><br><br>Plaintiffs, <br><br>v. <br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, *et al.*, <br><br><br>Defendants. | Civ. A. No. 25-286 (RCL) <br><br> Consolidated with *Jones v. Blanche*, Civ. A. No. 25-401 (RCL); *Moe v. Trump*, Civ. A. No. 25-653 (RCL) |

## DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................................1

BACKGROUND ...................................................................................................................................1

STANDARD OF REVIEW ...................................................................................................................2

ARGUMENT.........................................................................................................................................3

      I.      The Court Should Deny the Motion to Intervene..........................................................3

            A.    The Motion to Intervene Is Untimely and Would Unduly Delay Proceedings. ..3

            B.    The Government Adequately Represents Putative Intervenors' Interests. ..........4

      II.     The Scope of Intervention Should Be Limited. ..................................................................5

CONCLUSION......................................................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Amador Cnty. v. U.S. Dep't of the Interior,*
  772 F.3d 901 (D.C. Cir. 2014) ...................................................................................................3

*Campaign Legal Ctr. v. Fed. Election Comm'n,*
  68 F.4th 607 (D.C. Cir. 2023) ...................................................................................................4

*Deutsche Bank Nat'l Trust Co. v. FDIC,*
  717 F.3d 189 (D.C. Cir. 2013) ..................................................................................................2

*Doe v. Blanche,*
  172 F.4th 901 (D.C. Cir. 2026) .................................................................................................1

*Doe v. McHenry,*
  763 F. Supp. 3d 81 (D.D.C. 2025),
  *vacated and remanded sub nom. Doe v. Blanche,* 172 F.4th 901 (D.C. Cir. 2026) ................... 1, 5

*Doe v. Blanche,*
  No. 1:25-CV-286-RCL, 2026 WL 1642068 (D.D.C. June 7, 2026) ........................................1

*EEOC v. Nat'l Children's Ctr., Inc.,*
  146 F.3d 1042 (D.C. Cir. 1998) ................................................................................................3

*Farmer v. EPA,*
  759 F. Supp. 3d 101 (D.D.C. 2024) ..........................................................................................6

*Jones v. Bondi,*
  No. 1:25-CV-401-RCL, 2025 WL 923117 (D.D.C. Feb. 24, 2025),
  *vacated and remanded sub nom. Doe v. Blanche,* 172 F.4th 901 (D.C. Cir. 2026) .........................1

*Jones v. Prince George's Cnty.,*
  348 F.3d 1014 (D.C. Cir. 2003) ............................................................................................ 3, 5

*United Mexican States v. Lion Mexico Consol., L.P.,*
  757 F. Supp. 3d 18 (D.D.C. 2024),
  *aff'd,* 172 F.4th 1 (D.C. Cir. 2026) ..........................................................................................4

*United States v. British Am. Tobacco Australian Servs. LTD.,*
  437 F.3d 1235 (D.C. Cir. 2006) ................................................................................................3

*Wildearth Guardians v. Salazar,*
  272 F.R.D. 4 (D.D.C. 2010).................................................................................................. 5, 6

**RULES**

Fed. R. Civ. P. 24(b)(3).................................................................................................................3

Fed. R. Civ. P. 24(a)(2) ...............................................................................................................2

Fed. R. Civ. P. 24(b)(1)(B) .........................................................................................................3

**OTHER AUTHORITIES**

*Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*,
Exec. Order No. 14,168, 90 Fed. Reg. 8615 (Jan. 30, 2025) ..................................................1

## INTRODUCTION

Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams (collectively "Putative Intervenors") are female inmates currently housed in FMC Carswell, a female prison facility operated by the Federal Bureau of Prisons ("BOP"). Putative Intervenors have moved to intervene in this action as defendants. The Court should deny their motion because it is untimely and because Defendants adequately represent the interests of female inmates in federal custody in this matter.

## BACKGROUND

These consolidated cases challenge BOP's implementation of Executive Order 14,168, which, among other things, directs the Attorney General to house inmates in federal custody according to their biological sex. Exec. Ord. No. 14,168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 30, 2025) ("EO 14,168"). Preliminary injunctions were issued in all three matters, preventing BOP from transferring Plaintiffs to male facilities. *See Doe v. McHenry*, 763 F. Supp. 3d 81 (D.D.C. 2025), *vacated and remanded sub nom. Doe v. Blanche*, 172 F.4th 901 (D.C. Cir. 2026); *Jones v. Bondi*, No. 1:25-CV-401-RCL, 2025 WL 923117 (D.D.C. Feb. 24, 2025), *vacated and remanded sub nom. Doe v. Blanche*, 172 F.4th 901 (D.C. Cir. 2026); Order at 1–2, *Moe v. Trump*, No. 1:25-cv-653 (D.D.C. Mar. 10, 2025), ECF No. 62. The D.C. Circuit vacated the preliminary injunctions and remanded the matter for further fact-finding for the Eighth Amendment claim with respect to the individual Plaintiffs. *See Doe*, 172 F.4th at 917. This Court entered another preliminary injunction on June 7, 2026. *Doe v. Blanche*, No. 1:25-CV-286-RCL, 2026 WL 1642068, at *1 (D.D.C. June 7, 2026). BOP is enjoined from implementing the housing provision of EO 14,168 as to the Plaintiffs, and the Court specifically ordered that "Defendants shall maintain and continue the housing status in women's facilities, including women's prisons and women's halfway houses, where applicable . . . unless or until such time as [each] Plaintiff is released from the custody of the

1

BOP." Order at 2, ECF No. 147. To comply with the Court's injunction, all Plaintiffs housed in prison are in female facilities.[1]

The Putative Intervenors have intervened as plaintiffs in another matter pending in the Northern District of Texas, *Fleming v. Rule*, No. 4:25-cv-157 (N.D. Tex.)[2], where they have alleged that BOP's housing of biologically male inmates in FMC Carswell, a female facility, violates the Administrative Procedure Act ("APA") and Eighth Amendment right to "bodily privacy," and amounts to cruel and unusual punishment. *See* Intervenor-Pls.' First Am. Compl. ¶¶ 143–151, *Fleming*, No. 4:25-cv-165 (N.D. Tex. Jan. 8, 2026), ECF No. 125. The Northern District of Texas granted Putative Intervenors' motion for a preliminary injunction in *Fleming* on June 2, 2026, generally requiring BOP to house any biologically male inmates at FMC Carswell in segregated areas, and to use "separate movement, routing, scheduling, or other measures as necessary to prevent overlap between male inmates and female inmates in housing and shared spaces." Preliminary Injunction, Fleming, No. 4:25-cv-157 (N.D. Tex. June 2, 2026), ECF No. 199. Putative Intervenors filed the instant motion shortly thereafter, on June 5, 2026. *See* Mot. to Intervene, ECF No. 141.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013) (citation omitted). The putative intervenor must

---

[1] Some Plaintiffs are not housed in federal prisons. *See* Defs.' Opp'n to Mot. for Prelim. Inj. at 7, ECF No. 129.

[2] A fifth individual intervened as a plaintiff in *Fleming* but is not a Putative Intervenor in this case. *See* Intervenor-Pls.' First Am. Compl., *Fleming*, No. 4:25-cv-165 (N.D. Tex. January 8, 2026), ECF No. 125.

"satisfy all four elements of the Rule in order to intervene as of right." *Jones v. Prince George's Cnty.*, 348 F.3d 1014, 1019 (D.C. Cir. 2003).  Federal Rule of Civil Procedure 24(b)(1)(B) provides for permissive intervention. "[P]ermissive intervention is an inherently discretionary enterprise." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).   However, "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Parties seeking permissive intervention "must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action.  *EEOC*, 146 F.3d at 1046.

## ARGUMENT

Putative Intervenors contend that their legal interests are insufficiently protected in this case because the Government has not prevailed in opposing Plaintiffs' motions for preliminary injunctions. The Court should deny the request to intervene because (1) the motion to intervene is untimely, and (2) the Government adequately represents the interests of female inmates in federal custody. However, should the Court grant the Motion to Intervene, Defendants request that the Court set appropriate limits on the participation of Putative Intervenors in further proceedings.

### I.    The Court Should Deny the Motion to Intervene.

### A.  The Motion to Intervene Is Untimely and Would Unduly Delay Proceedings.

Parties may not intervene if their request is untimely.  The timeliness of a motion to intervene "is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014) (quoting *United States v. British Am. Tobacco Australian Servs. LTD.*, 437 F.3d 1235, 1238 (D.C. Cir.

3

2006)).  Relief in the consolidated cases was initially granted in February 2025.  *See Doe*, ECF No. 23; *Moe*, ECF No. 40; *Jones*, ECF No. 28.  As of February 2025, all Putative Intervenors were inmates in FMC Carswell, where several Plaintiffs were also housed.  Putative Intervenors have not explained why they waited nearly a year and a half to seek to intervene in this matter.

Putative Intervenors assert that they seek to intervene in light of the D.C. Circuit's remand to this Court for further findings.  Mem. ISO Mot. to Intervene at 7, ECF No. 141-1.  However, that occurrence does not explain Putative Intervenors' delay.  Putative Intervenors' alleged interest in this matter is to prevent being housed with male inmates.  They could have sought to intervene on identical grounds in February 2025, after the injunctions were initially issued in the consolidated matters.  "The most important circumstance relating to timeliness is whether a party sought to intervene as soon as it became clear that its interests would no longer be protected by the parties in the case."  *Campaign Legal Ctr. v. Fed. Election Comm'n*, 68 F.4th 607, 610 (D.C. Cir. 2023).  Because Putative Intervenors' alleged interest existed from the beginning of this litigation, their request to intervene is untimely.

Further, intervention at this stage would prejudice the parties by virtue of the inefficiencies it would create.  The D.C. Circuit remanded this matter for factfinding as to whether the Plaintiffs are particularly vulnerable such that placement in men's facilities amounts to a violation of the Eighth Amendment.  Notably, that fact-finding does not encompass fact-finding with respect to any other inmates or any other issues in the litigation, which—as an APA case—should in any event be limited to the administrative record.  Because Putative Intervenors seek to open the door for additional and unnecessary fact-finding, their intervention would delay proceedings, thereby prejudicing the existing parties.  *See United Mexican States v. Lion Mexico Consol., L.P.*, 757 F. Supp. 3d 18, 35 (D.D.C. 2024), *aff'd*, 172 F.4th 1 (D.C. Cir. 2026).

**B.  The Government Adequately Represents Putative Intervenors' Interests.**

Putative Intervenors also fail to carry their burden to show that the government does not adequately represent their interests.  "A mere difference of opinion concerning the tactics with which litigation should be handled" does not amount to inadequate representation.  *Prince George's Cnty.*, 348 F.3d at 1020.

Putative Intervenors' argument boils down to a difference in opinion on litigation strategy. They argue that this Court's entry of a preliminary injunction was a consequence of the Government's inadequate representation, in that the government did not "allege[] that the plaintiffs in this particular suit present any threat to the female inmates housed with them, or that this threat cannot be managed locally by prison staff." *Doe*, 763 F. Supp. 3d at 89.  However, after the initial preliminary injunction was entered, the Government articulated its concerns for the safety of female inmates as it relates to Plaintiffs' housing in the Government's opposition to Plaintiffs' most recent motion for a preliminary injunction.  To that end, the Government submitted the Stover Declaration, Stover Decl., ECF No. 129-1, and explained BOP's concern for "the continued safety of females housed with" Plaintiffs. Defs.' Opp'n to Mot. for Prelim. Inj. at 24 (quoting Stover Decl. ¶ 53).  Although the Government's views may differ from the Putative Intervenors' as to what evidence should support arguments concerning the safety of female inmates, that does not mean that the Government's representation of their interests is inadequate.

\*\*\*

In sum, the Court should deny the motion to intervene as of right.  And, for the same reasons, the Court should not exercise its discretion to grant the request for permissive intervention.  *See EEOC*, 146 F.3d at 1046.

5

## II.    The Scope of Intervention Should Be Limited.

Should the Court grant Putative Intervenors' motion, their participation in this matter should be limited. *See Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) ("[E]ven where the Court concludes that intervention as a matter of right is appropriate, its inquiry is not necessarily at an end: district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action."). Particularly, the Court should bar Intervenors from "injecting collateral issues into the litigation." *See id.* (collecting cases). Conditions can be imposed "to ensure the fair, efficacious, and prompt resolution of the litigation." *Id.*

Here, the participation of the Putative Intervenors should be limited to the claims brought by Plaintiffs. The Court should require Putative Intervenors to strictly confine their "arguments to the existing claims in the action and refrain from raising new claims or collateral issues[.]" *Farmer v. EPA*, 759 F. Supp. 3d 101, 111 (D.D.C. 2024). Further, to avoid undue burden and delay, the Court should exclude Putative Intervenors from serving or otherwise pursuing discovery, and instead limit factual submissions to any declarations submitted regarding the named Plaintiffs housed in FMC Carswell, as it relates to their Eighth Amendment claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Putative Intervenors' Motion.

Dated: July 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MARIANNE F. KIES
Assistant Branch Director

/s/ *Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER

6

M. JARED LITTMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Elizabeth.B.Layendecker@usdoj.gov