**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, et al., | Case No. 1:25-cv-00286-RCL |
| Plaintiffs, | |
| v. | |
| TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al., | |
| Defendants. | |
| JANE JONES, et al., | Case No. 1:25-cv-00401-RCL |
| Plaintiffs, | |
| v. | |
| TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al., | |
| Defendants. | |
| MARIA MOE, et al., | Case No. 1:25-cv-00653-RCL |
| Plaintiffs, | |
| v. | |
| DONALD TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION TO PARTIALLY CLOSE THE COURTROOM ON JULY 29, 2026, AND**
**SEAL CORRESPONDING SECTIONS OF THE TRANSCRIPT**

**TABLE OF CONTENTS**

**Page**

BACKGROUND ...........................................................................................................................1

STATEMENT OF FACTS...........................................................................................................1

LEGAL STANDARD..................................................................................................................3

ARGUMENT................................................................................................................................4

    I.      THE COURT SHOULD CLOSE THE COURTROOM FOR PORTIONS OF THE HEARING THAT ADDRESS PLAINTIFFS' INDIVIDUAL CHARACTERISTICS. ...................................................................................4

CONCLUSION.............................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. Bondi*,
  No. 1:25-cv-00286-RCL (D.D.C. Feb. 27, 2025) ................................................................2, 3

*Hardaway v. D.C. Hous. Auth.*,
  843 F.3d 973 (D.C. Cir. 2016) ...........................................................................................4

*Jones v. Bondi*,
  No. 1:25-cv-00401-RCL (D.D.C. Mar. 3, 2025) ...................................................................3

*Moe v. Trump,*
  No. 1:25-cv-00653-RCL (D.D.C. Apr. 10, 2025) ..................................................................3

*United States v. Brice*,
  649 F.3d 793 (D.C. Cir. 2011) ........................................................................................3, 4

*Wash. Post v. Robinson*,
  935 F.2d 282 (D.C. Cir. 1991) ........................................................................................3, 4

*United States v. Hubbard*,
  650 F.2d 293 (D.C. Cir. 1980) ……………………………………………………………… 5

**BACKGROUND**

This matter comes before the Court on a motion to partially close the courtroom to the public during portions of the July 29, 2026, proceeding when Plaintiff-specific circumstances are discussed. Plaintiffs are incarcerated transgender women in three actions challenging Defendants' implementation of Executive Order 14168, issued January 20, 2025. Plaintiffs seek emergency relief to enforce the Court's June 7, 2026, preliminary injunction, or in the alternative, for a temporary restraining order and preliminary injunction ("Emergency Motion"). *See* ECF No. 183. The Court scheduled a motion hearing on July 29, 2026, at 11:00 AM. *See* ECF No. 185. Protective orders already issued in the above-captioned cases protect from disclosure facts that reveal Plaintiffs' identities. In an open courtroom, Plaintiffs cannot simultaneously satisfy zealous advocacy of the Emergency Motion and the District Court's Protective Orders, which prohibit public disclosure of any "information that could identify Plaintiffs to the public." The Protective Orders shield from disclosure sensitive personal information concerning Plaintiffs' transgender status, medical and mental-health history, correctional history and locations, and other identifying details. Public dissemination of that information would materially increase the risk that Plaintiffs could be identified and targeted in the correctional system and would invade their privacy in highly sensitive medical and personal information.

For these reasons, Plaintiffs respectfully request that the Court close the courtroom to the public during the portions of the July 29, 2026, proceeding which address Plaintiff-specific circumstances and seal corresponding sections of the reporter's transcript.

**STATEMENT OF FACTS**

Plaintiffs rely upon and incorporate by reference their Complaints; Emergency Motion, including declarations and exhibits submitted in support thereof; Declaration of Jennifer Fiorica Delgado ("Delgado Decl.") submitted in support of this motion; and filings in support of prior

motions to seal. In summary, Plaintiffs are eight transgender women who are currently been housed in a segregated unit in a women's prison. On July 17, 2026, Plaintiffs filed their Emergency Motion. *See* ECF No. 183. On July 20, 2026, this Court set a hearing on the Emergency Motion for July 29, 2026, at 11:00 AM. *See* ECF No. 185. Plaintiffs informed Defendants of their intention to file this motion; Defendants indicated that they would take no position on the motion. (Delgado Decl. ¶ 6).

Although much of this motion relies on questions of law that do not require privacy, both Plaintiffs and Defendants may be required to reference certain facts that are highly sensitive and private. Although Plaintiffs will use pseudonyms during the hearing, some of the materials Plaintiffs intend to discuss and upon which Defendants have relied in their opposition contain identifying information such as ages, criminal-history information, incarceration records, current and former correctional facility locations and transfer information, as well as medical and mental-health records, such as details related to past experiences of trauma, sexual assault, self-harm, and suicide attempts or ideation. (*Id.* ¶ 7). Because the number of transgender women housed in women's federal prisons is extremely small, disclosure of current or former locations, biographical details, correctional information, or medical details could allow Plaintiffs' identities to be inferred with minimal public-records or internet research, or by people familiar with Plaintiffs inside BOP facilities or community placements. (*Id.* ¶ 8).

This Court has consistently granted Plaintiffs' motions to seal filings that contained exactly the sort of information sought to be discussed at the upcoming hearing. Indeed, Protective Orders are already entered in each of the above-captioned cases that require Plaintiffs to redact the same types of information in future filings. *See Doe v. Bondi*, No. 1:25-cv-00286-RCL, ECF No. 7 (D.D.C. Jan. 31, 2025) (order granting in part motions to seal and proceed under pseudonyms and

permitting unredacted complaint and TRO materials to be filed under seal); ECF No. 57 (D.D.C. Feb. 27, 2025) (granting protective order), ECF No. 79 (D.D.C. May 6, 2026) (granting protective order); ECF No. 131 (granting motion to seal); *Jones v. Bondi*, No. 1:25-cv-00401-RCL, ECF No. 14 (D.D.C. Feb. 13, 2025) (order granting motion to proceed under pseudonym, partially seal documents, and for protective order); ECF No. 47 (D.D.C. Mar. 3, 2025) (same for newly added plaintiffs and TRO/PI materials); *Moe v. Trump*, No. 1:25-cv-00653-RCL, ECF No. 7 (D.D.C. Jan. 26, 2025) (order granting motion to seal, motion to proceed under pseudonym, and motion for protective order); ECF No. 67 (D.D.C. Apr. 10, 2025) (amended order requiring pseudonym use, redaction of identifying information, continuing protective order, and continuing sealing of specified docket entries, including ECF Nos. 3–4, 8–11, 17, 21, and 38).

## **LEGAL STANDARD**

"The first amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Wash. Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991). Where there is a First Amendment right of access to a judicial proceeding, the "presumption [of access] can be overridden only if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *United States v. Brice*, 649 F.3d 793, 797 (D.C. Cir. 2011) (citing *Wash. Post*, 935 F.2d at 290).[1]

---

[1] For purposes of this motion, Plaintiffs assume *arguendo* that the First Amendment affords the public a right of access to the July 29, 2026, proceeding. And although *Brice* was decided in the context of criminal proceedings, Plaintiffs are nevertheless guided by the multi-factor test outlined therein.

**ARGUMENT**

**I.     THE COURT SHOULD CLOSE THE COURTROOM FOR PORTIONS OF THE HEARING THAT ADDRESS PLAINTIFFS' INDIVIDUAL CHARACTERISTICS.**

Plaintiffs only seek partial closure of the courtroom. Plaintiffs do not seek to shield from public view the existence of the above-captioned actions, the legal issues presented, or non-identifying factual information needed for public understanding of Plaintiffs' motion. Instead, Plaintiffs seek only to protect identifying and sensitive information. To zealously advocate for the underlying Emergency Motion, counsel may need to reference Plaintiffs' ages, medical conditions, prior housing assignments, history of victimization, and history of self-harm—all facts subject to the Protective Orders in place to prevent revelation of Plaintiffs' identities. The *Washington Post* factors all weigh in favor of permitting partially closing the courtroom.

First, Plaintiffs have a compelling interest in preventing disclosure of identifying and sensitive personal information that could expose them to serious risks of physical harm, sexual violence, and harassment. The information Plaintiffs seek to protect reveals identifying details about their medical history, mental health, medical treatment, correctional history, BOP records, family and biographic information, and facility locations. This information is also highly personal and sensitive information. Courts have recognized that even "under our First Amendment access precedents, the public [is] not entitled to . . . records . . . which contained 'substantial amounts of material of an especially personal and private nature relating to the medical, educational, and mental health progress' of the victims." *Brice*, 649 F.3d at 796. Courts have also consistently held that the public has no need to access details that identify Plaintiffs or reveal their private medical history, records, treatments, or diagnoses in the similar context of motions to seal. *See Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (reversing denial of motion to seal since "[t]he public has no need for access to . . . medical documents").

-4-

Second, in the absence of partial closure, there is a substantial probability that Plaintiffs will suffer serious harm. Facility locations, criminal-history details, BOP records, family information, and medical details could be used individually, or in combination, to identify Plaintiffs and expose them to harassment or harm. (Delgado Decl. ¶¶ 7–8). Indeed, this sensitive information is being discussed for the very purpose of obtaining relief to preserve, in part, Plaintiffs' safety. Requiring Plaintiffs to disclose identifying information would undermine the central purpose of this litigation. *Cf. United States v. Hubbard*, 650 F.2d 293, 321 (D.C. Cir. 1980) ("[I]t would be ironic indeed if one who contests the lawfulness of a search and seizure were always required to acquiesce in a substantial invasion of those interests simply to vindicate them.").

Lastly, Plaintiffs anticipate also addressing general facts underlying the cases and legal principles in open court. Plaintiffs only seek closure of the courtroom for the limited purpose of allowing discussion of the specific sensitive and personal facts. Thereafter, the courtroom could be reopened to allow the Government to oppose the Emergency Motion using general factual and legal arguments. To the extent the Government seeks to address Plaintiff-specific facts protected by the existing Protective Orders, Plaintiffs request that the courtroom also be closed for that portion of the hearing. No lesser alternative—such as redaction alone—would adequately protect Plaintiffs' compelling interest, because oral discussion of Plaintiff-specific sensitive and personal facts at the hearing cannot be redacted in real time in an open courtroom.

In sum, as with previously entered protective orders, on this motion, Plaintiffs seek to shield from the public in a court proceeding: (i) Plaintiffs' biographical details, including current and former names, dates and places of birth, professions/jobs, current and former residences, identities of family members, BOP Register Numbers, and other identification numbers; (ii)

-5-

Plaintiffs' criminal history and incarceration records, including the crimes of conviction, the periods and locations of incarceration, disciplinary records, and rehabilitation activities; (iii) Plaintiffs' current and former correctional facility, unit, halfway-house, and transfer locations, including projected release and halfway-house dates; (iv) details of Plaintiffs' medical history, records, specific physical and mental-health diagnoses other than gender dysphoria, and treatments other than hormone therapy for gender dysphoria; (v) BOP medical, psychology, PREA, designation, transfer, and disciplinary records, and specific details related to past experiences of trauma, sexual assault, self-harm, and suicide attempts or ideation that could identify Plaintiffs; and (vi) any other information that could identify Plaintiffs to the public or reveal sensitive private information.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to partially close the courtroom on July 29, 2026, and to seal corresponding portions of the transcript.

Dated: July 27, 2026

Respectfully submitted,

/s/ *Jennifer Fiorica Delgado*

Jennifer Fiorica Delgado (Bar. No. NY296)

Jennifer L. Levi (Bar. No. MA0056)
Sarah Austin (admitted *pro hac vice*)
**GLBTQ LEGAL ADVOCATES &
DEFENDERS**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@gladlaw.org
saustin@gladlaw.org

Alexander Shalom (Bar No. 66195)
Natalie J. Kraner (Bar No. 66202)
Wayne Fang (admitted *pro hac vice*)
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, NY 10020
(862) 926-2029
(973) 422-6722
jdelgado@lowenstein.com
ashalom@lowenstein.com
nkraner@lowenstein.com
wfang@lowenstein.com

-6-

-7-

Christopher F. Stoll (admitted *pro hac vice*)
Amy Whelan (admitted *pro hac vice*)
**NATIONAL CENTER FOR LGBTQ
RIGHTS**
870 Market Street, Suite 370
San Francisco, CA 94102
(415) 365-1320
cstoll@nclrights.org
awhelan@nclrights.org

*Pro Bono Counsel for Plaintiffs*

Eve L. Hill (Bar No. 424896)
**BROWN GOLDSTEIN & LEVY, LLP**
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
(410) 962-1030
(410) 385-0869
ehill@browngold.com