UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE, *et al.*,

     *Plaintiffs,*

v.

TODD BLANCHE, in his official capacity
as Acting Attorney General of the United
States, *et al.*,

     *Defendants.*

Case No. 1:25-cv-286-RCL
Case No. 1:25-cv-401-RCL (consolidated)
Case No. 1:25-cv-653-RCL (consolidated)

MEMORANDUM ORDER

On June 2, 2026, four Plaintiffs in this instant action (███████████████████

and ██████████) who were housed at FMC Carswell,[1] a women's prison, were moved to a

segregated unit (the ████ Unit") within the prison. This move occurred immediately following

the issuance of a preliminary injunction order by the Northern District of Texas in *Fleming v. Rule*,

No. 4:25-cv-0157-D (N.D. Tex.). The *Fleming* injunction ordered the defendants in that case to

house transgender female inmates in FMC Carswell "in a secure, segregated area," and to use

"separate movement, routing, scheduling, or other measures as necessary to prevent overlap

between male inmates and female inmates in housing and shared spaces." *Fleming*, June 2, 2026

Prelim. Inj., ECF No. 133, at 3. Defendants in this case notified this Court of the movement of

████████████████████████ and ████████ on June 3, 2026. ECF No. 133.

---

[1] The Court does not adjudge it necessary to redact the name of FMC Carswell, as this information has been properly put in the public domain by the *Fleming* court, and information properly in the public domain is not covered by the parties' Protective Order. ECF No. 79 ¶ 13.

1

Four days later, on June 7, 2026, this Court entered a preliminary injunction enjoining Defendants from implementing Section 4(a) of Executive Order 14168 against Plaintiffs Emily Doe, Lois Doe, Mary Doe, Olivia Doe, Rachel Doe, Sally Doe, Sara Doe, Wendy Doe, Zoe Doe, Amy Jones, Barbara Jones, Carla Jones, Jane Jones and Maria Moe for the period from June 8, 2026 to September 6, 2026. ECF No. 147. This injunction was narrowly drawn as required by the Prison Litigation Reform Act. 18 U.S.C. § 3626(a)(2). It directed Defendants to maintain and continue Plaintiffs' housing status in women's facilities, while qualifying that the injunction "merely enjoins Defendants from transferring Plaintiffs to men's prisons" and "does not, at this juncture require that Plaintiffs be housed alongside cisgender female inmates or share common spaces." ECF No. 147 at 4. In this same injunction, the Court indicated its familiarity with the *Fleming* injunction and stated that "[n]othing in the preliminary injunction this Court issues today conflicts with the *Fleming* court's June 2 injunction." ECF No. 147 at 4. Defendants have since appealed the June 7 injunction, however no stay has issued. ECF No. 163; USCA No. 26-5238.

Defendants then notified this Court on July 15, 2026 of their intent to imminently transfer Plaintiffs from facilities other than FMC Carswell into the ███ Unit. ECF No. 168. In response, Plaintiffs filed an Emergency Motion to Preserve the Status Quo, ECF. Nos. 169-170, followed shortly by a Motion to Enforce Preliminary Injunction, or in the Alternative, Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 183. Defendants opposed both motions, ECF Nos. 190, 197, and Plaintiffs replied, ECF Nos. 192, 198. In addition, at the request of the Court, Plaintiffs submitted Proposed Findings of Fact and Law and Defendants filed their opposition to such findings. ECF Nos. 203, 210. Plaintiffs' motions are before the Court today.

In addition to the four Plaintiffs who were moved into the ███ Unit on June 2, 2026, Plaintiff ███ was transferred to the ███ Unit on July ██ 2026, Plaintiffs ███ and

2

█████████ were transferred to the ███ Unit on July ██ 2026, and Plaintiff █████████ was transferred to the ████ Unit on July ██ 2026. ECF No. 210 at 7; ECF No. 203 ¶14. As of the time of this writing, the Court is thus aware of eight Plaintiffs in this case who are currently housed in the ████ Unit within FMC Carswell.

## DISCUSSION

The Court first addresses Plaintiffs' Motion to Enforce. A district court possesses the authority to issue an order enforcing the mandates of its earlier order. *S.E.C. v. Hermil, Inc.*, 838 F.2d 1151, 1153 (11th Cir. 1988); *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984) (remarking on the "interest in the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to a court proceeding."). This authority extends even to enforcing orders that have since been appealed, so long as no stay has been issued. *Deering Milliken, Inc. v. F.T.C.*, 647 F.2d 1124, 1128–29 (D.C. Cir. 1978) (holding that a district court has "power[ ] to enforce its unstayed judgment since the [district] court has retained that power throughout the pend[e]ncy of the appeal"). Included within this authority is the district court's "power to construe and interpret the language of the original order." *Hermil*, 838 F.2d at 1153.

Regardless of interpretation, however, "success on a motion to enforce a mandate gets a plaintiff only 'the relief to which [the plaintiff] is entitled under [its] original action and the judgment entered therein.'" *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005), quoting *Watkins v. Washington*, 511 F.2d 404, 406 (D.C. Cir. 1975)). Accordingly, a motion to enforce must be denied if a plaintiff seeks relief outside of what is mandated by the original order.

This Court's June 7, 2026 preliminary injunction order provided two enumerated forms of preliminary relief. Firstly, it enjoined Defendants "from implementing Section 4(a) of Executive

3

Order 14168" against Plaintiffs. ECF No. 147 at 2. Section 4(a) of Executive Order 14168 directed the "Attorney General . . . [to] ensure" that transgender women "are not detained *in women's prisons or housed in women's detention centers* . . . ." Exec. Order 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 20, 2025) (emphasis added). Secondly, it provided that "Defendants shall maintain and continue [Plaintiffs'] housing status *in women's facilities* . . . ." ECF No. 147 at 2 (emphasis added). This order was narrowly drawn and extended no further than necessary, as required by the Prison Litigation Reform Act. 18 U.S.C. § 3626(a)(2). When issuing this mandate, the Court specifically stated that the order "merely enjoins Defendants from transferring Plaintiffs to men's prisons" and does not "require that Plaintiffs be housed alongside cisgender female inmates or share common spaces." ECF No. 147 at 4.

The ███ Unit is a segregated unit located within FMC Carswell, a women's prison. Neither Defendants' decision to move the four Plaintiffs already within FMC Carswell to the ███ ███ Unit, nor Defendants' decision to transfer the other four Plaintiffs from other women's facilities to FMC Carswell and to the ███ Unit violated the Court's June 7 injunction because neither action transferred Plaintiffs "to men's prisons." ECF No. 147 at 4.

Plaintiffs argue that the Court imposed an additional limitation on Defendants through the Court's statement in its accompanying Memorandum Opinion that "nothing in this preliminary injunction prevents the government from separating Plaintiffs from cisgender female inmates within the women's facilities *where they are currently housed if it is necessary to do so*." ECF No. 148 at 50 (emphasis added). Given the clear mandates in the Court's order and the requirement under the Prison Litigation Reform Act that preliminary relief must use the least intrusive means necessary to correct identified harm, the Court declines to read in a limitation from this language.

4

18 U.S.C. § 3626(a)(2). The relief that Plaintiffs seek, namely removal from the ███ Unit, restored access to full programming, and a mandate to neither transfer additional transgender women to the ███ Unit nor create similar units elsewhere, ECF No. 183-1 at 25-26, is outside of the plain scope of relief contemplated by the June 7, 2026 order. Accordingly, this Court must deny Plaintiffs' motion to enforce. *Heartland*, 415 F.3d at 29. As noted below, this does not foreclose the possibility that Plaintiffs may at a later date obtain this relief in accordance with a future order.

The Court now turns to Plaintiffs' alternative request for a new temporary restraining order and preliminary injunction to obtain the requested relief. Before deciding whether Plaintiffs have carried their burden of making a clear showing on the preliminary injunction factors, this Court must first assure itself of its subject matter jurisdiction to issue such preliminary relief at this juncture. The Court here finds that it currently lacks such jurisdiction.

A district court has no jurisdiction to enter an injunction when that injunction is of a different character than the final relief sought and deals with a matter "lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (contrasting such action "against action which would ultimately have been subject to injunction by final decree"); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997). For jurisdiction to exist, the motion for preliminary injunction should instead be "closely related to the facts, legal issues, and parties addressed in the plaintiffs' [] complaints." *Adair v. England*, 193 F. Supp. 2d 196, 201 (D.D.C. 2002); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (finding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

In response to a request from the Court, ECF No. 177, Plaintiffs submitted a memorandum on July 17, 2026, ECF No. 181, to address whether Plaintiffs' existing amended complaint contemplated relief from Defendants transferring Plaintiffs to segregated housing units within women's facilities. Within this memorandum, as well as within Plaintiffs' later Proposed Findings of Fact and Law, Plaintiffs asserted that their complaint did indeed contemplate such relief. ECF No. 181; ECF No. 203 ¶¶ 48-50. Plaintiffs pointed specifically to Moe, ECF No. 1 ¶¶ 4, 19, 22–23, 40, 93–101, and prayer for relief; Jones, ECF No. 35 ¶¶ 40–42, 2 143–51, and prayer for relief; and Doe, ECF No. 58-2 ¶¶ 77, 86, 90, 158, and prayer for relief. ECF No. 181 at 2-3. Defendants, in their opposition motions, contested Plaintiffs' assertions, stating that such relief "falls well outside the scope of the allegations of their complaints." ECF No. 197 at 8. Defendants specifically noted that Plaintiffs' complaints "contain no allegations about the conditions at FMC Carswell that they find objectionable, the alleged harm that they are experiencing from being in a segregated unit in a women's prison, relief directed at the segregated unit, or a procedural due process claim," the latter being an argument that Plaintiffs raised within their motion to enforce. ECF No. 197 at 8; ECF No. 183-1 at 21.

This Court has reviewed Plaintiffs' complaints, paying particular notice to the aforementioned paragraphs, and finds that Plaintiffs have not adequately raised the issues for which they are seeking preliminary relief. Plaintiffs' complaints were made in challenge to Sections 4(a) and 4(c) of Executive Order 14168 and, in relevant part,[2] allege facts and claims seeking relief from Defendants transferring Plaintiffs to men's facilities. When these complaints do briefly mention several plaintiffs' removal from the general population, these instances appear

---

[2] Plaintiffs' challenges to Section 4(c) of Executive Order 14168 were stayed by this Court on May 21, 2026, pending final adjudication of the class claims in *Kingdom v. Trump*, No. 25-cv-691. ECF No. 127. To the extent that anything in Plaintiffs' complaints pertaining to Plaintiffs' challenge to Section 4(c) may confer jurisdiction on this court to issue the relief Plaintiffs seek, this Court would be unable to provide such relief under the present stay.

to illustrate the imminence of that plaintiff's transfer to a men's facility, rather than detail or challenge the isolation itself. Moreover, the removals in anticipation of transfer that are mentioned in the complaint appear meaningfully factually distinct from the current ███ Unit.

Unlike the prior isolation housing mentioned in the complaint, the ███ Unit was created in connection with another court's preliminary injunction, *see Fleming*, June 2, 2026 Prelim. Inj., ECF No. 133, at 3, and houses several transgender women who were transferred to the unit from other women's prison facilities ECF No. 210 at 7. Further unlike the prior instances, the women housed within the ███ Unit do not appear to have been told that this housing is temporary pending transfer to men's facilities. *Compare* Doe ECF No. 58-2 ¶¶ 81, 86; Moe ECF No. 1 ¶ 4. The Court today takes no stance as to the effect these facts may have on any eventual outcome of Plaintiffs' claims for relief, but rather cites these differences simply to support the Court's present decision that Plaintiffs' prior complaints did not establish an adequate relationship between the injury claimed in the party's motion (transfer to the segregated ███ Unit within FMC Carswell, a women's facility) and the conduct asserted in the complaint (imminent transfer to a men's facility).

Plaintiffs draw particular attention to ¶ 158 of their amended complaint, ECF No. 58-2, where Plaintiffs state that "Defendants' segregation of Plaintiffs in separate housing with only transgender women is contrary to law as set forth in 28 C.F.R. § 115.42(g)." ECF No. 203 ¶ 50. Given that this statement is never further elaborated upon within the complaint and refers to plaintiffs' earlier, factually distinct isolations, this Court finds this paragraph insufficient to confer the Court with jurisdiction to order preliminary relief on the current motion.

Likewise, Plaintiffs' allegation within their Motion to Enforce that their housing in ███ Unit is retaliation for filing suit is insufficient by itself to confer jurisdiction. ECF No. 183-1 at

7

11-12. Retaliation claims alleged within a motion for a preliminary injunction cannot independently give the Court jurisdiction to issue relief where the complaint did not provide such jurisdiction. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (finding that although plaintiffs' assertions of retaliation might "support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit").

## CONCLUSION

The Court finds that Plaintiffs' requested relief is outside of the scope of the existing June 7, 2026 preliminary injunction order. Moreover, the Court finds that it lacks jurisdiction to issue a new order for a temporary restraining order or preliminary injunction, since the requested relief lies outside of the issues currently contemplated by Plaintiffs' complaint. Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Enforce Preliminary Injunction, or in the Alternative, Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 183, be **DENIED**; and further

**ORDERED** that Plaintiffs' Motion to Preserve the Status Quo, ECF. No. 170, be **DENIED** as moot.

The Court notes that nothing in today's order prohibits Plaintiffs from seeking leave of court to amend their complaint and include the issues for which they are requesting relief. If Plaintiffs wish to do so, the Court suggests that they propose a schedule for response alongside this request. The Court does not foreclose the possibility that, if such leave were given, the Court might be amenable to a future motion for preliminary injunction. The Court will act promptly on such a motion. The Court does wish to note, however, that, as prior stated in the motion hearing held on July 29, 2026, ECF No. 199, the Court does not anticipate this case being resolved on summary judgment, in light of the conflicting evidence and opinions offered by the parties. The

8

Court will not continue to order repeated or extended preliminary injunctions without a resolution of this case in sight and intends to promptly set a trial date.

The Court will promptly set a scheduling conference to set discovery deadlines and dates for pre-trial and trial, which the Court hopes to hold in October or November of this year.

**SO ORDERED.**

Date: ___8- 12-26___

Royce C. Lamberth
United States District Judge

9