UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JANE DOE**, *et al.*,

*Plaintiffs,*

**v.**

**TODD BLANCHE**, in his official capacity as Acting Attorney General of the United States, *et al.*,

*Defendants.*

**Case No. 1:25-cv-286-RCL**
**Case No. 1:25-cv-401-RCL (consolidated)**
**Case No. 1:25-cv-653-RCL (consolidated)**

**MEMORANDUM ORDER**

Before this Court is a Motion to Intervene made by Brenda Leigh Kirk, Jasmine Meabon, Jessica Clemencio Morais, and Keisha Williams (collectively, "Movants"). ECF No 141. Movants are incarcerated women housed at FMC Carswell, where eight Plaintiffs in this action are also housed. ECF No. 141-1 at 1. Movants are also Intervenor-Plaintiffs in pending litigation in the United States District Court for the Northern District of Texas (the "*Fleming* litigation"). See *Fleming v. Warden T. Rule*, No. 4:25-cv-00157-D (N.D. Tex.). Movants claim in the *Fleming* litigation that housing transgender women in women's prisons violates the Fifth and Eight Amendment rights of "biological women" like themselves and is statutorily prohibited. ECF No. 141-1 at 2; 1st Am. Prop. Complaint-in-Intervention, *Fleming*, No. 4:25-cv-00157-D (N.D. Tex. Jan. 8, 2026), ECF No. 125. On June 2, 2026, the *Fleming* court granted Movants a preliminary injunction, ordering that all transgender women in FMC Carswell should be housed in a "secure, segregated area" and use "separate movement, routing, scheduling, or other measures as necessary." *Fleming*, No. 4:25-cv-00157-D (N.D. Tex. Jan. 8, 2026), ECF No. 199.

Movants seek to intervene in this case as of right under Rule 24(a) and, in the alternative, request that the Court allow them to permissively intervene under Rule 24(b). Movants assert that their intervention is necessary because "the Government does not adequately represent Movants' interests" since it "has not developed the [biological] women's constitutional theory, has not submitted declarations from any incarcerated [biological] women, and has not squarely argued that forcing [biological] women to share showers, toilets, changing areas, housing units, and common areas with biological males violates [biological] women's bodily privacy and Eighth Amendment rights." ECF No. 141-1 at 2. Both Plaintiffs and Defendants oppose Movants' intervention and argue that Movants' intervention is untimely and that the Government adequately represents Movants' interests. ECF Nos. 179, 180. Plaintiffs additionally argue that Movants have no interest that would be impaired by denying intervention. ECF No. 180 at 8.

The Court finds that Movants have not made the necessary showing to intervene as of right under Rule 24(a) and denies permissive intervention under Rule 24(b).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), a Court must allow anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). The D.C. Circuit uses a four-factor test to assess whether a movant qualifies under this rule, requiring putative intervenors to show "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's

interest is adequately represented by existing parties." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003), *abrogated on other grounds by Institutional S'holder Servs., Inc. v. SEC*, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025).

If a putative intervenor does not meet the requirements to intervene as of right under 24(a)(2), a court *may* allow them to permissively intervene under Federal Rule of Civil Procedure 24(b) so long as they present "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action. *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Permissive intervention is an "inherently discretionary enterprise" and as such there is a "wide latitude afforded to district courts" when deciding whether to allow intervention even if a putative intervenor meets these requirements. *Id.*

**DISCUSSION**

The Court resolves Movants' request for intervention as of right on the fourth factor, adequacy of representation. Nevertheless, the Court will first briefly opine on the timeliness of Movant's motion, given that it provides helpful context for the Court's later assessment of Movants' request for permissive intervention.

Timeliness is assessed "in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *United States v. British Am. Tobacco Austl. Serv. Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006), quoting *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980)). The "most important circumstance relating to timeliness is that" a party moved to intervene "'as soon as it became clear' that [its] interests 'would no longer be

protected by the parties in the case.'" *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280 (2022), quoting *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977).

Here, Movants' Motion to Intervene was brought on June 5, 2026, approximately sixteen months after the inception of litigation. ECF No. 141. By this time, this Court had granted several instances of preliminary relief, ECF Nos. 83, 89, 94, 101, 125, which had been first appealed to the D.C. Circuit, ECF No. 97, and then vacated with orders on remand for additional factfinding, ECF No. 151. Movants had been closely following this litigation since at least six months earlier, when they filed their first amended proposed complaint-in-intervention in *Fleming*. *See Fleming*, No. 4:25-cv-00157-D, ECF No. 125, ¶¶ 107-118 (detailing the instant case). Movants attempt to excuse their delay by stating that it was not clear that the government would not be protecting their interests until the government filed their opposition to Plaintiffs' May 13, 2026 motion for a preliminary injunction (the first such motion after the D.C. Circuit's mandate), ECF No. 129, as this was when Movants first realized the government would not "submit firsthand evidence from affected women and advance their distinct constitutional interests" as they had hoped. ECF No. 187 at 2-3.

As stated above, the Court resolves Movants' request for intervention by right on grounds other than timeliness, and as such makes no ultimate finding on this factor. The Court does note, however, that even adopting Movants' proposed timeline for when they first became aware of the need for intervention, Movants' purpose for seeking intervention appears weak since, as discussed below, Movants seek only to add additional evidence to arguments being raised by existing parties, Movants' rights are already being preserved by the lawsuit and preliminary injunction in *Fleming,* which this Court has not interfered with, and the probability of prejudice

to the existing parties if Movants were to intervene appears high given the risk of confusion between this instant case and *Fleming*.

Having briefly discussed timeliness, the Court now turns to the remaining factors. Here, the Court finds that even if Movants had claimed a cognizable interest in this action that would be impaired or impeded by the action's disposition, the Government is already adequately representing this interest such that intervention is not necessary as of right.

The burden of making a showing of inadequate representation is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). To meet this burden, a putative intervenor simply must show that the existing parties' "representation of his interest 'may be' inadequate." *Id.* Even this minimal burden, however, remains unmet if a movant seeks to intervene merely due to a "strategy disagreement" with an existing party "about which arguments to raise in support of [a] shared goal." *United Mexican States v. Lion Mexico Consol. L.P.*, 172 F.4th 1, 11 (D.C. Cir. 2026) (affirming the district court's denial of intervention as of right because the intervenor sought the same vacatur remedy as an existing party and simply wanted to make "additional arguments in support of vacatur that [the party] did not make."); *Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014, 1020 (D.C. Cir. 2003). Failure to carry this burden "is an independently sufficient reason to deny intervention as of right." *Lion Mexico,* 172 F.4th at 11.

Movants here claim that their intervention is necessary because Defendants "ha[ve] not developed the [biological] women's constitutional theory, ha[ve] not submitted declarations from any incarcerated [biological] women, and ha[ve] not squarely argued that forcing [biological] women to share showers, toilets, changing areas, housing units, and common areas with biological males violates [biological] women's bodily privacy and Eighth Amendment rights."

ECF No. 141-1 at 2. Movants themselves, however, disclaim any desire to independently raise any constitutional claims they may have in this litigation. *See* ECF No. 141-1 at 8 (stating movants "do not seek to . . . assert cross- or counter-claims"); ECF No. 187 at 3 (same). Movants instead, in their own words, simply want to address the "record defect" in the instant case by presenting their "firsthand evidence" of being incarcerated along transgender women. ECF No. 141-1 at 8; see also ECF No. 187 at 2-3 (stating that Movants' impetus for intervention was that the Government filed "an opposition containing zero testimony from women who have suffered through incarceration" with transgender women); ECF No 141-1 at 11 ("[Movants' participation will aid the Court by supplying firsthand evidence from the women whose interests are affected.").

Based on Movants' motion and reply, ECF Nos. 141, 187, the Court finds that Movants wish to intervene to present their declarations in support of the argument that EO 14168 should be enforced because it protects biological women's safety and privacy. The Government, however, has already presented this same position. *See* ECF No. 129 at 3 ("[N]or does the Constitution require BOP to ignore female inmates' safety, privacy, or distress—especially for female inmates who have experienced domestic abuse and sexual assault from men . . . . Preliminary relief would . . . ignore the harm to female inmates' safety, privacy, and dignity from being housed with male inmates."); *id*. at 20 ("BOP has a legitimate penological interest in the privacy, well-being, and security of female inmates."); ECF No. 132 at 33-34 ("[T]he Executive Branch interests at stake in ensuring the safety, privacy, and dignity of prisoners in federal custody outweigh Plaintiffs' speculative assertions regarding the possible risks of being housed in low-security male facilities. The President, as the head of the Executive Branch with ultimate responsibility for the operation of its prisons, has deemed it important to

protect the safety, well-being, and privacy of female inmates in intimate spaces when they are in federal custody."). The Government is simply using different evidence and arguments in support of this position than Movants would prefer. The language Movants use to characterize the Government's purported inadequate representation is telling on this point. *See* ECF No. 141-1 at 11 ("Plaintiffs, unsurprisingly, have no incentive to present the harm to biological females. The Government, for institutional reasons, has not done so *fully*. Without intervention, no party will."(emphasis added)); *id.* at 2 (stating that the Government has not "developed" or "squarely argued" Movants' desired constitutional theories). Accordingly, this Court finds that to the extent that Movants wish to intervene to proffer additional evidence or arguments in support of this interest, such intervention would "at best reflect[] a strategy disagreement." *Lion Mexico*, 172 F.4th at 11. Movants have therefore failed to meet their burden of demonstrating inadequate representation, and this Court denies them intervention as of right.[1]

The Court now addresses Movants' request to permissively intervene under Rule 24(b). As prior stated, permissive intervention is an "inherently discretionary enterprise" and there is "wide latitude afforded to district courts" when deciding whether to allow intervention, even if a putative intervenor meets the requirements to do so. A Court may deny a motion for permissive intervention for many reasons, including "if intervention would cause undue delay, complexity, or confusion in a case." *Biden v. United States Internal Revenue Serv.*, 752 F. Supp. 3d 97, 117 (D.D.C. 2024).

As discussed above, by the time Movants petitioned to intervene in this case the Court had already granted several instances of preliminary relief and was sixteen months into litigation. Since then, the Court has expressed its firm opinion that "in light of the conflicting evidence and opinions

[1] Movants additionally claim that the Government's representation is inadequate because the Government has opposed them in the *Fleming* case. ECF No. 141-1 at 10-11. The Government's opposition to Movants in *Fleming* is irrelevant to the adequacy of their representation in the instant case.

offered by the parties" the Court "will not continue to order repeated or extended preliminary injunctions without a resolution of this case in sight an intends to promptly set a trial date" and hold trial in "October or November of this year." ECF No. 212 at 8-9. A prompt resolution in this action is both consistent with the Prison Litigation Reform Act of 1995, which mandates that preliminary relief "extend no further than necessary," and appropriate given the alleged constitutional interests at stake. 18 U.S.C. 3626(a)(2).

The Court finds that allowing Movants to intervene in this case may cause undue delay in the discovery process, would add complexity due to the large number of factual allegations contained in Movants' declarations, and would risk causing confusion in this case by further entangling this case with Movants' claims in *Fleming*. Given the Court's desire for a prompt resolution, the Court therefore denies Movants' request for permissive intervention.

**CONCLUSION**

The Court finds that Movants are not entitled to intervene as of right under Rule 24(a), as they have failed to meet their burden of showing that the existing parties may inadequately represent them. Moreover, the Court declines to allow Movants to permissively intervene, due to the undue delay, complexity and confusion such intervention would create. Therefore, it is hereby

**ORDERED** that Movants' Motion to Intervene, ECF No. 141, be **DENIED**, and further

**ORDERED** that Movants' Motion for Partial Reconsideration of June 18, 2026 Sealing Order, ECF No. 173, be **DENIED** as moot.

**SO ORDERED.**

Date: 8/21/2026

*/s/ Royce C. Lamberth*
Royce C. Lamberth
United States District Judge