**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**JANE DOE**, *et al.*,

*Plaintiffs,*

v.

**TODD BLANCHE**, *in his official capacity* as Acting Attorney General of the United States, *et al.*,

*Defendants.*

**Case No. 1:25-cv-286-RCL**
**Case No. 1:25-cv-401-RCL (consolidated)**
**Case No. 1:25-cv-653-RCL (consolidated)**

**ORDER**

This Court issued a preliminary injunction in this dispute on June 7, 2026. This injunction is set to automatically expire on September 7, 2026, under the PLRA. *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period."). Plaintiffs now move for a new preliminary injunction, which Defendants oppose. ECF No. 214.

There are no newly discovered factual circumstances that necessitate a reassessment of this Court's prior holding that Plaintiffs have met their burden for preliminary injunctive relief or that require a reevaluation of the scope of that relief. Plaintiffs incorporate by reference and provide the same showings made in their prior motion, and neither Defendants' opposition nor the record raises any change in circumstance that would alter the Court's reasoning.[1] ECF No. 214, 214-1. Plaintiffs continue to demonstrate a likelihood of success on the merits, likely imminent and

[1] As discussed in ECF No. 212, eight Plaintiffs in this case have been moved to FMC Carswell, a women's facility, since the June 7, 2026 preliminary injunction was issued. Neither party has argued that this move should affect the Court's instant reasoning. The Court agrees that this change does not affect the outcome of weighing the preliminary injunction factors with respect to transferring Plaintiffs to men's facilities.

irreparable harm absent relief, and that an injunction is both favored by the balance of the equities and in the public interest. Accordingly, the Court herein incorporates the individualized findings and reasoning contained in its June 7, 2026 memorandum opinion. *See* ECF No. 148. Therefore, the Court having considered the accompanying papers and the record in the above-captioned matters; and

**WHEREAS**, Plaintiffs seek to preserve the status quo and prevent Defendants from implementing Section 4(a) of Executive Order 14168 against any Plaintiff; and

**WHEREAS**, based on the individualized findings set forth on the record and in the Court's June 7, 2026 memorandum opinion, Plaintiffs Emily Doe, Lois Doe, Mary Doe, Olivia Doe, Rachel Doe, Sally Doe, Sara Doe, Wendy Doe, Zoe Doe, Amy Jones, Barbara Jones, Carla Jones, Donna Jones, Jane Jones, and Maria Moe have established that (1) they are likely to succeed on the merits of their claims; (2) they are likely to suffer imminent and irreparable harm absent injunctive relief; (3) the balance of equities favors Plaintiffs; and (4) injunctive relief is in the public interest;

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Preliminary Injunction is **GRANTED**;
2. Defendants and their officers, employees, servants, agents, appointees, and successors are enjoined from implementing Section 4(a) of Executive Order 14168 against Emily Doe, Lois Doe, Mary Doe, Olivia Doe, Rachel Doe, Sally Doe, Sara Doe, Wendy Doe, Zoe Doe, Amy Jones, Barbara Jones, Carla Jones, Donna Jones, Jane Jones, or Maria Moe for the period from September 7, 2026 to December 6, 2026;

3. Defendants shall maintain and continue the housing status in women's facilities, including women's prisons and women's halfway houses, where applicable, of Plaintiffs Emily Doe, Lois Doe, Mary Doe, Olivia Doe, Rachel Doe, Sally Doe, Sara Doe, Wendy Doe, Zoe Doe, Amy Jones, Barbara Jones, Carla Jones, Donna Jones, Jane Jones, and Maria Moe, unless or until such time as such Plaintiff is released from the custody of the BOP; and

As required by the Prison Litigation Reform Act, the Court finds that this preliminary relief is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Plaintiffs have shown a substantial likelihood of success on their claims that implementation of Section 4(a) of Executive Order 14168 would be unlawful as applied to them and would cause them immediate, irreparable harm. Preliminary relief preventing the implementation of that section as to Plaintiffs is necessary to correct this immediate, irreparable harm.

This Order is narrowly drawn and extends no further than necessary to correct the harm that the Court finds requires preliminary relief. It restrains Defendants from applying only the challenged section of the Executive Order and BOP's policies implementing that section, and it restrains Defendants from doing so only as to Plaintiffs. Further, this Order is the least intrusive action the Court could take that will ensure Plaintiffs are not deprived of their rights or subjected to irreparable harm. The Order does not contemplate ongoing judicial supervision over Defendants' day-to-day management and operations of BOP facilities; it simply preserves Defendants' own prior determinations regarding Plaintiff's housing while this litigation proceeds, and pauses implementation of the section of an Executive Order that eliminates Defendants'

discretion to determine housing on an individualized basis. The Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by the preliminary relief and has given substantial weight to such impacts. The Court finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiffs' housing status in women's facilities for 90 days while this litigation proceeds.

The Court notes that, like for the injunction issued on June 7, 2026, nothing in the preliminary injunction this Court issues today conflicts with the injunction issued in *Fleming v. Rule*, No. 4:25-cv-0157-D (N.D. Tex.). Today's injunction merely enjoins Defendants from transferring Plaintiffs to men's facilities. The Court additionally notes that, as stated previously, *see* ECF No 212, the Court will not continue to order repeated or extended preliminary injunctions without a resolution of this case in sight, and intends to promptly set a scheduling conference to set discovery deadlines and dates for pre-trial and trial, which the Court hopes to hold in October or November of this year.

**IT IS SO ORDERED.**

Date: August 26, 2026

Royce C. Lamberth
Royce C. Lamberth
United States District Judge