**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JANE DOE, *et al.*,

Plaintiffs,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, *et al.*,

Defendants.

Civ. A. No. 25-286 (RCL)

Consolidated with
*Jones v. Blanche*, Civ. A. No. 25-401 (RCL);
*Moe v. Trump*, Civ. A. No. 25-653 (RCL)

**JOINT STATUS REPORT**

In the Memorandum Order of August 12, 2026, the Court stated that it "will promptly set a scheduling conference to set discovery deadlines and dates for pre-trial and trial, which the Court hopes to hold in October or November of this year." ECF No. 212, at 9. Accordingly, the parties met and conferred to discuss a proposed plan for proceeding in this case. The parties were unable to reach an agreement about how to proceed and therefore set forth their respective proposed plans.

**Plaintiffs' Proposed Plan**

## I. Plaintiffs' Proposed Bifurcation of Claims for Trial

Plaintiffs acknowledge the Court's desire to hold a trial in October or November, as articulated most recently in the Court's August 26, 2026 Preliminary Injunction Order. Doc. No. 216. To facilitate a trial in the timeframe contemplated by the Court, Plaintiffs propose that the case be bifurcated for trial purposes.

Specifically, Plaintiffs propose that the first trial, which Plaintiffs suggest could begin during the week of November 16, 2026, or shortly thereafter if the Court permits, address Plaintiffs' Eighth Amendment claims and Administrative Procedure Act ("APA") claims relating to Defendants' transfer

of Plaintiffs from women's facilities to men's facilities (the "housing transfer claims") pursuant to Executive Order 14168, as well as Eighth Amendment claims and APA claims relating to the segregation of Plaintiffs in the SA-B Unit at FMC Carswell, assuming Plaintiffs' anticipated motion for leave to amend and supplement is granted. Plaintiffs anticipate that the first trial will significantly streamline or potentially negate the need for additional phases of litigation.

A second phase of trial, to be scheduled after the November trial if necessary, would address all other claims raised in the operative complaint and supplemental complaint with respect to transfer, segregation, and medical care.

This approach would allow the parties to focus their discovery and pre-trial preparation on the housing transfer and segregation claims and proceed to a November trial date without delay. Bifurcation is particularly appropriate here because the Court has already developed a substantial record on the housing transfer claims through multiple rounds of preliminary injunction briefing and hearings, and Plaintiffs' segregation claims are substantially related to the transfer claims..

## II. Plaintiffs' Proposal Regarding Scheduling a Rule 16 Conference

Plaintiffs further acknowledge the Court's intention to "promptly set a scheduling conference to set discovery deadlines and dates for pre-trial and trial." Doc. No. 216. Plaintiffs respectfully request that the Court schedule a Rule 16 scheduling conference during one of the following dates: September 16, 17, or 18, 2026, during the week of September 21, 2026, or earlier if the Court prefers. A conference during this window would give the parties sufficient time to confer and prepare a joint discovery plan while maintaining the pace necessary for a fall trial.

## III. Plaintiffs' Proposal Regarding a Joint Discovery Plan Under Rule 26(f)

Plaintiffs further respectfully request that the Court order the parties to submit a joint discovery plan pursuant to Rule 26(f) no later than 7 days before the scheduling conference. In the joint discovery plan, the parties would make proposals regarding deadlines for completion of fact discovery with

respect to claims to be tried in the first trial phase, including depositions, expert discovery, including expert depositions, and pre-trial submissions to the Court.

## IV. Plaintiffs' Proposal Regarding an Interim Scheduling Order

In advance of the Rule 16 conference, and considering the Court's desire to set a trial for October or November 2026[1], Plaintiffs respectfully request that the Court enter the following interim orders pursuant to its inherent authority and, with respect to discovery, pursuant to Rule 26(d)(1), to ensure that the case proceeds without delay:

- **Deadline to File Motion for Leave to Amend and Supplement the Complaint.** The Court's August 12 Order noted that "nothing in today's order prohibits Plaintiffs from seeking leave of court to amend their complaint and include the issues for which they are requesting relief". Plaintiffs propose a deadline of **Friday, September 4, 2026**, to file a motion for leave to file a supplemental and amended complaint, consistent with the Court's direction. Plaintiffs also intend to file a motion for a new preliminary injunction on the segregation claims in connection with their amended and supplemental pleading and believe this motion can proceed on a separate track from the trial preparation and need not delay the November trial schedule.
- **Briefing Schedule for Preliminary Injunction.** Plaintiffs propose filing their motion for preliminary injunction by **Friday, September 4, 2026**. Plaintiffs propose that Defendants file any opposition to the motion by **Wednesday, September 16, 2026**, with Plaintiffs' reply due on **Wednesday, September 23, 2026**.

[1] Defendants express an intention to file a motion for summary judgment. Plaintiffs believe any such motion can be disposed of without disrupting discovery or trial deadlines. If the Court is inclined to hear Defendants' summary judgment motion, Plaintiffs respectfully request that the Court provide Plaintiffs with time to consider whether they would file a cross-motion for summary judgment. In addition, Defendants wrongly claim Plaintiffs "failed to advance" the litigation for 17 months after filing their Complaint. In fact, Plaintiffs agreed to Defendants' request to stay the litigation when the preliminary injunction appeal was pending. Defendants also refused informal discovery requests from Plaintiffs during that stay.

- **Deadline to Respond to the Amended and Supplemental Pleading.** Pursuant to Fed. R. Civ. P. 15(d), Plaintiffs propose that Defendants be required to respond to any amended and supplemental pleading within **14 days** following any order granting Plaintiffs' motion for leave.
- **Interim Discovery Deadlines.** The parties have engaged in informal discovery and Plaintiffs also served initial formal discovery in the form of Requests for Production of Documents on August 20, 2026. Plaintiffs propose a deadline of **September 18, 2026**, for Defendants to respond to those requests. Plaintiffs further propose that Defendants be required to substantially complete their document productions with respect to those requests by the same date. Plaintiffs further propose that the parties serve any additional written discovery requests by **September 18, 2026**.

**<u>Defendants' Proposed Plan</u>**

The Court has indicated that it wants to move past the preliminary injunction stage and reach final judgment on the merits as expeditiously as possible. The Court suggested October or November 2026 as potential trial dates. It is undisputed that the parties are unable to attain final judgment by proceeding to trial in October or November. The parties disagree, however, about how to proceed in light of that impossibility. Plaintiffs propose that this case be "bifurcated for trial purposes," with an initial trial in mid-November and a "second phrase of trial" at some unidentified time in the future. Defendants respectfully disagree and explain why below.

An interest in proceeding to trial as expeditiously as possible should not come at the cost of efficiency, practicability, and common sense. Even assuming bifurcation of claims for trial were a reasonable proposition in the abstract—and it is not, given its inherent inefficiency and duplication of effort and resources—Plaintiffs' proposed bifurcated schedule is just as unworkable as would be proceeding to trial on all claims in 2026. To use just one example, Plaintiffs propose to include in the "first trial phase" in November a segregation claim relating to FMC Carswell that they *have not yet pled*

and will not plead until September 4, 2026—three weeks after the Court denied their FMC-Carswell segregation preliminary injunction, ECF No. 212, and six weeks after the Court put Plaintiffs on notice of the jurisdictional defect that was the basis of the denial, ECF No. 177.

The unworkability of Plaintiffs' proposal is also evident when one considers what would need to be accomplished to meet it, and in what timeframe. Namely, while litigating their forthcoming supplemental complaint (and now apparently *another* preliminary injunction also to be filed September 4), Plaintiffs want to simultaneously engage in "depositions, expert discovery, including expert depositions, and pre-trial submissions" on a segregation theory (that does not exist in the operative complaint) under the Eighth Amendment and APA, as well on their existing men's facility housing claims under those constitutional and statutory authorities—all in time for a November 16 trial. In a case of this significance, involving fourteen Plaintiffs, complicated constitutional issues, expert witnesses, and likely discovery disputes, Plaintiff's proposal is untenable and unnecessary on its face. Moreover, Plaintiffs' proposal fails to account for the defense team's unavailability (of which defense counsel previously informed Plaintiffs) for expedited discovery now, and a trial in November, because of overlapping expedited discovery and trial previously set by another judge in this District. The Court's reasonable interest in moving this case forward, after Plaintiffs failed to advance it in the 17 months since they filed their complaint, should not be misused as a vehicle to prevent Defendants from defending their case—which a trial in 2026 (bifurcated or otherwise) would unquestionably do.

Defendants have a much better plan that will efficiently distill this case to its viable claims, if any (at least some have been foreclosed by recent Supreme Court precedent, *see West Virginia v. B.P.J.*, 146 S. Ct. 2356 (2026)), and factual issues, if any, that need to be tried and thus satisfy this Court's expressed interest in proceeding to final judgment as expeditiously as possible: By September 4, 2026, Defendants will move for summary judgment and to dismiss all claims. As Defendants will explain in their motion, all of Plaintiffs' claims can be decided as a matter of law, without regard to any factual

disputes. If the Court grants Defendants' motion, the Court can enter final judgment and close this case. And even if it is not granted in full, at the very least, adjudication of Defendants' motion will allow the parties and the Court to isolate any disputed material facts and viable post-*B.P.J.* claims for the purposes of a single, streamlined round of discovery and trial, if necessary, within a reasonable timeframe thereafter that does not prejudice either party and that accounts for attorneys' availability.

Defendants accordingly propose that the Court order Plaintiffs to respond to Defendants' forthcoming dispositive motion by September 18, 2026, and Defendants to reply by September 25, 2026, at which time the motion will be ripe for adjudication. Also, Defendants propose that within 14 days after the Court adjudicates Defendants' motion, the parties submit a joint status report about any discovery that needs to be conducted (if appropriate) and a proposed trial date. In the meantime, Defendants should not be required to respond to Plaintiffs' early Rule 34 requests. *See* Fed R. Civ. P. 26(d)(2). Defendants' single-track plan is significantly more efficient than Plaintiffs' "bifurcated" approach that contemplates at least two rounds of discovery, motions practice, and trial.

Should the Court grant Plaintiffs' motion to supplement their pleading under Rule 15(d), which the government may oppose, Defendants propose that—immediately after their supplemental complaint is on file—Plaintiffs be ordered to show cause why their supplemental complaint should not be dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act. Only if the Court is satisfied that Plaintiffs have exhausted should the burden be placed on the government to respond to the supplemental complaint and any preliminary injunction motion that Plaintiffs pursue.[2] If the order to show cause is vacated upon a showing of exhaustion, Defendants

[2] As the Court may recall, even before Plaintiffs filed their motion for a preliminary injunction regarding the FMC-Carswell unit, the Court asked Plaintiffs for their position about the Court's jurisdiction. ECF No. 177. Plaintiffs responded, ECF No. 181, as did Defendants, ECF No. 184. Instead of waiting for the Court to rule on the jurisdictional issue, which was dispositive of the viability of their putative claims, Plaintiffs proceeded to move for a preliminary injunction on the very same

will respond to Plaintiffs' supplemental complaint within 14 days and preliminary injunction motion within 12 days, as Plaintiffs propose.

Dated: August 31, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MARIANNE F. KIES
Assistant Branch Director

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov

*Counsel for Defendants*

Jennifer L. Levi (Bar. No. MA0056)
Sarah Austin (admitted *pro hac vice*)
**GLBTQ LEGAL ADVOCATES & DEFENDERS**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

/s/ *Jennifer Fiorica Delgado*
Jennifer Fiorica Delgado (Bar. No. NY296)
Alexander Shalom (Bar No. 66195)
Natalie J. Kraner (Bar No. 66202)
Wayne Fang (admitted *pro hac vice*)
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, NY 10020
(862) 926-2029
(973) 422-6722
jdelgado@lowenstein.com
ashalom@lowenstein.com
nkraner@lowenstein.com
wfang@lowenstein.com

day that they filed their jurisdictional response, ECF No. 183. The Court then ordered Defendants to respond to the preliminary injunction motion, ECF No. 185, held a hearing, ECF No. 199, and ordered Defendants to further respond to Plaintiffs' 106 paragraph post-hearing proposed findings of fact and conclusions of law, ECF No. 202. The Court ultimately decided on August 12, 2026, that it did not have jurisdiction over the preliminary injunction, ECF No. 213, for the very same jurisdictional reasons raised almost a month prior, ECF No. 177. This time, the Court should not burden the government with motion practice and hearings until Plaintiffs satisfy their mandatory exhaustion prerequisite.

Christopher F. Stoll (admitted *pro hac vice*)
Amy Whelan (admitted *pro hac vice*)
**NATIONAL CENTER FOR LGBTQ RIGHTS**
1401 21st Street #11548
Sacramento, CA 95811
(415) 365-1320
cstoll@nclrights.org
awhelan@nclrights.org

Eve L. Hill (Bar No. 424896)
**BROWN GOLDSTEIN & LEVY, LLP**
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
(410) 962-1030
(410) 385-0869
ehill@browngold.com

*Pro Bono Counsel for Plaintiffs*