**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, *in his official capacity* as Acting Attorney General of the United States, et al.,<br><br>Defendants. | Case No. 1:25-cv-00286-RCL |
| JANE JONES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, *in his official capacity* as Acting Attorney General of the United States, et al.,<br><br>Defendants. | Case No. 1:25-cv-00401-RCL |
| MARIA MOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, *in his official capacity* as President of the United States, et al.,<br><br>Defendants. | Case No. 1:25-cv-00653-RCL |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

**THIS MATTER** having been opened to the Court by Lowenstein Sandler LLP, GLBTQ Legal Advocates & Defenders, National Center for LGBTQ Rights, and Brown Goldstein & Levy, counsel for Plaintiffs, by way of a motion for preliminary injunctive relief ("Plaintiffs' Motion"), and the Court having considered the accompanying papers and the record in the above-captioned matters; and

**WHEREAS**, Plaintiffs Emily Doe, Zoe Doe, Mary Doe, Carla Jones, Sara Doe, Maria Moe, Olivia Doe, and Amy Jones seek an order prohibiting Defendants from maintaining a segregated unit for transgender women based solely on their transgender status that was created specifically to separate transgender women in BOP facilities from non-transgender women;

**WHEREAS**, Plaintiffs seek to restore, maintain, and continue Plaintiffs Emily Doe, Zoe Doe, Mary Doe, Carla Jones, Sara Doe, Maria Moe, Olivia Doe, and Amy Jones's housing in general population in women's facilities, subject to generally applicable disciplinary or administrative rules in those facilities, consistent with the status quo before January 20, 2025; and

**WHEREAS**, based on the individualized findings set forth on the record and in the Court's accompanying memorandum opinion, Plaintiffs Emily Doe, Mary Doe, Olivia Doe, Sara Doe, Zoe Doe, Amy Jones, Carla Jones, and Maria Moe have established that: (i) they are likely to succeed on the merits of their claims; (ii) they are likely to suffer imminent and irreparable harm absent injunctive relief; (iii) the balance of equities favors Plaintiffs; and (iv) injunctive relief is in the public interest;

**IT IS** on this ____ day of ________ 2026, **ORDERED** that:

1. Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**;

2. Defendants and their officers, employees, servants, agents, appointees, and successors are enjoined from placing Plaintiffs in a dedicated unit or facility at [redacted].

3. Consistent with the *status quo* immediately before January 20, 2025, Defendants shall restore, maintain, and continue the housing status of Emily Doe, Zoe Doe, Mary Doe, Carla Jones, Sara Doe, Maria Moe, Olivia Doe, and Amy Jones in general population in women's facilities, subject to generally applicable disciplinary or administrative rules in those facilities.

4. Defendants shall file with the Court, within seven (7) days of the date of this Order, a report setting forth the status of their compliance with this Order.

As required by the Prison Litigation Reform Act, the Court finds that enjoining the housing of Emily Doe, Zoe Doe, Mary Doe, Carla Jones, Sara Doe, Maria Moe, Olivia Doe, and Amy Jones in a segregated unit for transgender women and ordering Defendants to restore and maintain Plaintiffs' housing status in general population in women's facilities, subject to generally applicable disciplinary or administrative rules in those facilities, is a narrowly drawn remedy that extends no further than necessary to correct the harm to Plaintiffs, and is the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). The dedicated unit where Plaintiffs Emily Doe, Zoe Doe, Mary Doe, Carla Jones, Sara Doe, Maria Moe, Olivia Doe, and Amy Jones are housed is already prohibited by existing federal regulations. An order clarifying that these Plaintiffs must be housed in general population, consistent with BOP's ordinary individualized designation process and mandatory statutes and regulations, merely directs Defendants to comply with existing policies, statutes, and regulations.

Plaintiffs have shown a likelihood of success on their claims that BOP's decision to place them into segregated housing violates the APA and the Eighth Amendment to the U.S. Constitution. Plaintiffs have also shown that such segregation has subjected or will subject them to irreparable harm and that a preliminary injunction prohibiting this unlawful action is necessary to correct that harm. Such relief is the least intrusive action the Court could take to ensure that Defendants comply with 28 C.F.R. § 115.42(g) and applicable constitutional requirements.

The Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by the preliminary relief and has given substantial weight to such impacts. Like the orders previously issued by this Court, the requested relief does not contemplate ongoing judicial supervision over Defendants' day-to-day management and operations of BOP facilities; it simply preserves Defendants' own prior determinations regarding Plaintiffs' housing, and requires compliance with binding statutes, regulations, and policies, for 90 days while this litigation proceeds. Maintaining that status quo for 90 days will have no adverse impact on public safety or on the operation of the criminal justice system. Nothing in this Order requires Defendants to violate, or relieves Defendants of their obligation to comply with, the preliminary injunction entered in *Fleming v. Rule*, No. 4:25-cv-00157-D (N.D. Tex.).

**ORDERED** this _____ day of __________, 2026.

______________________________
Hon. Royce Lamberth
United States District Judge