**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al.,<br><br>Defendants. | Case No. 1:25-cv-00286-RCL |
| JANE JONES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, et al.,<br><br>Defendants. | Case No. 1:25-cv-00401-RCL |
| MARIA MOE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 1:25-cv-00653-RCL |

**MOTION FOR EMERGENCY STATUS CONFERENCE**

Pursuant to Local Civil Rule 7 and the Court's inherent authority to manage its docket, Plaintiffs respectfully request an emergency status conference to address their pending motions to file a supplemental complaint and for a preliminary injunction, and any other case management issues the Court wishes to address. Defendants oppose this motion.

Plaintiffs are incarcerated transgender women who are litigating claims in this case for violations of the Eighth Amendment, the Administrative Procedure Act, and other federal laws. Since January 2025, Plaintiffs have sought and obtained preliminary injunctive relief from this Court to maintain their housing in women's facilities and their access to gender-affirming medical care.

In June 2026, Defendants created a segregated unit within a BOP women's facility to house only transgender women. Defendants subsequently moved additional Plaintiffs into that unit, over their objection. On July 17, 2026, Plaintiffs filed a motion to enforce this Court's preliminary injunction, arguing that the segregated unit violates this Court's orders and documenting the harms to Plaintiffs in that unit. (ECF Nos. 182 through 182-9 and 183 through 183-8.) After Defendants opposed that motion and Plaintiffs filed a reply, the Court held a hearing on July 29, 2026.

On August 12, 2026, this Court issued an Order denying Plaintiffs' Motion to Enforce on jurisdictional grounds but indicating that the Court would "expeditiously consider a new motion for preliminary injunction" if Plaintiffs filed a complaint expressly setting forth facts and claims related to the Segregation Decision. (ECF No. 212.) On September 3, 2026, Plaintiffs filed a motion to file an Amended Consolidated Complaint and Supplemental Complaint. (ECF No. 221.) The next day, September 4, 2026, Plaintiffs filed a motion for preliminary injunction again challenging the creation of the segregated unit and documenting the harms Plaintiffs are experiencing. (ECF Nos. 224 through 224-14.) On September 16, 2026, Defendants filed a Motion

for Clarification with the Court (ECF No. 229) arguing that the Court lacks jurisdiction to adjudicate the motion for preliminary injunction until it rules on Plaintiffs' motion to file a Supplemental Complaint and indicating that Defendants "intend to respond to the preliminary injunction motion within 7 days" after this Court grants leave to Plaintiffs to file a supplemental complaint, if any, or as "otherwise directed." (*Id.* at 2.). On September 18, 2026, the Court granted the motion to clarify. (ECF No. 232.)

Meanwhile, the danger to Plaintiffs is escalating as they remain in extended segregation, which is exacerbating their gender dysphoria and causing severe psychological harm. An emergency status conference is necessary to determine how the parties should proceed considering Plaintiffs' urgent issues and Defendants' position that the Court should delay full briefing on the motion for preliminary injunction until after the Court grants leave to file the supplemental complaint. The status conference is also necessary to address discovery in this case, including as to Plaintiffs' own correctional and medical records. Defendants take the position that civil discovery has not commenced and they are under no obligation to respond to Plaintiffs' pending Request for Production of Documents. Although Defendants previously produced Plaintiffs' full medical and correctional records as part of informal discovery, Defendants also now refuse to provide even those records to Plaintiffs' counsel, which is interfering with Plaintiffs' counsel's ability to fully represent their clients with respect to ongoing injunctive relief and the pending motion for a preliminary injunction related to the Segregated unit.

## CONCLUSION

Plaintiffs respectfully request that this Court hold an emergency status conference, in person or virtually, at its earliest convenience to address these issues and any ancillary matters the Court also wishes to address.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Alexander Shalom*
Alexander Shalom (Bar No. 66195)
Jennifer Fiorica Delgado (Bar. No. NY296)
Natalie J. Kraner (Bar No. 66202)
Wayne Fang (admitted *pro hac vice*)
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, NY 10020
(862) 926-2029
(973) 422-6722
jdelgado@lowenstein.com
ashalom@lowenstein.com
nkraner@lowenstein.com
wfang@lowenstein.com

Eve L. Hill (Bar No. 424896)
**BROWN GOLDSTEIN & LEVY, LLP**
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
(410) 962-1030
(410) 385-0869
ehill@browngold.com

Jennifer L. Levi (Bar. No. MA0056)
Sarah Austin (admitted *pro hac vice*)
**GLBTQ LEGAL ADVOCATES & DEFENDERS**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
saustin@glad.org

Christopher F. Stoll (admitted *pro hac vice*)
Amy Whelan (admitted *pro hac vice*)
**NATIONAL CENTER FOR LGBTQ RIGHTS**
1401 21st Street #11548
Sacramento, CA 95811
(415) 365-1320
cstoll@nclrights.org
awhelan@nclrights.org

*Pro Bono Counsel for Plaintiffs*