**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JANE DOE**, *et al.*,

*Plaintiffs*,

v.

**TODD BLANCHE**, *in his official capacity* as Acting Attorney General of the United States, *et al.*,

*Defendants.*

**Case No. 1:25-cv-286-RCL**
**Case No. 1:25-cv-401-RCL (consolidated)**
**Case No. 1:25-cv-653-RCL (consolidated)**

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' motion for leave to file a consolidated amended complaint and supplemental complaint, ECF No. 221, as well as Plaintiffs' motion for an emergency status conference, ECF No. 234. The Court assumes familiarity with the facts of this case but will briefly provide background for the instant order.

A. Background

This is a consolidated case consisting of actions brought by transgender female inmates who are challenging Defendants' implementation of Executive Order 14168, 90 Fed. Reg. 8615. Under this Court's order, Defendants are currently preliminarily enjoined from implementing Section 4(a) of EO 14168 against Plaintiffs and must maintain and continue their housing status in women's facilities.

In June and July of 2026, Defendants moved all incarcerated plaintiffs, who had previously been housed in varying female detention centers, to a segregated unit within FMC Carswell. On July 17, Plaintiffs challenged the creation and implementation of this segregated unit by filing a motion to enforce the existing preliminary injunction, or, in the alternative, to

enter new preliminary relief. ECF No. 183. The Court denied the motion on August 12, after hearing oral argument and taking additional briefings under consideration. ECF No. 213. In its August 12 order, the Court found that the creation of the segregated unit was outside of the plain scope of relief contemplated by the existing preliminary injunction, and that the Court lacked jurisdiction to enter a new injunction as the matter fell outside of the scope of the allegations in Plaintiffs' complaints. ECF No. 213 at 4-8.

Plaintiffs now seek leave to file an amended complaint condensing the complaints filed prior to consolidation into a single operative pleading, as well as a supplementary complaint addressing the creation of the segregated unit in FMC Carswell. ECF No. 221 at 4-5. Defendants consent to the filing of Plaintiffs' consolidated amended complaint, ECF No. 231, but strongly oppose granting leave to file Plaintiffs' supplemental complaint, arguing primarily that Plaintiffs' failure to exhaust their administrative remedies renders their supplement futile.

B. Legal Standard

Amended and supplemental pleadings are both governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(2) governs amended pleadings and states that, outside of the time allotted for amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Although some courts have merged the leave to amend and leave to supplement standards into a single inquiry, *see Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008); *Armstrong v. Bush,* 807 F. Supp. 816, 818–19 (D.D.C.1992), other courts have found that Rule 15(d) gives district courts "wider discretion to deny supplementation than leave to amend." *Organic Trade Ass'n v. United States Dep't of Agric.*, 834 F. Supp. 3d 1, 14 (D.D.C. 2026). Even those courts who find leave to supplement to be a stauncher standard, however, agree that it should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. C.I.A.*, 437 F.3d 94, 101 (D.C. Cir. 2006).

One commonly accepted reason for a district court to deny leave to amend or to supplement a complaint is futility. *Wildearth Guardians*, 592 F. Supp. 2d at 23 (The decision whether to grant leave to amend or supplement a complaint is within the discretion of the district court, but leave 'should be freely given unless there is a good reason, such as futility, to the contrary.'" (citing *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C.Cir.1996))). An amended or supplemental complaint is futile when "the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *Moldea v. New York Times,* 22 F.3d 310, 319 (D.C. Cir.), *cert. denied,* 513 U.S. 875 (1994).

"[U]nder the PLRA…inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 217 (2007). Instead, exhaustion is treated as an affirmative defense. *Id.* Accordingly, although failing to address exhaustion demonstrates an amendment or supplement's futility under many statutes, *see, e.g., Ponce v. Billington*, 652 F. Supp. 2d 71, 74 (D.D.C. 2009) (denying leave to amend a Title VII retaliation complaint on the

basis of futility due to a failure to exhaust), it does not evidence futility of amendment under the PLRA, because it would not support a motion to dismiss. *See Tucker v. Rubio*, No. CV 22-1854 (CKK), 2025 WL 689179, at *5 (D.D.C. Mar. 4, 2025); *Fowler v. Gov't of D.C.*, No. CV 18-634 (RDM), 2020 WL 569995, at *1 (D.D.C. Feb. 5, 2020). The only narrow exception that may present to this rule is if the facts giving rise to the affirmative defense of exhaustion "are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998); *Jones*, 549 U.S. at 215.

C. Discussion

As noted above, Defendants do not oppose the filing of Plaintiffs' consolidated amended complaint. ECF No. 231. Defendants' consent alone is sufficient to allow this amendment under Fed. R. Civ. Pro. 15(a)(2). As such, the court will grant Plaintiffs' motion for leave to file as to their amended complaint.

As to Plaintiffs' supplemental complaint, the sole argument that Defendants have presented in opposition to filing is that the supplemental complaint is futile under the PLRA due to Plaintiffs' failure to exhaust their administrative remedies. *See* ECF No. 225 at 3-7; ECF No. 230-1 at 2-6. Defendants fail to mention in that argument that a failure to exhaust is an affirmative defense under the PLRA rather than a pleading requirement, and instead obliquely argue that "the Court should not burden the government with motion practice and hearings until Plaintiffs established [sic] that they have satisfied the mandatory exhaustion prerequisite." ECF No. 225 at 7.

The Court declines to shift the burden of proof simply because Defendants have once again made a point to note that they feel hampered by litigating this case. *See* ECF No. 219, at 6; ECF

No. 235, at 3. The Court appreciates that exhaustion will likely be a substantial, perhaps insurmountable obstacle for Plaintiffs' supplemental claims. The Court also appreciates that both parties have dedicated significant time and effort to briefing the issue. However, Plaintiffs' supplemental complaint is pointedly silent on its face as to whether or not Plaintiffs have pursued administrative remedies. *See* ECF No. 225 at 3 ("The proposed supplemental complaint does not mention exhaustion or grievances."). As such, the Court cannot consider the affirmative defense of failure to exhaust under the PLRA at this stage, as it would be inappropriate for a motion to dismiss. *See Smith-Haynie*, 155 F.3d at 578; *Fowler*, 2020 WL 569995, at *1; *Tucker*, 2025 WL 689179, at *5.

Having dealt with the issue of futility, the Court sees no further reason why it should deny Plaintiffs leave to file their supplemental complaint. As Plaintiffs point out, the supplemental complaint involves the same parties as the instant case and is arguably connected to the same Executive Order. ECF No. 221 at 10; *see also Aftergood v. C.I.A.*, 225 F. Supp. 2d 27, 30 (D.D.C. 2002) ("[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading."). As such, judicial efficiency points towards allowing the matters in the supplemental complaint to be resolved in the instant action.

There is no doubt that the proceedings in the instant case will be delayed by this supplementation, however the Court finds little prejudice to Defendants through this delay, as they will still have a full and fair opportunity to litigate this matter. As the Court granted Defendants' motion to clarify, ECF No. 232, Defendants have had plenty of time in which to review Plaintiffs' accompanying motion for preliminary injunction. Defendants may, and certainly will, properly raise the issue of exhaustion there, as well as in any future answer or

motion for summary judgment. Accordingly, the Court will grant Plaintiffs' motion for leave to file in full.

Finally, the Court will deny Plaintiff's motion for an emergency status conference, ECF No. 234. As the Court is granting Plaintiffs' motion for leave to file, which was Plaintiffs' cited primary concern, the Court finds a status conference is no longer necessary. If Plaintiffs truly desire faster adjudication on their motions, the Court would encourage Plaintiffs to be clear and forthright in future filings about the administrative remedies that they have and have not pursued to date, to allow the issue of exhaustion to be squarely and promptly addressed.

In accordance with the above reasoning, it is hereby

**ORDERED** that Plaintiffs' motion for leave to file, ECF No. 221, be **GRANTED**. It is further

**ORDERED** that Plaintiffs' motion for emergency status conference, ECF No. 234, be **DENIED**.

**IT IS SO ORDERED.**

Date: 10-8-26

Royce C. Lamberth
United States District Judge